KIRAN S. LOPEZ (SBN 252467)
kirlopez@tesla.com
Tesla, INC.
901 Page Avenue
Fremont, California 94538
Telephone: (510) 239-1413

Attorneys for Defendants
TESLA, INC. and SUZIE HATZIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYMON FRANK, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>TESLA, INC., a corporation; SUZIE HATZIS, an individual; and DOES 1 through 49, inclusive,<br><br>                    Defendants. | Case No. 2:22-CV-01590<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**<br><br>Los Angeles County Superior Court Case No. 22STCV01712<br><br>*Complaint Filed: 1/14/2022*<br>*First Amended Complaint Filed: 2/15/2022* |

# **TABLE OF CONTENTS**

I.    PROCEDURAL BACKGROUND IN STATE COURT .........................................1

II.   TIMELINESS OF REMOVAL .................................................................2

III.  THIS COURT HAS DIVERSITY JURISDICTION OVER THIS CASE ..............2

      A.    There Is Complete Diversity Of Citizenship In This Case ...........................3

            1.    Plaintiff Is A Citizen Of California.........................................3

            2.    Tesla Is Not A Citizen Of California ........................................3

            3.    Suzie Hatzis Was Fraudulently Joined To Destroy Diversity .............4

                  i.    Plaintiff Cannot Sustain Any Causes Of Action Against
                        Hatzis For Fraud .........................................................6

                  ii.   Plaintiff Cannot Sustain A Cause Of Action Against Hatzis For
                        Fraud-Negligent Misrepresentation...........................8

                  iii.  Plaintiff Cannot Sustain A Cause Of Action Against
                        Hatzis For Fraud-Concealment...................................9

            4.    Doe Defendants Should Be Disregarded .........................................10

      B.    The Amount In Controversy Requirement Has Been Met...........................10

            1.    Standard To Demonstrate Amount In Controversy .........................10

            2.    Plaintiff's Alleged Loss Of Earnings Exceeds $75,000 ..................111

            3.    General And Punitive Damages Exceed $75,000............................111

            4.    Verdicts In Cases With Similar Claims Exceed $75,000 ................122

IV.   VENUE................................................................................................13

V.    SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE
      CLERK OF THE SUPERIOR COURT ...............................................................133

VI.   PRAYER FOR REMOVAL .......................................................................133

i

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Calero v. Unisys Corp.*,
  271 F. Supp.2d 1172 (N.D. Cal. 2003)...................................................................5

*Cavallini v. State Farm Mutual Auto Ins. Co.*,
  44 F.3d 256 (5th Cir. 1995) ......................................................................................5

*Conrad Assocs. v. Hartford Accident & Ind. Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998)......................................................................10

*Davenport v. Mutual Benefit Health & Accident Ass'n.*,
  325 F.2d 785 (9th Cir. 1963) ..........................................................................10, 12

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) ...........................................................................4, 6

*Denenberg v. Cal. Dep't of Transp.*,
  2007 WL 2827715, Case No. GIC836582
  (San Diego County Sup. Ct. Sept. 14, 2006)........................................................12

*In re Digimarc Corp. Derivative Litig.*,
  549 F.3d 1223 (9th Cir. 2008) .................................................................................3

*Ellenburg v. Spartan Motos Chassis, Inc.*,
  519 F.3d 192 (4th Cir. 2008) ..................................................................................2

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
  545 U.S. 546 (2005).................................................................................................3

*Fristos v. Reynolds Metals Co.*,
  615 F.2d 1209 (9th Cir. 1980) ..............................................................................10

*Gallegos v. Los Angeles City College*,
  2003 WL 23336379, Case No. SC270424
  (Los Angeles County Sup. Ct. Oct. 16, 2003) ......................................................12

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) ..............................................................................10

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

*Guglielmino v. McKee Foods Corp.*,
    506 F.3d 696 (9th Cir. 2007) ...................................................................... 10

*The Hertz Corp. v. Friend*,
    559 U.S. 77 (2010).......................................................................................... 4

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ........................................................................ 3

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) .................................................................. 3, 4

*Kroske v. U.S. Bank Corp.*,
    432 F.3d 976 (9th Cir. 2005) ...................................................................... 12

*McCabe v. General Foods Corp.*,
    811 F.2d 1336 (9th Cir. 1987) ...................................................................... 5

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ...................................................................... 5

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    119 S. Ct. 1322 (1999)................................................................................... 2

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996) ...................................................................... 10

*Simmons v. PCR Tech.*,
    209 F. Supp. 2d 1029 (N.D. Cal. 2002) ..................................................... 12

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ........................................................................ 3

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) .................................................................... 10

**State Cases**

*Borman v. Brown*,
    59 Cal.App.5th 1048 (2021) .......................................................................... 8

*Boschma v. Home Loan Center, Inc.*,
    198 Cal.App.4th 230 (2011) .......................................................................... 9

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

*Burch v. CertainTeed Corp.*,
    34 Cal. App. 5th 341 (2019) ........................................................................... 7

*Eddy v. Sharp*,
    199 Cal.App.3d 858 (1988) ...................................................................... 6, 9

*Goodman v. Kennedy*,
    18 Cal.3d 335 (1976) ..................................................................................... 7

*Hale v. George A. Hormel & Co.*,
    48 Cal.App.3d 73 (1975) ............................................................................... 6

*Hernandez v. Regents of the Univ. of Cal.*,
    Alameda County Sup. Ct., Case No. RG06272564 (June 29, 2010) ........... 12

*Kamali v. Cal. Dep't of Transp.*,
    Los Angeles Sup. Ct., Case No. BC426247 (Dec. 20, 2012) ..................... 12

*Ko v. The Square Group LLC dba The Square Supermarket*,
    Los Angeles Sup. Ct., Case No. BC487739 (June 16, 2014) ..................... 12

*LiMandri v. Judkins*,
    52 Cal. App. 4th 326 (1997) ..................................................................... 7, 8

*RSB Vineyards, LLC v. Orsii*,
    15 Cal.App.5th 1089 (2017) ......................................................................... 8

*SI 59 LLC v. Variel Warner Ventures, LLC*,
    29 Cal.App.5th 146 (2018) ...................................................................... 8, 9

*Warner Constr. Corp. v. City of Los Angeles*,
    2 Cal.3d 285 (1970) ...................................................................................... 7

*Weirum v. RKO General Inc.*,
    15 Cal.3d 40 (1975) ...................................................................................... 6

**Federal Statutes**

18 U.S.C. § 1332 ................................................................................................ 1

28 U.S.C. § 84(c)(2) ........................................................................................ 13

28 U.S.C. § 133 ........................................................................................................ 10

28 U.S.C. § 1332 .................................................................................................... 1, 2

28 U.S.C. § 1332(a) ................................................................................................ 13

28 U.S.C. § 1332(c) ................................................................................................ 10

28 U.S.C. § 1332(c)(1) .............................................................................................. 4

28 U.S.C. § 1441 ................................................................................................. 1, 13

28 U.S.C. § 1441(a) .......................................................................................... 10, 13

28 U.S.C. § 1441(b) ................................................................................................ 13

28 U.S.C. § 1446 ................................................................................................. 1, 13

28 U.S.C. § 1446(b) .................................................................................................. 2

28 U.S.C. § 1446(d) ................................................................................................ 13

**State Statutes**

Cal. Civil Code § 1572 ......................................................................................... 7, 8

Cal. Govt. Code § 12940 .......................................................................................... 1

Labor Code § 201 ..................................................................................................... 1

Labor Code § 970 ..................................................................................................... 1

Labor Code § 1194 ................................................................................................... 1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Tesla, Inc. ("Tesla" or "Defendant") hereby removes the above-referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. §§1441 and 1446, asserting diversity jurisdiction under 18 U.S.C. §1332, codified in relevant part at 28 U.S.C. §1332. Tesla states that removal is proper for the following reasons.

## I.    PROCEDURAL BACKGROUND IN STATE COURT

On January 14, 2022, Plaintiff Naymon Frank ("Plaintiff") filed a Complaint entitled, "*NAYMON FRANK, Plaintiff v. TESLA, INC., a corporation; and DOES 1 through 50, inclusive, Defendants*", Los Angeles County Superior Court Case No. 22STCV01712 (the "Complaint"). The Complaint alleged fourteen causes of action for: (1) Constructive Discharge; (2) Harassment in Violation of FEHA, Government Code Section 12940, *et seq*.; (3) Discrimination in Violation of FEHA, Government Code Section 12940, *et seq*.; (4) Failure to Remedy and/or Prevent Discrimination and Harassment under FEHA, Government Code Section 12940, *et seq*.; (5) Violation of Labor Code Section 1194, *et seq*.; (6) Fraudulent Inducement in Violation of Labor Code Section 970; (7) Intentional Infliction of Emotional Distress; (8) Failure to Provide Meal Breaks; (9) Failure to Provide Rest Breaks; (10) Wrongful Failure to Promote in Violation of FEHA, Government Code Section 12940, *et seq*.; (11) Fraud-Negligent Misrepresentation; (12) Fraud-Concealment; (13) Promissory Fraud; and (14) Violation of Labor Code 201. A true and correct copy of the Complaint is attached hereto as **Exhibit 1.**

On February 7, 2022 Tesla was served with copies of the Summons, Civil Case Cover Sheet, and Complaint through its agent for service of process, CT Corporation, in New York, New York. *See* concurrently filed Declaration of Kiran S. Lopez ("Lopez Decl.") at ¶2 and Exhibit A (service package).

On February 15, 2022, Plaintiff filed a First Amended Complaint entitled,

---

"*NAYMON FRANK, Plaintiff v. TESLA, INC., a corporation; SUZIE HATZIS, an individual; and DOES 1 through 49, inclusive, Defendants*," Los Angeles County Superior Court Case No. 22STCV01712 (the "FAC"). The FAC alleged the same fourteen causes of action as the Complaint. Only Plaintiff's Eleventh Cause of Action for Fraud-Negligent Misrepresentation and Twelfth Cause of Action for Fraud-Concealment were alleged against the newly added individual defendant Suzie Hatzis ("Hatzis"). All causes of action remained alleged against Tesla. A true and correct copy of the FAC is attached hereto as **Exhibit 2.**

Tesla was served with the FAC by electronic service on February 15, 2022. Lopez Decl. at ¶3 and Exhibit B (email serving FAC).

Exhibits 1 and 2 attached hereto and Exhibits A and B to the concurrently filed Lopez Declaration constitute all of the pleadings served on Tesla and/or filed by Tesla in the Los Angeles County Superior Court prior to filing of this Notice of Removal. Lopez Decl. at ¶4. A Case Management Conference has not been scheduled. *Id.*

## II.    TIMELINESS OF REMOVAL

This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of service of the Complaint on Tesla, the moving Defendant. 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 119 S. Ct. 1322, 1325 (thirty-day deadline to remove commences upon service of the summons and complaint).

## III.   THIS COURT HAS DIVERSITY JURISDICTION OVER THIS CASE

Subject matter jurisdiction on the basis of diversity of citizenship requires that: (1) there is complete diversity of citizenship between plaintiff and defendants; and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332. A Notice of Removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332 …" *Ellenburg v. Spartan Motos Chassis, Inc.* (4th Cir. 2008) 519 F.3d 192, 200 (internal quotes and brackets omitted).

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

### A.    <u>There Is Complete Diversity Of Citizenship In This Case</u>

The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.* (2005) 545 U.S. 546, 553. A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.* (9th Cir. 2008) 549 F.3d 1223, 1236 ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought."). In the present case, the parties had complete diversity of citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from Tesla's and Hatzis is a sham defendant.

#### 1.    *Plaintiff Is A Citizen Of California*

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*. (9th Cir. 1983) 704 F.2d 1088, 1090 ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). A person's domicile is the place he resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co*. (9th Cir. 2001) 265 F.3d 853, 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520 ("the place of residence is *prima facie* the domicile").

Plaintiff alleges that he "was an individual working at various locations in California (including Los Angeles) at the time of the actions alleged herein." FAC at ¶1. Based on Tesla's records, the only home address listed for Plaintiff was in Carlsbad, California. *See* concurrently filed Declaration of Allie Arebalo ("Arebalo Decl.") at ¶3. Therefore, Tesla is informed and believes that at all relevant times for the purposes of this removal, Plaintiff is and has been a citizen of the State of California.

#### 2.    *Tesla Is Not A Citizen Of California*

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a

citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.* (9th Cir. 2009) 557 F.3d 1026, 1028 (citing 28 U.S.C. § 1332(c)(1)).

The Supreme Court of the United States in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination,** *i.e.*, **the "nerve center"** ....

(2010) 559 U.S. 77, 92-93 (emphasis added).

Tesla is now, and was at the time of the filing of this action, a corporation organized and formed under the laws of the State of Delaware, with its principal place of business and headquarters in Austin, Texas.[1] Therefore, at all times since Plaintiff commenced this lawsuit, Tesla is and has been a citizen of a state other than California within the meaning of 28 U.S.C. §1332(c)(1). At all relevant times, Tesla is and has been a citizen of the States of Delaware and Texas.

### 3.    *Suzie Hatzis Was Fraudulently Joined To Destroy Diversity*

As noted above, for diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor*, 704 F.2d at 1090. Plaintiff alleges that Hatzis "is an individual living in Orange County, in California." FAC at ¶2. Based on Tesla's records, the only home address listed for Hatzis was in Tustin, California. Arebalo Decl. at ¶4. Therefore, superficially it would appear that because both Plaintiff and Hatzis are citizens

---

[1] Tesla's Form 10-K for the fiscal year ended December 21, 2021, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists Delaware as Tesla's State of Incorporation and 13101 Tesla Road, Austin, Texas as Tesla's principal executive offices: https://www.sec.gov/Archives/edgar/data/1318605/000095017022000796/tsla-20211231.htm.

DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL

of California that there is no diversity of citizenship in this matter. Not so. Plaintiff fraudulently joined Hatzis in this lawsuit and because she is a sham defendant Hatzis' citizenship does not impact diversity jurisdiction in this case.

A non-diverse defendant named in a state court action is disregarded for diversity jurisdiction purposes if the Court determines that the defendant's joinder is a "sham" or "fraudulent" in that no valid cause of action has been stated against that defendant. *Morris v. Princess Cruises, Inc.* (9th Cir. 2001) 236 F.3d 1061, 1067. Thus, if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.* (9th Cir. 1987) 811 F.2d 1336, 1339; *Calero v. Unisys Corp.* (N.D. Cal. 2003) 271 F. Supp.2d 1172, 1176 (joinder is fraudulent if the plaintiff cannot establish a cause of action against the non-diverse defendant). A defendant is entitled to present facts that prove fraudulent joinder. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001) (citing *McCabe,* 811 F.2d at 1339). The Court may also consider summary judgment-type evidence, such as affidavits and deposition testimony. *Id.* at 1068 (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.* (5th Cir. 1995) 44 F.3d 256, 293).

Here, Plaintiff alleges his Eleventh Cause of Action for Fraud-Negligent Misrepresentation and Twelfth Cause of Action for Fraud-Concealment against Hatzis, but offers <u>no evidence</u> in support of his claims and *made no changes vis-à-vis Hatzis when the Complaint and FAC are compared*.[2] Indeed, the only mention of Hatzis related to Plaintiff's claims of fraud are as follows:

> … FRANK told Holt on December 14, 2019, that he had been selected to appear in the Audi commercial, and Holt told Frank that she had cleared FRANK's appearing in the Audi e-tron commercial with SUZIE HATZIS (Regional Manager) the same day. Holt specifically gave FRANK the days off that FRANK needed to shoot the Audi e-tron commercial … Not only was FRANK given the days off for the commercial shoot, but Hatzis announced to the entire leadership team at the Carlsbad, California TESLA location that FRANK would be appearing in the Audi e-tron commercial and "wasn't that cool."

---

[2] The only change of circumstance that led to the FAC and the inclusion of Hatzis was Plaintiff learning that Tesla intended to remove this case and then move to compel arbitration. Lopez Decl. at ¶5.

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

> The Audi e-tron commercial aired during the Super Bowl on January 31, 2020. On February 1, 2020 … Isabella Merrick called FRANK and told him that Suzie Hatzis had been fired and that she (Merrick) was offering FRANK the opportunity to resign …[3]

FAC at ¶¶16-17.

Not only does Plaintiff fail to allege any facts that would support fraud-related causes of action against Hatzis, but *he admits that Hatzis' own employment was terminated as a result of Plaintiff appearing in the Audi e-tron commercial. Id.* Plaintiff's last-minute inclusion of Hatzis in this action defies both logic and common sense, and was clearly done solely to fraudulently destroy diversity jurisdiction and, effectively, forum shop.

In sum, Plaintiff fraudulently joined Hatzis as he does not, and cannot based on the allegations in the FAC, state any viable claim against Hatzis.

### i.     Plaintiff Cannot Sustain Any Causes Of Action Against Hatzis For Fraud

Both Plaintiff's Eleventh Cause of Action for Fraud-Negligent Misrepresentation and Twelfth Cause of Action for Fraud-Concealment against Hatzis fail at the outset because both require Hatzis to have owed Plaintiff a legal duty – here, no such duty existed. *Eddy v. Sharp* (1988) 199 Cal.App.3d 858, 864, citing *Hale v. George A. Hormel & Co.* (1975) 48 Cal.App.3d 73, 86 and *Weirum v. RKO General Inc.* (1975) 15 Cal.3d 40 ("As is true of negligence, responsibility for negligent misrepresentation rests upon the existence of a legal duty, imposed by contract, statute or otherwise, owed by a defendant to the injured person. The determination of whether a duty exists is primarily a question of law."); *see also Davis v. HSBC Bank Nevada, N.A.* (9th Cir. 2012) 691 F.3d 1152, 1163 (A claim for fraudulent concealment requires that the defendant concealed or suppressed a material fact while having a duty to disclose the fact to the plaintiff.) (internal quotations and citations omitted). That duty arises under four circumstances:

---

[3] Plaintiff mentions Hatzis in relation to his claim for FEHA hostile work environment; however, that cause of action has not been alleged against Hatzis and accordingly does not impact the sham defendant analysis. FAC at ¶20.

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

(1) when the defendant is in a fiduciary relationship with the plaintiff;

(2) when the defendant had exclusive knowledge of material facts not known to the plaintiff;

(3) when the defendant actively conceals a material fact from the plaintiff; and

(4) when the defendant makes partial representations but also suppresses some material facts.

*Burch v. CertainTeed Corp.* (2019) 34 Cal. App. 5th 341, 349 (internal quotation marks and citations omitted). Clearly, there was no fiduciary relationship between Plaintiff and Hatzis, nor has Plaintiff alleged that such relationship existed. The latter three circumstances require "the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise." *Id.* "This relationship has been described as a transaction, such as that between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual arrangement." *Id.* <u>None of these circumstances apply in the instant case</u>.

While a duty to disclose *may* arise outside of a fiduciary relationship if the defendant had exclusive knowledge of material facts, actively conceals a material fact, or suppresses some material facts (*CertainTeed*, 34 Cal. App. 5th at 349), ***and*** the parties have a relationship "as a result of some sort of transaction between the parties" (*LiMandri v. Judkins* (1997) 52 Cal. App. 4th 326, 336–37), Plaintiff has not met and cannot meet this critical qualifier. "As a matter of common sense, such a relationship can only come into being as a result of some sort of *transaction* between the parties." *Id.*; *see also Warner Constr. Corp. v. City of Los Angeles* (1970) 2 Cal.3d 285, 294 ("In *transactions* which do not involve fiduciary or confidential relations, a cause of action for non-disclosure of material facts may arise in at least three instances" (italics added)); *see also Goodman v. Kennedy* (1976) 18 Cal.3d 335, 347 ("duty of disclosure ... may exist when one *party to a transaction* has sole knowledge or access to material facts and knows that such facts are not known to ... *the other party"* (italics added)). Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

patient, or parties entering into any kind of contractual agreement. Cal. Civ. Code §1572, subd. 3. All of these relationships are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances. *LiMandri,* 52 Cal. App. 4th at 336–37.

The fundamental problem with Plaintiff's fraud claims against Hatzis is that he alleges no such transaction or relationship with Hatzis that would give rise to a duty to disclose. It is noteworthy that California Civil Code Section 1572, one of two California statutes codifying the elements of a fraud cause of action, applies only to fraud "committed by a party to the c*ontract ...* with intent to deceive another party thereto, or to induce him to enter into the contract." *LiMandri v. Judkins*, 52 Cal. App. 4th at 337. Clearly, the fraud allegations in Plaintiff's complaint do not fall within the purview of Section 1572, as they establish no contractual or precontractual relationship between Plaintiff and Hatzis.

### ii.    Plaintiff Cannot Sustain A Cause Of Action Against Hatzis For Fraud-Negligent Misrepresentation

To prove a claim of negligent misrepresentation against Hatzis, Plaintiff would have to prove, among other things, that (1) Hatzis represented to Plaintiff that a fact was true; (2) Hatzis had no reasonable grounds for believing the representation was true when she made it; and (3) Hatzis intended that Plaintiff reasonably rely on this representation. *SI 59 LLC v. Variel Warner Ventures, LLC* (2018) 29 Cal.App.5th 146, 154 ("Negligent misrepresentation requires an assertion of fact, falsity of that assertion, and the tortfeasor's lack of reasonable grounds for believing the assertion to be true. It also requires the tortfeasor's intent to induce reliance, justifiable reliance by the person to whom the false assertion of fact was made, and damages to that person. An implied assertion of fact is 'not enough' to support liability."); *see also Borman v. Brown* (2021) 59 Cal.App.5th 1048, 1061 ("In our view, and to clarify, the proper formulation of the elements is that negligent misrepresentation *does* require proof of 'intent to induce another's reliance on the fact misrepresented'.") (original italics, internal citation omitted.); *see also RSB Vineyards, LLC v. Orsi* (2017) 15 Cal.App.5th 1089, 1102 ("[A] cause of action for misrepresentation

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

requires an affirmative statement, not an implied assertion." (internal citations omitted.));
*see also Eddy,* 199 Cal.App.3d at 864 ("As is true of negligence, responsibility for
negligent misrepresentation rests upon the existence of a legal duty, imposed by contract,
statute or otherwise, owed by a defendant to the injured person. The determination of
whether a duty exists is primarily a question of law.").

Plaintiff's claim fails. First, Plaintiff alleges that **<u>Holt</u>**, *not Hatzis,* "had cleared
FRANK's appearing in the Audi e-tron commercial with [HATZIS]." FAC at ¶16.
<u>Nowhere in the FAC does Plaintiff allege that he directly communicated with Hatzis</u>
<u>regarding his appearance in the commercial in any capacity</u>. Plaintiff only proffers the
allegation that, "…HATZIS announced to the entire leadership team … that FRANK would
be appearing in the Audi e-tron commercial and 'wasn't that cool.'" *Id*. Plaintiff's failure
to even allege that Hatzis represented to him that a fact was true dooms his claim at the
outset. *SI 59 LLC,* 29 Cal.App.5th at 154.

### iii.    Plaintiff Cannot Sustain A Cause Of Action Against Hatzis For Fraud-Concealment

"[T]he elements of an action for fraud and deceit based on a concealment are:

(1) the defendant must have concealed or suppressed a material fact,

(2) the defendant must have been under a duty to disclose the fact to the plaintiff,

(3) the defendant must have intentionally concealed or suppressed the fact with the
intent to defraud the plaintiff,

(4) the plaintiff must have been unaware of the fact and would not have acted as he
did if he had known of the concealed or suppressed fact, and

(5) as a result of the concealment or suppression of the fact, the plaintiff must have
sustained damage."

*Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4th 230, 248.

Here, Plaintiff's claim fails at the outset. As discussed above, Plaintiff's claim
against Hatzis hangs on his assumption that she somehow knew his employment would be
terminated if he appeared in the Audi e-tron commercial and his unsupported allegation

9

1  that she intentionally concealed that information from him. First, it is simply uncredible

2  that Hatzis had any knowledge whatsoever regarding the consequences for Plaintiff's

3  appearance in the commercial as *Hatzis' own employment was terminated as a result*. FAC

4  at ¶¶17. Second, as discussed in detail above, Hatzis owed no legal duty to disclose to

5  Plaintiff. Accordingly, Plaintiff's claim fails.

### 4.    *Doe Defendants Should Be Disregarded*

7  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants

8  should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C.

9  §133; *Fristos v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d 1209, 1213 (unnamed

10  defendants are not required to join in a removal petition). Thus, the existence of Doe

11  defendants in this case does not deprive this Court of jurisdiction. Accordingly, pursuant

12  to 28 U.S.C. §1332(c), Plaintiff and the real Defendant, Tesla, have diverse citizenship.

### B.    The Amount In Controversy Requirement Has Been Met

### 1.    *Standard To Demonstrate Amount In Controversy*

15  While Tesla denies any liability as to Plaintiff's claims, the amount in controversy

16  requirement is satisfied because "it is more likely than not" that the amount exceeds the

17  jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.* (9th Cir. 1996)

18  102 F.3d 398, 403-404) ("the defendant must provide evidence establishing that it is 'more

19  likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal

20  citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry

21  in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins.*

22  *Co.* (9th Cir. 2004) 372 F.3d 1115, 1117 (finding that the Court may consider facts

23  presented in the removal petition). In determining the amount in controversy, the Court

24  must consider the aggregate of general damages, special damages, compensatory damages,

25  punitive damages and attorneys' fees where recoverable by law. *See Guglielmino v. McKee*

26  *Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 700 ("Section 1332(a)'s amount-in-controversy

27  requirement excludes only 'interest and costs.'"); *see also Galt G/S v. JSS Scandinavia* (9th

28  Cir. 1998) 142 F.3d 1150, 1156 (claims for statutory attorneys' fees to be included in

amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*. (9th Cir. 1963) 325 F.2d 785, 787 (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Ind. Co.* (N.D. Cal. 1998) 994 F. Supp. 1196, 1198 ("amount in controversy" includes claims for general and special damages).

In the FAC, Plaintiff requests (1) compensatory damages; (2) special damages; (3) consequential damages; (4) incidental damages; (5) prejudgment interest; (6) costs of suit and attorneys' fees; and (7) punitive damages. FAC at Prayer for Relief, 21:9-17. In light of the expansive categories of damages sought by Plaintiff, the amount in controversy in this action is more likely than not to exceed the $75,000 jurisdictional minimum.

### 2.   *Plaintiff's Alleged Loss Of Earnings Exceeds $75,000*

Plaintiff is seeking alleged loss of income and loss of stock benefits. *Id*. at ¶29. On January 30, 2020, Plaintiff voluntarily resigned from his employment with Tesla in lieu of receiving a Performance Improvement Plan. Arebalo Decl. at ¶3. Plaintiff's last rate of pay with Tesla was $76,250.00 per year, or approximately $6,354 per month. *Id*.

Based upon Plaintiff's separation date of January 30, 2020, Plaintiff's claim for lost wages to date is approximately $158,850 through the present ($6,354 per month x 25 months). Moreover, conservatively estimating an arbitration hearing date in late January 2023, approximately 12 months after the Complaint was filed, approximately 36 months will have elapsed since Plaintiff's termination, totaling approximately $228,744 in alleged lost wages alone by the time of trial ($6,354 per month x 36 months).

This amount does not account for the other special damages Plaintiff seeks, such as losses in employment and stock benefits, which will further increase the claim for special damages.

### 3.   *General And Punitive Damages Exceed $75,000*

Although Tesla denies that it should be liable for any damages whatsoever in this case, assuming *arguendo* for the purposes of removal that Plaintiff wins an arbitration award, Plaintiff is also seeking general damages, as well as punitive damages. Complaint

at Prayer for Relief, 21:9-17. Plaintiff alleges he "has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and severe emotional distress." *Id*. at ¶28. Assuming Plaintiff seeks emotional distress damages at least equal to his claimed economic damages, the estimated calculation of the amount in controversy doubles to $457,499 *before* considering the amount of attorneys' fees incurred through trial[4] or any award of punitive damages.[5]

### 4.    *Verdicts In Cases With Similar Claims Exceed $75,000*

To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech*. (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1033; *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980. California jury verdicts in cases involving claims similar to Plaintiff's often exceed $75,000. *See, e.g*., *Ko v. The Square Group LLC dba The Square Supermarket* (June 16, 2014) Los Angeles Sup. Ct., Case No. BC487739 ($190,712.36 verdict on plaintiff's claims for discrimination, retaliation, wrongful termination in violation of public policy, and wage and hour claims and $500,000 in punitive damages); *Kamali v. Cal. Dep't of Transp*. (Dec. 20, 2012) Los Angeles Sup. Ct., Case No. BC426247 (verdict for $663,983 on plaintiff's claims for national origin and disability discrimination); *Hernandez v. Regents of the Univ. of Cal.* (June 29, 2010) Alameda County Sup. Ct., Case No. RG06272564 (verdict for $266,347 on disability discrimination, national origin discrimination, and retaliation claims).

---

[4] Plaintiff also seeks attorneys' fees. Verdicts in comparable cases show that attorneys' fees typically exceed $75,000.00. *See Denenberg v. Cal. Dep't of Transp*. (San Diego County Sup. Ct. Sept. 14, 2006) 2007 WL 2827715 (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *Gallegos v. Los Angeles City College* (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation). Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy in this matter exceeds $75,000.00.

[5] Plaintiff also seeks to recover punitive damages. Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport,* 325 F.2d at 787. The amount of punitive damages awarded is based on the financial worth of the defendant, and is meant to punish the defendant in such a way that it will have a tangible financial consequence. Without conceding that punitive damages are appropriate or applicable here, for a defendant of Tesla's size, it is probable that a punitive damages award, if assessed, would exceed $75,000.00.

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

Because Plaintiff's allegations that he was harassed, discriminated against, and wrongfully terminated based upon his race are similar to the claims and issues raised in the cases cited above, these awards demonstrate that, for diversity purposes, it is probable that any verdict in this matter in Plaintiff's favor would award damages exceeding $75,000.

Consequently, because there is complete diversity of citizenship and the amount in controversy clearly exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332(a) and 1441(b).

**IV.    VENUE**

Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§84(c)(2), 1441, and 1446. This action originally was brought in the Superior Court of the State of California, Los Angeles County, which is located within the Central District of California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

**V.    SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT**

Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and his counsel, and together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, Los Angeles County.

**VI.    PRAYER FOR REMOVAL**

WHEREFORE, Tesla prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: March 9, 2022                Respectfully submitted,

TESLA, INC.

By: */s/ Kiran S. Lopez*
Kiran S. Lopez
Attorney for Defendants TESLA, INC.
and SUZIE HATZIS

# EXHIBIT

# 1

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2022 02:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV01712

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Fruin

1   BOHM WILDISH & MATSEN, LLP
    JAMES G. BOHM (SBN 132430)
2   JOANNE P. FREEMAN (SBN 140137)
    695 Town Center Drive, Suite 700
3   Costa Mesa, CA  92626
    Telephone Number:  714-384-6500
4   Facsimile Number:  714-384-6501     .

5
    Attorneys for Plaintiff NAYMON FRANK, an individual
6

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8            **COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION**

9

10  NAYMON FRANK, an individual,          )  CASE NO. 22STCV01712
                                          )  **COMPLAINT FOR:**
11            Plaintiffs,                 )  **(1) CONSTRUCTIVE DISCHARGE;**
                                          )  **(2) HARASSMENT IN VIOLATION OF**
12      v.                                )  **FEHA, GOVERNMENT CODE SECTION**
                                          )  **12940 ET SEQ.;**
13  TESLA, INC., a corporation; and DOES 1 )  **(3) DISCRIMINATION IN VIOLATION OF**
14  through 50, inclusive                 )  **FEHA, GOVERNMENT CODE SECTION**
                                          )  **12940 ET SEQ.;**
15            Defendants                  )  **(4) FAILURE TO REMEDY AND/OR**
                                          )  **PREVENT DISCRIMINATION AND**
16                                        )  **HARASSMENT UNDER FEHA,**
                                          )  **GOVERNMENT CODE SECTION 12940 ET**
17                                        )  **SEQ;**
                                          )  **(5) VIOLATION OF LABOR CODE**
18                                        )  **SECTION 1194 ET SEQ.**
                                          )  **(6) FRAUDULENT INDUCEMENT IN**
19                                        )  **VIOLATION OF LABOR CODE SECTION**
                                          )  **970;**
20                                        )  **(7) INTENTIONAL INFLICTION OF**
                                          )  **EMOTIONAL DISTRESS;**
21                                        )  **(8) FAILURE TO PROVIDE MEAL**
                                          )  **BREAKS;**
22                                        )  **(9)  FAILURE TO PROVIDE REST**
                                          )  **BREAKS;**
23                                        )  **(10) WRONGFUL FAILURE TO**
                                          )  **PROMOTE IN VIOLATION OF FEHA,**
24                                        )  **GOVERNMENT CODE SECTION 12940 ET**
                                          )  **SEQ.;**
25                                        )  **(11) FRAUD – NEGLIGENT**
                                          )  **MISREPRESENTATION;**
26                                        )  **(12)  FRAUD – CONCEALMENT**
27                                        )  **(13)  PROMISSORY FRAUD**
                                          )  **(14) VIOLATION OF LABOR CODE 201**
28

                                          1

1    FOR HIS CLAIMS against Defendants TESLA, INC., (hereinafter "TESLA") and DOES 1

2    through 50, inclusive, Plaintiff NAYMON FRANK, an individual, alleges as follows:

3                                   **GENERAL ALLEGATIONS**

4         1.    Plaintiff NAYMON FRANK (hereinafter referred to as "FRANK") was an individual

5    working at various locations in California (including Los Angeles) at the time of the actions alleged

6    herein. FRANK is African-American.

7         2.    Defendant TESLA is a corporation with places of business in Los Angeles County,

8    San Diego County, and Orange County, in California.

9         3.    Plaintiff is ignorant of the true names and capacities of DOES, Defendants sued herein

10   as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.

11   Plaintiff will seek leave to amend this complaint to allege the true names and capacities of such

12   Defendants when they have been ascertained.

13        4.    Plaintiff is informed and believes and thereon alleges that at all relevant times

14   defendants sued as DOE 1 through 50 inclusive, whether individuals, corporations, partnerships or

15   otherwise, and the Defendants named herein, were and/or now are the agents, servants, employees,

16   representatives, and alter egos of each other, and they are liable to the Plaintiff because in doing the

17   things hereinafter alleged they were acting within the course and scope of their agency and/or

18   authority, and pursuant to the permission and consent of the remaining Defendants, and/or their acts

19   were consented to and/or ratified.

20        5.    Plaintiff is informed and believes, and based thereon alleges, that defendant DOES,

21   either some or all, are responsible in some manner for the events and happenings referred to herein

22   and caused injury to Plaintiff as alleged herein. Plaintiff is informed and believes, and based thereon

23   alleges, that some or all of the defendant DOES are and/or were agents and/or employees of

24   Defendants and in doing the things hereinafter alleged, and at all times, were acting within the scope

25   of their authority as such agents and/or employees, and at all times were acting within the scope of

26   their authority as such agents and/or employees with the express, implied and/or ostensible authority

27   of these Defendants.

28

6.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and all of the defendant DOES, ratified, authorized, and consented to all of the acts and/or conduct of each other as alleged herein.

7.     Venue is appropriate in the County of Los Angeles because the Plaintiff was employed and the relevant acts and omissions occurred within the County of Los Angeles, as well as San Diego and Orange counties.

## SUMMARY OF FACTS

8.     FRANK began his employment with TESLA on or about August 15, 2016, in sales, with the title of Owner Advisor in Newport Beach, California.

9.     Recruiter Vincent Duran specifically targeted and recruited FRANK to work for TESLA. One of the incentives to accept the job was TESLA's promise of stock options. However, as set forth in more detail, *below*, FRANK lost a significant amount of money in stock benefits (Restricted Stock Units, "RSUs") because he was wrongfully constructively terminated prior to full vesting (i.e. FRANK's employment was wrongfully constructively terminated before his stock options fully vested at four years of employment with TESLA.)  TESLA appears to intentionally terminate employment before employees can receive vested stock benefits.

10.    While working as an Owner Advisor in Newport Beach, California, FRANK also was a Regional Trainer, training employees at the Buena Park, Brea, and Costa Mesa locations, among other locations.

11.    During the time that FRANK was a non-exempt employee at TESLA (i.e. from on or about August 15, 2016, until he became an Assistant Store Manager on or about November 1, 2018), FRANK consistently worked an average of 80 hours a week, *without overtime compensation, meal breaks, or rest breaks.*

12.    On or about November 1, 2018, FRANK relocated to the UTC (University Town Center) TESLA location in San Diego; FRANK's title changed to that of Assistant Store Manager. Although TESLA told FRANK that his relocation costs would be paid, FRANK was never reimbursed and ended up paying the costs of relocating to San Diego himself.  FRANK became a salaried employee when he became an Assistant Store Manager (prior to that time, FRANK was an hourly employee.)

13.    FRANK accepted the new position of Assistant Store Manager (although the pay –
without the bonuses FRANK received as an Owner Advisor - was lower than the position of Owner
Advisor), because he had been informed by TESLA that the way to move up in the TESLA
corporation was to get into management.  FRANK had the expectation that he would be eligible for
promotions in management once he accepted the Assistant Store Manager position.

14.    However, despite the fact that during FRANK's employment with TESLA at the
Newport Beach and San Diego locations, the TESLA Newport Beach location was ranked first in
sales, and the TESLA San Diego location was ranked second in sales, FRANK was never promoted
above the title of Assistant Store Manager. FRANK estimates that he was passed over for a promotion
at least four times while at TESLA. For example, FRANK trained employee Chris Bisson, and then
Bisson was promoted to Store Manager at the San Diego UTC location (while FRANK remained
Assistant Store Manager at the same location.)

15.    Prior to working at TESLA, FRANK was a professional football player for the Green
Bay Packers, an Oregon state police officer, a part-time professional model and actor, and worked in
store management at Iniqlo.

16.    On December 13, 2019, FRANK received word that he had been selected for an Audi
commercial for the Audi e-tron (to be shown during Super Bowl 2020.) Although FRANK had never
been told of and had never received from TESLA any policy prohibiting him from working as an
actor while employed at TESLA (or specifically appearing in a car commercial), out of over-
abundance of caution, FRANK asked his boss Kristina Holt (Store Manager) whether it would be
okay if he appeared in the Audi e-tron commercial, which would air during the 2020 Super Bowl.
More specifically, FRANK told Holt on December 14, 2019, that he had been selected to appear in
the Audi commercial, and Holt told FRANK that she had cleared FRANK's appearing in the Audi e-
tron commercial with Suzie Hatzis (Regional Manager) the same day. Holt specifically gave FRANK
the days off that FRANK needed to shoot the Audi e-tron commercial (i.e. December 21 and
December 22, 2019.) Not only was FRANK given the days off for the commercial shoot, but Hatzis
announced to the entire leadership team at the Carlsbad, California TESLA Location that FRANK
would be appearing in the Audi e-tron commercial and "wasn't that cool." No one said anything to
FRANK about a potential conflict of interest in appearing in a commercial for a competitor.  FRANK
was never hired by or compensated by Audi. Rather, FRANK's agents communicated with 72 and
Sunny (an advertising agency) to cast FRANK in the Audi e-tron commercial.

17.     The Audi e-tron commercial aired during the Super Bowl on January 31, 2020.  On February 1, 2020, which was FRANK's first day on the job as Assistant Store Manager in Santa Monica, Isabella Merrick called FRANK and told him that Suzie Hatzis had been fired and that she (Merrick) was offering FRANK the opportunity to resign (which would allow for the possibility of being re-hired); if FRANK didn't resign by the end of the call with Merrick, Merrick told FRANK he would be fired. Not having any other option than to be fired (with no chance of being re-hired), FRANK resigned (i.e. he was constructively terminated.)  The pre-textual reason for asking FRANK to resign or be terminated was that FRANK's appearing in an Audi e-tron commercial was a conflict of interest.  Merrick, at the time, knew that FRANK had requested and was given permission by TESLA management to appear in the Audi e-tron commercial.

18.     FRANK lost a significant amount of money in in stock benefits (Restricted Stock Units, "RSUs") because he was wrongfully constructively terminated prior to full vesting (i.e. FRANK's employment was wrongfully constructively terminated before his stock options fully vested at four years of employment with TESLA.)  FRANK's TESLA stock would have vested in June of 2020; a five-way stock split occurred in March of 2020, which greatly increased the value of TESLA stock.  In addition, FRANK also lost his Performance Bonus (which were typically awarded the month following the end of the Q4 deliveries in January/February.  Performance bonuses were tied to annual reviews.  FRANK had not yet received his 2019 annual review.)  FRANK is informed and believes that TESLA makes a pattern out of terminating employees shortly before their RSU's vest under various pretexts.

19.     FRANK later learned that Elon Musk had made the decision to terminate FRANK (i.e. to give him the option of resigning or to be terminated.) Elon Musk knew who FRANK was because the first year that FRANK worked at TESLA, an auto-pilot Tesla car that FRANK was in crashed. The other people that were in the car went to the media with the story; FRANK did not talk to the media.

20.     FRANK experienced a hostile work environment during his employment with TESLA, including but not limited to:

- Being harassed because of his race—African-American.

- Not being promoted at least four times because of his race.

- During FRANK's employment at TESLA, every African-American salesperson at the UTC San Diego TESLA location was fired.

- To FRANK's knowledge he was the *only* African-American manager at TESLA during the time he was employed, *throughout the entire company*.
- FRANK was told by manager Suzie Hatzis during a performance review that he looked "intimidating." When FRANK asked Hatzis to provide clarification, Hatzis told FRANK (an African-American man) that he "can be a scary-looking guy." FRANK said that this was not a fair statement, and asked Holt to remove these comments from his performance review. FRANK also called and made a written complaint to Human Resources.
- Although FRANK followed all TESA policies, FRANK was told by manager Suzie Hatzis that he "doesn't follow our rules", and "doesn't play ball."
- Suzy Hatzis also tried to write-up FRANK for taking a test-drive car from the Vegas Hub to the call center, while FRANK was working at the Las Vegas TESLA location, when his use of the car was authorized.

21.    FRANK also experienced wage and hour violations: 1) While an hourly employee, FRANK was forced to clock out for lunch but required to continue working; 2) FRANK's timecards were altered without his consent to give the appearance of no wage and hour meal violations; 3) FRANK did not receive overtime while a salaried employee; 4) As of February 1, 2020, FRANK had not yet received his 2019 annual review, and did not receive a Performance Bonus, to which he was entitled.

22.    Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH") and has received Right to Sue Letters from the DFEH. (**Exhibit A**) Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted his administrative remedies prior to filing, commencing, and serving the within action.

## FIRST CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE

### (Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10)

23.     Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

24.     Defendant Tesla (through its officers, directors, managing agents, or supervisory employees), intentionally created or knowingly permitted working conditions to exist that were so intolerable that a reasonable person in Plaintiff's position would have no reasonable alternative except to resign. Plaintiff resigned because of these working conditions, including, but not limited to:    Racial harassment and discrimination (including failure to promote) and TESLA telling FRANK that he needed to resign (or be fired), after FRANK appeared in a commercial *that he had specifically been given permission by his supervisor to appear in.*

25.     At all times herein relevant, there was an employer/employee, agency, or other qualified relationship between Plaintiff and Defendants. *California Government Code* § 12940 et seq.

26.     Plaintiff's constructive termination was wrongful because he was forced to quit in part because of racial discrimination and harassment in violation of *California Government Code* § 12940 et. seq. and the administrative regulations of the Fair  Employment and Housing Act.

27.     Defendants' conduct above described is in violation of various statues and the decisional law of this state and country, including but not limited to the FEHA, *California Government Code* § 12940 et. seq.; *Title VII Civil Rights Act of 1964*; *Scott v. Pacific Gas and Elec. Co.* (1995) 11 Cal. 4th 454, 464; *Stephens v. Coldwell Banker Commercial Group, Inc.* (1988) 199 Cal. App. 3d 1394, 1399-1401; California Constitution Article I, Section 8.

28.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and severe emotional distress.

29.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of stock benefits, loss of earning capacity, loss

1 | of job opportunity and other losses.

2 |     30.    Defendants' conduct described above was willful, despicable, knowing, and

3 | intentional; accordingly, Plaintiff seeks and award of punitive damages and exemplary damages in

4 | an amount according to proof.

5 |     31.    Plaintiff also seeks attorneys' fees in an amount according to proof.

6 |

7 | **SECOND CAUSE OF ACTION**

8 | **HARASSMENT IN VIOLATION OF FEHA,**

9 | **GOVERNMENT CODE SECTION 12940 ET SEQ.**

10 | **(Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10)**

11 |     32.    Plaintiff incorporates by this reference as though set forth in full the allegations of

12 | the preceding paragraphs of this Complaint.

13 |     33.    FRANK was subjected to a workplace permeated with discriminatory intimidation,

14 | ridicule and insult that was sufficiently severe or pervasive to alter the conditions of his employment

15 | and to create an abusive working environment.

16 |     34.    Defendants blatantly encouraged an environment for harassment. During the relevant

17 | periods of this Complaint, Defendants and each of them harassed and intimidated the Plaintiff by

18 | creating and maintaining a hostile work environment through pervasive and continuous harassment

19 | and discrimination against FRANK that was so offensive and severe that it substantially detrimentally

20 | altered the terms and conditions of Plaintiff's employment. The aforementioned acts and omissions

21 | constitute harassment and a hostile work environment under *Government Code* §12940(j) et. seq.

22 |     35.    As a result of Defendants' conduct during their employment, Plaintiff has suffered

23 | and continues to suffer embarrassment, humiliation, emotional distress and mental anguish, all of

24 | which contributes to his damages in an amount according to proof in excess of the jurisdictional

25 | minimums of this Court. Moreover, Plaintiff was forced to employ attorneys to prosecute this

26 | action and Plaintiff is entitled to attorney's fees and costs in accordance with case and statutory

27 | authority.

28 |

36.     Defendants' conduct described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive damages and exemplary damages in an amount according to proof.

37.     Plaintiff is informed and believes and based thereon alleges that in doing the acts or failing to take action as herein alleged, TESLA, and DOES 1 through 10 have acted and are acting with full knowledge of the consequences and harm being caused to Plaintiff.  Such conduct is fraudulent, willful, oppressive and malicious such that Plaintiff is entitled to punitive and exemplary damages against TESLA in accordance with Civil Code § 3294.

//

## THIRD CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF FEHA,

## GOVERNMENT CODE SECTION 12940 ET SEQ.

### (Plaintiff FRANK against Defendant TESLA

### and DOES 1 through 10 )

38.     Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

39.     FRANK was subjected to a workplace permeated with discriminatory intimidation, ridicule and insult that sufficiently severe or pervasive to alter the conditions of his employment and to create a discriminatory and abusive working environment.  Throughout his employment with Defendants, FRANK was subjected to racial discrimination, including but not limited to, being passed over for promotion at least four times and racially based comments and insults.

40.     Defendants blatantly encouraged an environment for racial harassment and discrimination. During the relevant periods of this Complaint, Defendants and each of them harassed intimidated, and discriminated against Plaintiff by creating and maintaining a hostile work environment through pervasive and continuous harassment and discrimination against FRANK that was so offensive and severe that it substantially detrimentally altered the terms and conditions of

Plaintiff's employment.    The aforementioned acts and omissions constitute discrimination, harassment and a hostile work environment under *Government Code* §12940 et. seq.

41.    As a result of Defendants' conduct during their employment of Plaintiff, Plaintiff has suffered and continues to suffer embarrassment, humiliation, emotional distress and mental anguish, all of which contributes to her damages in an amount according to proof in excess of the jurisdictional minimums of this Court.    Moreover, Plaintiff was forced to employ attorneys to prosecute this action and Plaintiff is entitled to attorney's fees and costs in accordance with case and statutory authority.

42.    Defendants' conduct described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks and award of punitive damages and exemplary damages in an amount according to proof.    Plaintiff is informed and believes and based thereon alleges that in doing the acts or failing to take action as herein alleged, TESLA, and DOES 1 through 9 have acted and are acting with full knowledge of the consequences and harm being caused to Plaintiff.    Such conduct is fraudulent, willful, oppressive and malicious such that Plaintiff is entitled to punitive and exemplary damages against TESLA in accordance with Civil Code §3294.

## FOURTH CAUSE OF ACTION
## FAILURE TO REMEDY AND/OR PREVENT
## DISCRIMINATION AND HARASSMENT IN
## VIOLATION OF FEHA, GOVERNMENT CODE SECTION 12940 ET SEQ.
### (Plaintiff FRANK against Defendant TESLA and DOES 1 through 10)

43.    Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

44.     FRANK was subjected to a workplace permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive working environment.  Throughout his employment with the Defendants, FRANK was subjected to harassment by Suzie Hatzis; and others employed by Defendant Tesla.

45.     Defendants knew of the harassment and/or reasonably should have known of the harassment as Defendants had received multiple complaints from employees about Suzie Hatzis and failed to conduct an investigation in good faith or act to prevent and/or remedy against the harassment in violation of *Government Code* §12940(j)(1).  Further, Defendants failed to take all reasonable measures to prevent harassment from occurring in violation of *Government Code* §12940(k).  Plaintiff filed a timely charge of discrimination and harassment with the California Department of Fair Employment and Housing and received a Right to Sue Letter.

46.     As a result of Defendants' conduct during their employment of Plaintiff, Plaintiff has suffered and continues to suffer embarrassment, humiliation, emotional distress and mental anguish, all of which contributes to her damages in an amount according to proof in excess of the jurisdictional minimums of this Court.  Moreover, Plaintiff was forced to employ attorneys to prosecute this action and Plaintiff is entitled to attorney's fees and costs in accordance with case and statutory authority.

47.     Defendants' conduct described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks and award of punitive damages and exemplary damages in an amount according to proof.

### FIFTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 1194 ET. SEQ.

#### (Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10)

48.     Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

49. Plaintiff performed work for Defendant Tesla, including overtime work.

50. Defendant Tesla knew or should have known that Plaintiff worked overtime hours.

51. Plaintiff was not paid for overtime work by Defendant Tesla.

52. Plaintiff is entitled to overtime wages, interest thereon, attorney's fees, and costs of suit, in addition to waiting time penalties.

53. Waiting time penalties are for Defendant failing to timely pay all overtime wages with Plaintiff's final paycheck. The waiting time penalty is Plaintiff's average daily wage, for 30 days.

### SIXTH CAUSE OF ACTION

### FRAUDULENT INDUCEMENT IN VIOLATION OF LABOR CODE SECTION 970
### (Plaintiff FRANK against Defendant TESLA, and DOES
### 1 through 10)

54. Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

55. Labor Code Section 970 provides as follows:

*No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside*, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either:

(a) The kind, character, or existence of such work;

(b) *The length of time such work will last, or the compensation therefor*;

(c) The sanitary or housing conditions relating to or surrounding the work;

(d) The existence or nonexistence of any strike, lockout, or other labor dispute affecting it and pending between the proposed employer and the persons then or last engaged in the performance of the labor for which the employee is sought. (Emphasis Added.)

56. Recruiter Vincent Duran specifically targeted and recruited FRANK to work for

TESLA. One of the incentives to accept the job was TESLA's promise of stock options. However, as set forth in more detail, *below*, FRANK lost a significant amount of money in stock benefits (Restricted Stock Units, "RSUs") because he was wrongfully constructively terminated prior to full vesting (i.e. FRANK's employment was wrongfully constructively terminated before his stock options fully vested at four years of employment with TESLA.) TESLA appears to intentionally terminate employment before employees can receive vested stock benefits.

57.    FRANK also seeks damages for the costs of uprooting from Orange County, California to San Diego, California, expenses incurred in relocation, and the loss of security and income associated with this employment. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 648-649 (1996).

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Plaintiff FRANK against Defendant TESLA, and DOES

### 1 through 10)

58.    Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

59.    Defendants' conduct caused Plaintiff to suffer severe emotional distress (including, but not limited to: stress, anxiety, depression, headaches, sleep problems)

60.    As a result of Defendants' conduct, Plaintiff suffered severe emotional distress, as indicated above.

61.    As a result of Defendants' conduct, Plaintiff was harmed, and Defendants' behavior was a substantial factor in causing Plaintiff harm.

62.    As a direct and proximate result of said tortuous acts, omissions or conduct of Defendants, as herein alleged, Plaintiff has sustained and incurred injuries and damages (both general and special) and is certain in the future to sustain and incur losses (both incidental and consequential).

63.    The acts of Defendants were done with malice in that Defendants' conduct was intended by the Defendants to cause injury to Plaintiff or was despicable conduct which was carried

1    on by Defendants with a willful and conscious disregard of the rights of Plaintiff.  In addition,

2    Defendants' actions were oppressive in that Defendants' conduct was despicable and subjected

3    Plaintiff to cruel and unjust hardship in conscious disregard of his rights. Therefore, an award of

4    punitive damages is sought.

5

6                           **EIGHTH CAUSE OF ACTION**

7                           **FAILURE TO PROVIDE MEAL BREAKS**

8            **(Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10)**

9            64.    Plaintiff incorporates by this reference as though set forth in full the allegations of

10   the preceding paragraphs of this Complaint.

11           65.    California Industrial Welfare Commission ("IWC") Wage order No. 4-2001 mandates

12   that employees are entitled to an off-duty meal break of not less than 30 minutes for every five-hour

13   period worked and a second meal break of not less than 30 minutes for every 10 hour period

14   worked.  The meal break must be for an uninterrupted 30 minutes, during which employees must be

15   relieved of all duties.  California Labor Code Section 512 codifies this requirement.  In addition,

16   California Labor Code Section 226.7 states that "if an employer fails to provide an employee a meal

17   period or rest period in accordance with an applicable order of the Industrial Welfare Commission,

18   the employer shall pay the employee one additional hour of pay at the employee's regular rate of

19   compensation for each work day that the meal or rest period is not provided."

20           66.    While Plaintiff was an hourly employee, Plaintiff was consistently required by

21   Defendants to work without being provided the required thirty (30) minute uninterrupted meal

22   breaks.

23           67.    Plaintiff is entitled to recover an amount equal to one hour of wages per missed meal

24   break, in addition to interest, applicable penalties, attorneys' fees and costs.

25           68.    Pursuant to California Labor Code Section 558, any employer who violates any

26   provision of an IWC order is subject to a civil penalty of fifty dollars ($50) for an initial violation

27   and one hundred ($100) for each subsequent violation per pay period.  These civil penalties are

28   recoverable by Plaintiff.

## NINTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

#### (Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10)

69. Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

70. California Industrial Welfare Commission ("IWC") Wage order No. 4-2001 mandates that employees are entitled to a paid, off-duty 10-minute rest break for every approximately four-hour period worked. California Labor Code Section 226.7 states that "if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Plaintiff consistently worked with no rest breaks.

71. Throughout Plaintiff's employment while he was an hourly employee, Defendants prohibited Plaintiff from taking a 10-minute rest break for every period of approximately four hours worked.

72. Plaintiff is entitled to recover an amount equal to one hour of wages per missed rest break, in addition to interest, applicable penalties, attorneys' fees and costs.

73. Pursuant to California Labor Code Section 558, any employer who violates any provision of an IWC order is subject to a civil penalty of fifty dollars ($50) for an initial violation and one hundred ($100) for each subsequent violation per pay period. These civil penalties are recoverable by Plaintiff.

## TENTH CAUSE OF ACTION

### WRONGFUL FAILURE TO PROMOTE IN VIOLATION OF FEHA,

### GOVERNMENT CODE SECTION 12940 ET SEQ.

#### (Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10)

74. Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

75.  Plaintiff believes and thereon alleges that his race/national origin/ancestry was a factor in Defendants' wrongful denials of promotion, as stated, above, and incorporated herein. More specifically: FRANK was not promoted at least four times because of his race; During FRANK's employment at TESLA, every African-American salesperson at the UTC San Diego TESLA location was fired; To FRANK's knowledge he was the *only* African-American manager at TESLA during the time he was employed, *throughout the entire company*.

76.  At all times herein relevant, there was an employer/employee, agency, or other qualified relationship between Plaintiff and Defendants. *California Government Code* § 12940 et seq.

77.  Plaintiff's denials of promotion were wrongful because he was denied promotions because of his race/national origin/ancestry in violation of *California Government Code* § 12940 et. seq.

78.  Defendants' conduct above described is in violation of various statues and the decisional law of this state and country, including but not limited to the FEHA, *California Government Code* § 12940 et. seq.; *Title VII Civil Rights Act of 1964*; *Scott v. Pacific Gas and Elec. Co.* (1995) 11 Cal. 4th 454, 464; *Stephens v. Coldwell Banker Commercial Group, Inc.* (1988) 199 Cal. App. 3d 1394, 1399-1401; California Constitution Article I, Section 8.

79.  As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and severe emotional distress.

80.  As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

81.  Defendants' conduct described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks and award of punitive damages and exemplary damages in an amount according to proof.

82.  Plaintiff also seeks attorneys' fees in an amount according to proof.

## ELEVENTH CAUSE OF ACTION

### FRAUD – NEGLIGENT MISREPRESENTATION

#### (Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10)

83.    Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein, and further alleges:

84.    Plaintiff was harmed because Defendants negligently misrepresented facts.

85.    Defendants represented to Plaintiff that certain facts were true, including, but not limited to, that Plaintiff had permission to and could appear in a commercial for the Audi e-tron (to be shown during Super Bowl 2020), and specifically gave Plaintiff the days off from work to shoot the commercial for the Audi e-tron.

86.    Defendants' representation was *not* true. Defendants' statements were representations of fact because Defendants had special knowledge about the subject matter that Plaintiff did not have.

87.    Defendants made representations, not as a casual expression of belief, but in a way that declared the matter to be true as Plaintiff's employer.

88.    Defendants had a relationship of trust and confidence with Plaintiff as Plaintiff's employer, and as such, Defendants had reason to expect that Plaintiff would rely on their opinion.

89.    Even if Defendants believed that these representations were true, Defendants had no reasonable grounds for believing these representations were true when they made the representations since they did not clear Plaintiff's appearing in a commercial for the Audi e-tron with Elon Musk (who later directed that Plaintiff resign or be fired in part for appearing in the commercial.)

90.    Defendants intended that Plaintiff rely on these representations.

91.    Plaintiff reasonably relied on Defendants' representations.

92.    Plaintiff was harmed as a result of Defendants' false representations.  Plaintiff's reliance on Defendants' representations was a substantial factor in causing his harm.

93.    As a direct and proximate result of said tortuous acts, omissions or conduct of Defendants, as herein alleged, Plaintiff has sustained and incurred injuries and damages (both general and special) and is certain in the future to sustain and incur losses (both incidental and consequential).

94.    The actions of Defendants were done with malice in that Defendants' conduct was despicable conduct which was carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff.

95.    Defendants were aware of the probable dangerous consequences of their conduct, and willfully and deliberately failed to avoid those consequences.  In addition, Defendants' actions were oppressive in that Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of Plaintiff.

96.    Defendants' actions were also fraudulent in that Defendants negligently misrepresented and concealed material facts known to the Defendants with an intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury.  Therefore, an award of punitive damages is sought.

## TWELFTH CAUSE OF ACTION

## FRAUD – CONCEALMENT

## (Plaintiff FRANK against Defendant TESLA, and DOES

## 1 through 10)

97.    Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein, and further alleges:

98.    Plaintiff was harmed because Defendants concealed certain information.

99.    Plaintiff was in a fiduciary relationship with Defendants because they were his employer.

100.    Defendants intentionally failed to disclose certain facts to Plaintiff; disclosed some facts to Plaintiff but intentionally failed to disclose other facts, making the disclosure deceptive; and intentionally failed to disclose certain facts that were known only to them and that Plaintiff could not have discovered.

101.    Plaintiff did not know of the concealed facts.

102.    Defendants intended to deceive Plaintiff by concealing the facts.

103.    Had the omitted information been disclosed, Plaintiff reasonably would have behaved differently.

104.    Plaintiff was harmed as a result of this failure to disclose material information by his employer.

105.    Defendants' concealment was a substantial factor in causing Plaintiff's harm.

106.    As a direct and proximate result of said tortuous acts, omissions or conduct of Defendant, as herein alleged, Plaintiff has sustained and incurred injuries and damages (both general and special), and is certain in the future to sustain and incur losses (both incidental and consequential).

107.    The actions of Defendants were done with malice in that Defendants' conduct was despicable conduct which was carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff.

108.    Defendants were aware of the probable dangerous consequences of their conduct, and willfully and deliberately failed to avoid those consequences.  In addition, Defendants' actions were oppressive in that Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of Plaintiff.

109.    Defendants' actions were also fraudulent in that Defendants negligently misrepresented and concealed material facts known to the Defendants with an intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury.  Therefore, an award of punitive damages is sought.

**THIRTEENTH CAUSE OF ACTION**

**PROMISSORY FRAUD**

**(Plaintiff FRANK against Defendant TESLA, and DOES**

**1 through 10)**

110.     Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

111.     A promise was made to Plaintiff regarding a material fact (i.e. that Plaintiff would be paid for relocation expenses for moving from Orange County, California to San Diego, California.)

112.   At the time of making this promise, Defendants did not intent to pay Plaintiff for relocation expense.

113.   Defendants' promise to pay Plaintiff for relocation expenses was made with the intent to deceive and the intent to induce Plaintiff to relocate to San Diego and to pay for his own relocation expenses.

114.   Plaintiff relied on Defendants' promise and relocated to San Diego.

115.   Defendants did not pay for Plaintiff's relocation expenses as promised.

116.   Plaintiff seeks damages for the costs of uprooting from Orange County, California to San Diego, California, expenses incurred in relocation, and the loss of security and income associated with this employment. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 648-649 (1996).

**FOURTEENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTION 201**

**(Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10)**

117.     Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

118.     Defendants violated Labor Code Section 201 by failing to pay Plaintiff a Performance-based Bonus, as set forth in more detail, above.

1       119.  Labor Code Section 201(a) provides: If an Employer discharges an Employee, the

2  wages earned and unpaid at the time of the discharge are due and payable immediately.

3       120.  Plaintiff is entitled to his unpaid Performance Bonus, interest thereon, and waiting time

4  penalties. Performance-based bonuses are considered earned wages. Therefore, Defendant is liable

5  for "waiting time penalties" in ***addition to*** unpaid Performance Bonus wages and interest thereon,

6  for failing to timely pay out the Performance Bonus with Plaintiff's final paycheck. The waiting

7  time penalty is Plaintiff's average daily wage, for 30 days.

8

9                                  **PRAYER FOR RELIEF**

10     1.      For compensatory damages;

11     2.      For special damages;

12     3.      For consequential damages according to proof;

13     4.      For incidental damages according to proof;

14     5.      For prejudgment interest;

15     6.      For costs incurred, including reasonable attorneys' fees;

16     7.      For punitive damages as to Defendants; and

17     8.      For any other and further relief as the Court may deem proper.

18

19  Dated:  January 14, 2022           BOHM WILDISH & MATSEN, LLP

20                                 By:

21                                  JAMES G. BOHM

22                                  JOANNE P. FREEMAN

23                                  Attorneys for Plaintiff

                                    NAYMON FRANK

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a jury trial pursuant to California *Code of Civil Procedure* §631.

3

4   Dated:  January 14, 2022                    BOHM WILDISH & MATSEN, LLP

5

6                                        By:  _____

7                                             JAMES G. BOHM
                                              JO'ANNE P. FREEMAN
8                                             Attorneys for Plaintiff
                                              NAYMON FRANK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 14, 2022

Sherry Graybehl Dantony
695 Town Center Drive, 700
Costa Mesa, California 92626

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202201-15856114
       Right to Sue: FRANK / TESLA, INC.

Dear Sherry Graybehl Dantony:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                        KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 14, 2022

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202201-15856114
       Right to Sue: FRANK / TESLA, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

January 14, 2022

NAYMON FRANK
695 Town Center Dr., Suite 700
Costa Mesa, CA 92626

RE:    **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202201-15856114
Right to Sue: FRANK / TESLA, INC.

Dear NAYMON FRANK:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 14, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1
2
3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5    NAYMON FRANK                                      DFEH No. 202201-15856114

6                                    Complainant,

7    **vs.**

8    TESLA, INC.
     10250 Santa Monica Blvd., Suite 1340
9    Los Angeles, CA 90067

10                                   Respondents

11   ─────────────────────────────────────

12
13

**1.** Respondent **TESLA, INC.** is an **employer** subject to suit under the California Fair
Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15   **2.** Complainant **NAYMON FRANK**, resides in the City of **Costa Mesa**, State of **CA**.

16

17   **3.** Complainant alleges that on or about **February 1, 2020**, respondent took the
following adverse actions:

18   **Complainant was harassed** because of complainant's race, color.

19
20

**Complainant was discriminated against** because of complainant's race, color and as a
result of the discrimination was terminated, forced to quit, denied hire or promotion.

21
22

**Complainant experienced retaliation** because complainant reported or resisted any form
of discrimination or harassment and as a result was terminated, forced to quit.

23
24
25

**Additional Complaint Details:** NAYMON FRANK ("FRANK") began his employment with
TESLA, INC. ("TESLA") on or about August 15, 2016, in sales, with the title of Owner
Advisor in Newport Beach, California. One of the incentives to accept the job was TESLA's
promise of stock options. However, FRANK lost a significant amount of money in stock

26                                       -1-
                          *Complaint – DFEH No. 202201-15856114*
27
     Date Filed: January 14, 2022
28

Form 0T_157EAC345513 (Revised 12/21)                            DFEH-ENF 80 RS

1  benefits (Restricted Stock Units, "RSUs") because he was wrongfully constructively terminated prior to full vesting (i.e. FRANK's employment was wrongfully constructively
2  terminated before his stock options fully vested at four years of employment with TESLA.) TESLA appears to intentionally terminate employment before employees can receive vested
3  stock benefits.

4       While working as an Owner Advisor in Newport Beach, California, FRANK also was a Regional Trainer, training employees at the Buena Park, Brea, and Costa Mesa locations,

5  among other locations.
     On or about November 1, 2018, FRANK relocated to the UTC (University Town
6  Center) TESLA location in San Diego; FRANK's title changed to that of Assistant Store Manager. Although TESLA told FRANK that his relocation costs would be paid, FRANK was
7  never reimbursed and ended up paying the costs of relocating to San Diego himself. FRANK became a salaried employee when he became an Assistant Store Manager (prior to
8  that time, FRANK was an hourly employee.)
FRANK accepted the new position of Assistant Store Manager (although the pay – without
9  the bonuses FRANK received as an Owner Advisor - was lower than the position of Owner Advisor), because he had been informed by TESLA that the way to move up in the TESLA
10  corporation was to get into management. FRANK had the expectation that he would be eligible for promotions in management once he accepted the Assistant Store Manager
11  position.
     However, despite the fact that during FRANK's employment with TESLA at the
12  Newport Beach and San Diego locations, the TESLA Newport Beach location was ranked first in sales, and the TESLA San Diego location was ranked second in sales, FRANK was
13  never promoted above the title of Assistant Store Manager. FRANK estimates that he was passed over for a promotion at least four times while at TESLA. For example, FRANK
14  trained employee Chris Bisson, and then Bisson was promoted to Store Manager at the San Diego UTC location (while FRANK remained Assistant Store Manager at the same location.)
15       On December 13, 2019, FRANK received word that he had been selected for an
16  Audi commercial for the Audi e-tron (to be shown during Super Bowl 2020.) Although FRANK had never been told of and had never received from TESLA any policy prohibiting
17  him from working as an actor while employed at TESLA (or specifically appearing in a car commercial), out of over-abundance of caution, FRANK asked his boss Kristina Holt (Store
18  Manager) whether it would be okay if he appeared in the Audi e-tron commercial, which would air during the 2020 Super Bowl. More specifically, FRANK told Holt on December 14,
19  2019, that he had been selected to appear in the Audi commercial, and Holt told FRANK that she had cleared FRANK's appearing in the Audi e-tron commercial with Suzie Hatzis
20  (Regional Manager) the same day. Holt specifically gave FRANK the days off that FRANK needed to shoot the Audi e-tron commercial (i.e. December 21 and December 22, 2019.) No
21  one said anything to FRANK about a potential conflict of interest in appearing in a commercial for a competitor.
22       The Audi e-tron commercial aired during the Super Bowl on January 31, 2020. On
23  February 1, 2020, which was FRANK's first day on the job as Assistant Store Manager in Santa Monica, Isabella Merrick called FRANK and told him that she (Merrick) was offering
24  FRANK the opportunity to resign (which would allow for the possibility of being re-hired); if FRANK didn't resign by the end of the call with Merrick, Merrick told FRANK he would be
25  fired. Not having any other option than to be fired (with no chance of being re-hired), FRANK

26  -2-
*Complaint – DFEH No. 202201-15856114*
27  Date Filed: January 14, 2022
28

Form 0T_157EAC345513 (Revised 12/21)                    DFEH-ENF 80 RS

1  resigned (i.e. he was constructively terminated.)  The pre-textual reason for asking FRANK
   to resign or be terminated was that FRANK's appearing in an Audi e-tron commercial was a
2  conflict of interest.  Merrick, at the time, knew that FRANK had requested and was given
   permission by TESLA management to appear in the Audi e-tron commercial.
3       FRANK experienced a hostile work environment during his employment with TESLA,
   sufficiently severe or pervasive to alter the conditions of his employment and to create an
4  abusive working environment including but not limited to:
5  •     Being harassed because of his race—African-American.
   •     Not being promoted at least four times because of his race.
6  •     During FRANK's employment at TESLA, every African-American salesperson at the
   UTC San Diego TESLA location was fired.
7  •     To FRANK's knowledge he was the only African-American manager at TESLA during
   the time he was employed, throughout the entire company.
8  •     FRANK was told by manager Suzie Hatzis during a performance review that he
   looked "intimidating."  When FRANK asked Hatzis to provide clarification, Hatzis told FRANK
9  (an African-American man) that he "can be a scary-looking guy." FRANK said that this was
   not a fair statement, and asked Holt to remove these comments from his performance
10 review.  FRANK also called and made a written complaint to Human Resources.
   •     Although FRANK followed all TESA policies, FRANK was told by manager Suzie
11 Hatzis that he "doesn't follow our rules", and "doesn't play ball."
   •     Suzy Hatzis also tried to write-up FRANK for taking a test-drive car from the Vegas
12 Hub to the call center, while FRANK was working at the Las Vegas TESLA location, when
   his use of the car was authorized.
13 FRANK's constructive termination was wrongful because he was forced to quit in part
   because of racial discrimination and harassment.
14 FRANK was retaliated against because he did an Audi e-tron commercial after getting
   permission to do so from TESLA.  FRANK was also retaliated against for being African-
15 American.

16

17

18

19

20

21

22

23

24

25

26                                        -3-
                              *Complaint – DFEH No. 202201-15856114*
27
   Date Filed: January 14, 2022
28

Form 0T_157EAC345513 (Revised 12/21)                          DFEH-ENF 80 RS

1   VERIFICATION

2   I, **Sherry Graybehl D'Antony**, am the **Attorney** in the above-entitled complaint.  I

3   have read the foregoing complaint and know the contents thereof.  The matters
    alleged are based on information and belief, which I believe to be true.

4
    On January 14, 2022, I declare under penalty of perjury under the laws of the State of

5   California that the foregoing is true and correct.

6
                                                                    **Costa Mesa, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                        -4-
                        *Complaint – DFEH No. 202201-15856114*

27
    Date Filed: January 14, 2022

28

    Form 0T_157EAC345513 (Revised 12/21)                              DFEH-ENF 80 RS

1  **STATE OF CALIFORNIA, COUNTY OF ORANGE**
   I am over 18 years of age and not a party to this action.  My business address is 695 Town Center Drive,
2  Suite 700, Costa Mesa, California 92626.  On **January 25, 2022**, I served the following document(s):

3  I served the above-referenced document(s) on the following person(s) in the following manner:

4  **COMPLAINT FOR:**
   **(1) CONSTRUCTIVE DISCHARGE; (2) HARASSMENT IN VIOLATION OF**
5  **FEHA, GOVERNMENT CODE SECTION 12940 ET SEQ.; (3) DISCRIMINATION IN VIOLATION**
   **OF FEHA, GOVERNMENT CODE SECTION**
6  **12940 ET SEQ.; (4) FAILURE TO REMEDY AND/OR**
   **PREVENT DISCRIMINATION AND HARASSMENT UNDER FEHA, GOVERNMENT CODE**
7  **SECTION 12940 ET SEQ; (5) VIOLATION OF LABOR CODE SECTION 1194 ET SEQ.**
   **(6) FRAUDULENT INDUCEMENT IN VIOLATION OF LABOR CODE SECTION**
8  **970; (7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (8) FAILURE TO PROVIDE**
   **MEAL BREAKS; (9) FAILURE TO PROVIDE REST BREAKS; (10) WRONGFUL FAILURE TO**
9  **PROMOTE IN VIOLATION OF FEHA, GOVERNMENT CODE SECTION 12940 ET SEQ.;**
10 **(11) FRAUD – NEGLIGENT MISREPRESENTATION; (12) FRAUD – CONCEALMENT**
   **(13) PROMISSORY FRAUD (14) VIOLATION OF LABOR CODE 201**
11 **SUMMONS**
   **CIVIL CASE COVER SHEET**

| | |
|---|---|
| Tesla, Inc., a corporation<br>Registered Agents<br>CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 | |

17  ☒  **By U.S. Mail**: I enclosed this/these document(s) in a sealed envelope or package addressed to the person(s) at the address(es) above and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with our firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Costa Mesa, California.

☐  **BY PERSONAL SERVICE**: I caused the above-referenced document(s) to be personally delivered to the person(s) at the address(es) above.

☐ **BY OVERNIGHT MAIL**: I am readily familiar with the practice of the Law Offices of Bohm Wildish & Matsen, LLP. for the collection and processing of correspondence for overnight delivery and known that the document(s) described herein will be deposited in a box or other facility regularly maintained by overnight mail service for overnight delivery.

☐  **BY E-MAIL/ELECTRONIC TRANSMISSION**: On **January 25, 2022**, I caused the above-referenced document(s) to be transmitted by electronic mail from clopez@bohmwildish.com to the e-mail address(es) of the addressee(s) pursuant to Rule 2.251 of the California Rules of Court. The transmission was complete and without error and I did not receive, within reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

PROOF OF SERVICE

1  ☐ **ELECTRONIC SERVICE [*e-Service*] VIA FIRST LEGAL / FILE & SERVE**XPRESS **/ ONELEGAL:** On **Tuesday, January 25, 2022**, I caused the above-referenced document(s) to be electronically served by

2  submitting the electronic version of the document(s) to FIRST LEGAL / FILE & SERVEXPRESS / ONELEGAL, through their web interface at www.FirstLegal.com / www.secure.fileandservexpress.com /

3  www.OneLegal.com, which caused the documents to be sent by electronic transmission to the addressee(s) listed on the service list. The transmission was reported as complete and without error.

4

   I declare under penalty of perjury under the laws of the State of California that the above statements are true

5  and correct. Executed on **January 25, 2022** at Costa Mesa, California.

6

7                                                                                    Cynthia Lopez

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HM WILDISH & MATSEN, LLP
695 Town Center Drive
Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

PROOF OF SERVICE

# EXHIBIT

# 2

1  BOHM WILDISH & MATSEN, LLP
   JAMES G. BOHM (SBN 132430)
2  JOANNE P. FREEMAN (SBN 140137)
3  695 Town Center Drive, Suite 700
   Costa Mesa, CA  92626
4  Telephone Number:  714-384-6500
   Facsimile Number:  714-384-6501
5
6  Attorneys for Plaintiff NAYMON FRANK, an individual

7           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8         **COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION**

9

10 NAYMON FRANK, an individual,              )  CASE NO. 22STCV01712
                                            )  **FIRST AMENDED COMPLAINT FOR:**
11            Plaintiffs,                    )  **(1) CONSTRUCTIVE DISCHARGE;**
                                            )  **(2) HARASSMENT IN VIOLATION OF**
12        v.                                )  **FEHA, GOVERNMENT CODE SECTION**
                                            )  **12940 ET SEQ.;**
13                                          )  **(3) DISCRIMINATION IN VIOLATION OF**
   TESLA, INC., a corporation; SUZIE HATZIS, )  **FEHA, GOVERNMENT CODE SECTION**
14 an individual; and DOES 1 through 49,     )  **12940 ET SEQ.;**
   inclusive                                )  **(4) FAILURE TO REMEDY AND/OR**
15                                          )  **PREVENT DISCRIMINATION AND**
                                            )  **HARASSMENT UNDER FEHA,**
16            Defendants                     )  **GOVERNMENT CODE SECTION 12940 ET**
                                            )  **SEQ;**
17                                          )  **(5) VIOLATION OF LABOR CODE**
                                            )  **SECTION 1194 ET SEQ.**
18                                          )  **(6) FRAUDULENT INDUCEMENT IN**
                                            )  **VIOLATION OF LABOR CODE SECTION**
19                                          )  **970;**
                                            )  **(7) INTENTIONAL INFLICTION OF**
20                                          )  **EMOTIONAL DISTRESS;**
                                            )  **(8) FAILURE TO PROVIDE MEAL**
21                                          )  **BREAKS;**
                                            )  **(9)  FAILURE TO PROVIDE REST**
22                                          )  **BREAKS;**
                                            )  **(10) WRONGFUL FAILURE TO**
23                                          )  **PROMOTE IN VIOLATION OF FEHA,**
                                            )  **GOVERNMENT CODE SECTION 12940 ET**
24                                          )  **SEQ.;**
                                            )  **(11)  FRAUD – NEGLIGENT**
25                                          )  **MISREPRESENTATION;**
                                            )  **(12)  FRAUD – CONCEALMENT**
26                                          )  **(13)  PROMISSORY FRAUD**
                                            )  **(14) VIOLATION OF LABOR CODE 201**
27
28

1     FOR HIS CLAIMS against Defendants TESLA, INC., (hereinafter "TESLA"), SUZIE

2   HATZIS (hereinafter "HATZIS"), and DOES 1 through 49, inclusive, Plaintiff NAYMON FRANK,

3   an individual, alleges as follows:

4                                         **GENERAL ALLEGATIONS**

5     1.     Plaintiff NAYMON FRANK (hereinafter referred to as "FRANK") was an individual

6   working at various locations in California (including Los Angeles) at the time of the actions alleged

7   herein.  FRANK is African-American.

8     2.     Defendant TESLA is a corporation with places of business in Los Angeles County,

9   San Diego County, and Orange County, in California. Defendant HATZIS is an individual living in

10  Orange County, in California.

11    3.     Plaintiff is ignorant of the true names and capacities of DOES, Defendants sued herein

12  as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.

13  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of such

14  Defendants when they have been ascertained.

15    4.     Plaintiff is informed and believes and thereon alleges that at all relevant times

16  defendants sued as DOE 1 through 50 inclusive, whether individuals, corporations, partnerships or

17  otherwise, and the Defendants named herein, were and/or now are the agents, servants, employees,

18  representatives, and alter egos of each other, and they are liable to the Plaintiff because in doing the

19  things hereinafter alleged they were acting within the course and scope of their agency and/or

20  authority, and pursuant to the permission and consent of the remaining Defendants, and/or their acts

21  were consented to and/or ratified.

22    5.     Plaintiff is informed and believes, and based thereon alleges, that defendant DOES,

23  either some or all, are responsible in some manner for the events and happenings referred to herein

24  and caused injury to Plaintiff as alleged herein. Plaintiff is informed and believes, and based thereon

25  alleges, that some or all of the defendant DOES are and/or were agents and/or employees of

26  Defendants and in doing the things hereinafter alleged, and at all times, were acting within the scope

27  of their authority as such agents and/or employees, and at all times were acting within the scope of

28  their authority as such agents and/or employees with the express, implied and/or ostensible authority

1    of these Defendants.

2         6.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and all

3    of the defendant DOES, ratified, authorized, and consented to all of the acts and/or conduct of each

4    other as alleged herein.

5         7.     Venue is appropriate in the County of Los Angeles because the Plaintiff was employed

6    and the relevant acts and omissions occurred within the County of Los Angeles, as well as San Diego

7    and Orange counties.

8    **SUMMARY OF FACTS**

9         8.     FRANK began his employment with TESLA on or about August 15, 2016, in sales,

10    with the title of Owner Advisor in Newport Beach, California.

11         9.     Recruiter Vincent Duran specifically targeted and recruited FRANK to work for

12    TESLA. One of the incentives to accept the job was TESLA's promise of stock options. However, as

13    set forth in more detail, *below*, FRANK lost a significant amount of money in stock benefits

14    (Restricted Stock Units, "RSUs") because he was wrongfully constructively terminated prior to full

15    vesting (i.e. FRANK's employment was wrongfully constructively terminated before his stock

16    options fully vested at four years of employment with TESLA.)  TESLA appears to intentionally

17    terminate employment before employees can receive vested stock benefits.

18         10.    While working as an Owner Advisor in Newport Beach, California, FRANK also was

19    a Regional Trainer, training employees at the Buena Park, Brea, and Costa Mesa locations, among

    other locations.

20         11.    During the time that FRANK was a non-exempt employee at TESLA (i.e. from on or

21    about August 15, 2016, until he became an Assistant Store Manager on or about November 1, 2018),

22    FRANK consistently worked an average of 80 hours a week, ***without overtime compensation, meal***

23    ***breaks, or rest breaks.***

24         12.    On or about November 1, 2018, FRANK relocated to the UTC (University Town

25    Center) TESLA location in San Diego; FRANK's title changed to that of Assistant Store Manager.

    Although TESLA told FRANK that his relocation costs would be paid, FRANK was never reimbursed

26    and ended up paying the costs of relocating to San Diego himself.  FRANK became a salaried

27    employee when he became an Assistant Store Manager (prior to that time, FRANK was an hourly

28    employee.)

13.     FRANK accepted the new position of Assistant Store Manager (although the pay – without the bonuses FRANK received as an Owner Advisor - was lower than the position of Owner Advisor), because he had been informed by TESLA that the way to move up in the TESLA corporation was to get into management.  FRANK had the expectation that he would be eligible for promotions in management once he accepted the Assistant Store Manager position.

14.     However, despite the fact that during FRANK's employment with TESLA at the Newport Beach and San Diego locations, the TESLA Newport Beach location was ranked first in sales, and the TESLA San Diego location was ranked second in sales, FRANK was never promoted above the title of Assistant Store Manager. FRANK estimates that he was passed over for a promotion at least four times while at TESLA. For example, FRANK trained employee Chris Bisson, and then Bisson was promoted to Store Manager at the San Diego UTC location (while FRANK remained Assistant Store Manager at the same location.)

15.     Prior to working at TESLA, FRANK was a professional football player for the Green Bay Packers, an Oregon state police officer, a part-time professional model and actor, and worked in store management at Iniqlo.

16.     On December 13, 2019, FRANK received word that he had been selected for an Audi commercial for the Audi e-tron (to be shown during Super Bowl 2020.) Although FRANK had never been told of and had never received from TESLA any policy prohibiting him from working as an actor while employed at TESLA (or specifically appearing in a car commercial), out of over-abundance of caution, FRANK asked his boss Kristina Holt (Store Manager) whether it would be okay if he appeared in the Audi e-tron commercial, which would air during the 2020 Super Bowl. More specifically, FRANK told Holt on December 14, 2019, that he had been selected to appear in the Audi commercial, and Holt told FRANK that she had cleared FRANK's appearing in the Audi e-tron commercial with SUZIE HATZIS (Regional Manager) the same day. Holt specifically gave FRANK the days off that FRANK needed to shoot the Audi e-tron commercial (i.e. December 21 and December 22, 2019.) Not only was FRANK given the days off for the commercial shoot, but Hatzis announced to the entire leadership team at the Carlsbad, California TESLA Location that FRANK would be appearing in the Audi e-tron commercial and "wasn't that cool."  No one said anything to FRANK about a potential conflict of interest in appearing in a commercial for a competitor.  FRANK was never hired by or compensated by Audi. Rather, FRANK's agents communicated with 72 and Sunny (an advertising agency) to cast FRANK in the Audi e-tron commercial.

17.     The Audi e-tron commercial aired during the Super Bowl on January 31, 2020.  On February 1, 2020, which was FRANK's first day on the job as Assistant Store Manager in Santa Monica, Isabella Merrick called FRANK and told him that Suzie Hatzis had been fired and that she (Merrick) was offering FRANK the opportunity to resign (which would allow for the possibility of being re-hired); if FRANK didn't resign by the end of the call with Merrick, Merrick told FRANK he would be fired. Not having any other option than to be fired (with no chance of being re-hired), FRANK resigned (i.e. he was constructively terminated.)  The pre-textual reason for asking FRANK to resign or be terminated was that FRANK's appearing in an Audi e-tron commercial was a conflict of interest.  Merrick, at the time, knew that FRANK had requested and was given permission by TESLA management to appear in the Audi e-tron commercial.

18.     FRANK lost a significant amount of money in in stock benefits (Restricted Stock Units, "RSUs") because he was wrongfully constructively terminated prior to full vesting (i.e. FRANK's employment was wrongfully constructively terminated before his stock options fully vested at four years of employment with TESLA.)  FRANK's TESLA stock would have vested in June of 2020; a five-way stock split occurred in March of 2020, which greatly increased the value of TESLA stock.  In addition, FRANK also lost his Performance Bonus (which were typically awarded the month following the end of the Q4 deliveries in January/February.  Performance bonuses were tied to annual reviews.  FRANK had not yet received his 2019 annual review.)  FRANK is informed and believes that TESLA makes a pattern out of terminating employees shortly before their RSU's vest under various pretexts.

19.     FRANK later learned that Elon Musk had made the decision to terminate FRANK (i.e. to give him the option of resigning or to be terminated.) Elon Musk knew who FRANK was because the first year that FRANK worked at TESLA, an auto-pilot Tesla car that FRANK was in crashed. The other people that were in the car went to the media with the story; FRANK did not talk to the media.

20.     FRANK experienced a hostile work environment during his employment with TESLA, including but not limited to:

- Being harassed because of his race—African-American.

- Not being promoted at least four times because of his race.

- During FRANK's employment at TESLA, every African-American salesperson at the UTC San Diego TESLA location was fired.

FIRST AMENDED COMPLAINT

- To FRANK's knowledge he was the *only* African-American manager at TESLA during the time he was employed, *throughout the entire company*.

- FRANK was told by manager Suzie Hatzis during a performance review that he looked "intimidating." When FRANK asked Hatzis to provide clarification, Hatzis told FRANK (an African-American man) that he "can be a scary-looking guy." FRANK said that this was not a fair statement, and asked Holt to remove these comments from his performance review. FRANK also called and made a written complaint to Human Resources.

- Although FRANK followed all TESA policies, FRANK was told by manager Suzie Hatzis that he "doesn't follow our rules", and "doesn't play ball."

- Suzy Hatzis also tried to write-up FRANK for taking a test-drive car from the Vegas Hub to the call center, while FRANK was working at the Las Vegas TESLA location, when his use of the car was authorized.

21.    FRANK also experienced wage and hour violations:  1) While an hourly employee, FRANK was forced to clock out for lunch but required to continue working; 2) FRANK's timecards were altered without his consent to give the appearance of no wage and hour meal violations; 3) FRANK did not receive overtime while a salaried employee; 4) As of February 1, 2020, FRANK had not yet received his 2019 annual review, and did not receive a Performance Bonus, to which he was entitled.

22.    Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH") and has received Right to Sue Letters from the DFEH. (**Exhibit A**) Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted his administrative remedies prior to filing, commencing, and serving the within action.

//
//
//
//
//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST CAUSE OF ACTION**

**CONSTRUCTIVE DISCHARGE**

(**Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10**)

23.    Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

24.    Defendant Tesla (through its officers, directors, managing agents, or supervisory employees), intentionally created or knowingly permitted working conditions to exist that were so intolerable that a reasonable person in Plaintiff's position would have no reasonable alternative except to resign. Plaintiff resigned because of these working conditions, including, but not limited to:    Racial harassment and discrimination (including failure to promote) and TESLA telling FRANK that he needed to resign (or be fired), after FRANK appeared in a commercial *that he had specifically been given permission by his supervisor to appear in.*

25.    At all times herein relevant, there was an employer/employee, agency, or other qualified relationship between Plaintiff and Defendants.  *California Government Code* § 12940 et seq.

26.    Plaintiff's constructive termination was wrongful because he was forced to quit in part because of racial discrimination and harassment in violation of *California Government Code* § 12940 et. seq. and the administrative regulations of the Fair  Employment and Housing Act.

27.    Defendants' conduct above described is in violation of various statues and the decisional law of this state and country, including but not limited to the FEHA, *California Government Code* § 12940 et. seq.; *Title VII Civil Rights Act of 1964*; *Scott v. Pacific Gas and Elec. Co.* (1995) 11 Cal. 4th 454, 464; *Stephens v. Coldwell Banker Commercial Group, Inc*. (1988) 199 Cal. App. 3d 1394, 1399-1401; California Constitution Article I, Section 8.

28.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and severe emotional distress.

29.    As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of stock benefits, loss of earning capacity, loss

1    of job opportunity and other losses.

2        30.    Defendants' conduct described above was willful, despicable, knowing, and

3    intentional; accordingly, Plaintiff seeks and award of punitive damages and exemplary damages in

4    an amount according to proof.

5        31.    Plaintiff also seeks attorneys' fees in an amount according to proof.

6

7                        **SECOND CAUSE OF ACTION**

8                    **HARASSMENT IN VIOLATION OF FEHA,**

9                **GOVERNMENT CODE SECTION 12940 ET SEQ.**

10        (**Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10**)

11        32.    Plaintiff incorporates by this reference as though set forth in full the allegations of

12    the preceding paragraphs of this Complaint.

13        33.    FRANK was subjected to a workplace permeated with discriminatory intimidation,

14    ridicule and insult that was sufficiently severe or pervasive to alter the conditions of his employment

15    and to create an abusive working environment.

16        34.    Defendants blatantly encouraged an environment for harassment.  During the relevant

17    periods of this Complaint, Defendants and each of them harassed and intimidated the Plaintiff by

18    creating and maintaining a hostile work environment through pervasive and continuous harassment

19    and discrimination against FRANK that was so offensive and severe that it substantially detrimentally

20    altered the terms and conditions of Plaintiff's employment.  The aforementioned acts and omissions

21    constitute harassment and a hostile work environment under *Government Code* §12940(j) et. seq.

22        35.    As a result of Defendants' conduct during their employment, Plaintiff has suffered

23    and continues to suffer embarrassment, humiliation, emotional distress and mental anguish, all of

24    which contributes to his damages in an amount according to proof in excess of the jurisdictional

25    minimums of this Court.  Moreover, Plaintiff was forced to employ attorneys to prosecute this

26    action and Plaintiff is entitled to attorney's fees and costs in accordance with case and statutory

27    authority.

28

36. Defendants' conduct described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive damages and exemplary damages in an amount according to proof.

37. Plaintiff is informed and believes and based thereon alleges that in doing the acts or failing to take action as herein alleged, TESLA, and DOES 1 through 10 have acted and are acting with full knowledge of the consequences and harm being caused to Plaintiff. Such conduct is fraudulent, willful, oppressive and malicious such that Plaintiff is entitled to punitive and exemplary damages against TESLA in accordance with Civil Code § 3294.

**THIRD CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF FEHA,**

**GOVERNMENT CODE SECTION 12940 ET SEQ.**

**(Plaintiff FRANK against Defendant TESLA**

**and DOES 1 through 10 )**

38. Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

39. FRANK was subjected to a workplace permeated with discriminatory intimidation, ridicule and insult that sufficiently severe or pervasive to alter the conditions of his employment and to create a discriminatory and abusive working environment. Throughout his employment with Defendants, FRANK was subjected to racial discrimination, including but not limited to, being passed over for promotion at least four times and racially based comments and insults.

40. Defendants blatantly encouraged an environment for racial harassment and discrimination. During the relevant periods of this Complaint, Defendants and each of them harassed intimidated, and discriminated against Plaintiff by creating and maintaining a hostile work environment through pervasive and continuous harassment and discrimination against FRANK that was so offensive and severe that it substantially detrimentally altered the terms and conditions of

9

FIRST AMENDED COMPLAINT

Plaintiff's employment.   The aforementioned acts and omissions constitute discrimination, harassment and a hostile work environment under *Government Code* §12940 et. seq.

41.    As a result of Defendants' conduct during their employment of Plaintiff, Plaintiff has suffered and continues to suffer embarrassment, humiliation, emotional distress and mental anguish, all of which contributes to her damages in an amount according to proof in excess of the jurisdictional minimums of this Court.   Moreover, Plaintiff was forced to employ attorneys to prosecute this action and Plaintiff is entitled to attorney's fees and costs in accordance with case and statutory authority.

42.    Defendants' conduct described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks and award of punitive damages and exemplary damages in an amount according to proof.   Plaintiff is informed and believes and based thereon alleges that in doing the acts or failing to take action as herein alleged, TESLA, and DOES 1 through 9 have acted and are acting with full knowledge of the consequences and harm being caused to Plaintiff.   Such conduct is fraudulent, willful, oppressive and malicious such that Plaintiff is entitled to punitive and exemplary damages against TESLA in accordance with Civil Code §3294.

**FOURTH CAUSE OF ACTION**
**FAILURE TO REMEDY AND/OR PREVENT**
**DISCRIMINATION AND HARASSMENT IN**
**VIOLATION OF FEHA, GOVERNMENT CODE SECTION 12940 ET SEQ.**
(**Plaintiff FRANK against Defendant TESLA and DOES 1 through 10**)

43.    Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

FIRST AMENDED COMPLAINT

44.    FRANK was subjected to a workplace permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive working environment.   Throughout his employment with the Defendants, FRANK was subjected to harassment by Suzie Hatzis; and others employed by Defendant Tesla.

45.    Defendants knew of the harassment and/or reasonably should have known of the harassment as Defendants had received multiple complaints from employees about Suzie Hatzis and failed to conduct an investigation in good faith or act to prevent and/or remedy against the harassment in violation of *Government Code* §12940(j)(1).   Further, Defendants failed to take all reasonable measures to prevent harassment from occurring in violation of *Government Code* §12940(k).   Plaintiff filed a timely charge of discrimination and harassment with the California Department of Fair Employment and Housing and received a Right to Sue Letter.

46.    As a result of Defendants' conduct during their employment of Plaintiff, Plaintiff has suffered and continues to suffer embarrassment, humiliation, emotional distress and mental anguish, all of which contributes to her damages in an amount according to proof in excess of the jurisdictional minimums of this Court.   Moreover, Plaintiff was forced to employ attorneys to prosecute this action and Plaintiff is entitled to attorney's fees and costs in accordance with case and statutory authority.

47.    Defendants' conduct described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks and award of punitive damages and exemplary damages in an amount according to proof.

### FIFTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 1194 ET. SEQ.

### (**Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10**)

48.    Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

49.    Plaintiff performed work for Defendant Tesla, including overtime work.

50.    Defendant Tesla knew or should have known that Plaintiff worked overtime hours.

51.    Plaintiff was not paid for overtime work by Defendant Tesla.

52.    Plaintiff is entitled to overtime wages, interest thereon, attorney's fees, and costs of suit, in addition to waiting time penalties.

53.    Waiting time penalties are for Defendant failing to timely pay all overtime wages with Plaintiff's final paycheck. The waiting time penalty is Plaintiff's average daily wage, for 30 days.

### SIXTH CAUSE OF ACTION

### FRAUDULENT INDUCEMENT IN VIOLATION OF LABOR CODE SECTION 970

### (Plaintiff FRANK against Defendant TESLA, and DOES

### 1 through 10)

54.    Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

55.    Labor Code Section 970 provides as follows:

***No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside***, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either:

**(a)** The kind, character, or existence of such work;

**(b)** ***The length of time such work will last, or the compensation therefor***;

**(c)** The sanitary or housing conditions relating to or surrounding the work;

**(d)** The existence or nonexistence of any strike, lockout, or other labor dispute affecting it and pending between the proposed employer and the persons then or last engaged in the performance of the labor for which the employee is sought. (Emphasis Added.)

56.    Recruiter Vincent Duran specifically targeted and recruited FRANK to work for

TESLA. One of the incentives to accept the job was TESLA's promise of stock options. However, as set forth in more detail, *below*, FRANK lost a significant amount of money in stock benefits (Restricted Stock Units, "RSUs") because he was wrongfully constructively terminated prior to full vesting (i.e. FRANK's employment was wrongfully constructively terminated before his stock options fully vested at four years of employment with TESLA.)  TESLA appears to intentionally terminate employment before employees can receive vested stock benefits.

57.    FRANK also seeks damages for the costs of uprooting from Orange County, California to San Diego, California, expenses incurred in relocation, and the loss of security and income associated with this employment. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 648-649 (1996).


## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Plaintiff FRANK against Defendant TESLA, and DOES

### 1 through 10)

58.    Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

59.    Defendants' conduct caused Plaintiff to suffer severe emotional distress (including, but not limited to: stress, anxiety, depression, headaches, sleep problems)

60.    As a result of Defendants' conduct, Plaintiff suffered severe emotional distress, as indicated above.

61.    As a result of Defendants' conduct, Plaintiff was harmed, and Defendants' behavior was a substantial factor in causing Plaintiff harm.

62.    As a direct and proximate result of said tortuous acts, omissions or conduct of Defendants, as herein alleged, Plaintiff has sustained and incurred injuries and damages (both general and special) and is certain in the future to sustain and incur losses (both incidental and consequential).

63.    The acts of Defendants were done with malice in that Defendants' conduct was intended by the Defendants to cause injury to Plaintiff or was despicable conduct which was carried

1  on by Defendants with a willful and conscious disregard of the rights of Plaintiff.  In addition,
2  Defendants' actions were oppressive in that Defendants' conduct was despicable and subjected
3  Plaintiff to cruel and unjust hardship in conscious disregard of his rights. Therefore, an award of
4  punitive damages is sought.

5

6                            **EIGHTH CAUSE OF ACTION**
7                      **FAILURE TO PROVIDE MEAL BREAKS**
8             (**Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10**)

9       64.    Plaintiff incorporates by this reference as though set forth in full the allegations of
10  the preceding paragraphs of this Complaint.

11      65.    California Industrial Welfare Commission ("IWC") Wage order No. 4-2001 mandates
12  that employees are entitled to an off-duty meal break of not less than 30 minutes for every five-hour
13  period worked and a second meal break of not less than 30 minutes for every 10 hour period
14  worked.  The meal break must be for an uninterrupted 30 minutes, during which employees must be
15  relieved of all duties.  California Labor Code Section 512 codifies this requirement.  In addition,
16  California Labor Code Section 226.7 states that "if an employer fails to provide an employee a meal
17  period or rest period in accordance with an applicable order of the Industrial Welfare Commission,
18  the employer shall pay the employee one additional hour of pay at the employee's regular rate of
19  compensation for each work day that the meal or rest period is not provided."

20      66.    While Plaintiff was an hourly employee, Plaintiff was consistently required by
21  Defendants to work without being provided the required thirty (30) minute uninterrupted meal
22  breaks.

23      67.    Plaintiff is entitled to recover an amount equal to one hour of wages per missed meal
24  break, in addition to interest, applicable penalties, attorneys' fees and costs.

25      68.    Pursuant to California Labor Code Section 558, any employer who violates any
26  provision of an IWC order is subject to a civil penalty of fifty dollars ($50) for an initial violation
27  and one hundred ($100) for each subsequent violation per pay period.  These civil penalties are
28  recoverable by Plaintiff.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS**

(**Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10**)

69.    Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

70.    California Industrial Welfare Commission ("IWC") Wage order No. 4-2001 mandates that employees are entitled to a paid, off-duty 10-minute rest break for every approximately four-hour period worked.  California Labor Code Section 226.7 states that "if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."  Plaintiff consistently worked with no rest breaks.

71.    Throughout Plaintiff's employment while he was an hourly employee, Defendants prohibited Plaintiff from taking a 10-minute rest break for every period of approximately four hours worked.

72.    Plaintiff is entitled to recover an amount equal to one hour of wages per missed rest break, in addition to interest, applicable penalties, attorneys' fees and costs.

73.    Pursuant to California Labor Code Section 558, any employer who violates any provision of an IWC order is subject to a civil penalty of fifty dollars ($50) for an initial violation and one hundred ($100) for each subsequent violation per pay period.  These civil penalties are recoverable by Plaintiff.

**TENTH CAUSE OF ACTION**

**WRONGFUL FAILURE TO PROMOTE IN VIOLATION OF FEHA,**

**GOVERNMENT CODE SECTION 12940 ET SEQ.**

(**Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10**)

74.  Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

15

75. Plaintiff believes and thereon alleges that his race/national origin/ancestry was a factor in Defendants' wrongful denials of promotion, as stated, above, and incorporated herein. More specifically: FRANK was not promoted at least four times because of his race; During FRANK's employment at TESLA, every African-American salesperson at the UTC San Diego TESLA location was fired; To FRANK's knowledge he was the *only* African-American manager at TESLA during the time he was employed, ***throughout the entire company***.

76. At all times herein relevant, there was an employer/employee, agency, or other qualified relationship between Plaintiff and Defendants. *California Government Code* § 12940 et seq.

77. Plaintiff's denials of promotion were wrongful because he was denied promotions because of his race/national origin/ancestry in violation of *California Government Code* § 12940 et. seq.

78. Defendants' conduct above described is in violation of various statues and the decisional law of this state and country, including but not limited to the FEHA, *California Government Code* § 12940 et. seq.; *Title VII Civil Rights Act of 1964*; *Scott v. Pacific Gas and Elec. Co.* (1995) 11 Cal. 4th 454, 464; *Stephens v. Coldwell Banker Commercial Group, Inc.* (1988) 199 Cal. App. 3d 1394, 1399-1401; California Constitution Article I, Section 8.

79. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and severe emotional distress.

80. As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

81. Defendants' conduct described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks and award of punitive damages and exemplary damages in an amount according to proof.

82. Plaintiff also seeks attorneys' fees in an amount according to proof.

**ELEVENTH CAUSE OF ACTION**

**FRAUD – NEGLIGENT MISREPRESENTATION**

(**Plaintiff FRANK against Defendant TESLA, Defendant SUZIE HATZIS and DOES 1 through 9**)

83.     Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein, and further alleges:

84.     Plaintiff was harmed because Defendants negligently misrepresented facts.

85.     Defendants represented to Plaintiff that certain facts were true, including, but not limited to, that Plaintiff had permission to and could appear in a commercial for the Audi e-tron (to be shown during Super Bowl 2020), and specifically gave Plaintiff the days off from work to shoot the commercial for the Audi e-tron.

86.     Defendants' representation was *not* true. Defendants' statements were representations of fact because Defendants had special knowledge about the subject matter that Plaintiff did not have.

87.     Defendants made representations, not as a casual expression of belief, but in a way that declared the matter to be true as Plaintiff's employer.

88.     Defendants had a relationship of trust and confidence with Plaintiff as Plaintiff's employer, and as such, Defendants had reason to expect that Plaintiff would rely on their opinion.

89.     Even if Defendants believed that these representations were true, Defendants had no reasonable grounds for believing these representations were true when they made the representations since they did not clear Plaintiff's appearing in a commercial for the Audi e-tron with Elon Musk (who later directed that Plaintiff resign or be fired in part for appearing in the commercial.)

90.     Defendants intended that Plaintiff rely on these representations.

91.     Plaintiff reasonably relied on Defendants' representations.

92.     Plaintiff was harmed as a result of Defendants' false representations.  Plaintiff's

reliance on Defendants' representations was a substantial factor in causing his harm.

93.    As a direct and proximate result of said tortuous acts, omissions or conduct of Defendants, as herein alleged, Plaintiff has sustained and incurred injuries and damages (both general and special) and is certain in the future to sustain and incur losses (both incidental and consequential).

94.    The actions of Defendants were done with malice in that Defendants' conduct was despicable conduct which was carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff.

95.    Defendants were aware of the probable dangerous consequences of their conduct, and willfully and deliberately failed to avoid those consequences.  In addition, Defendants' actions were oppressive in that Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of Plaintiff.

96.    Defendants' actions were also fraudulent in that Defendants negligently misrepresented and concealed material facts known to the Defendants with an intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury.  Therefore, an award of punitive damages is sought.

## TWELFTH CAUSE OF ACTION
## FRAUD – CONCEALMENT
### (Plaintiff FRANK against Defendant TESLA, Defendant HATZIS, and DOES 1 through 9)

97.    Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein, and further alleges:

98.    Plaintiff was harmed because Defendants concealed certain information.

99.    Plaintiff was in a fiduciary relationship with Defendants because they were his employer.

100.    Defendants intentionally failed to disclose certain facts to Plaintiff; disclosed some

facts to Plaintiff but intentionally failed to disclose other facts, making the disclosure deceptive; and intentionally failed to disclose certain facts that were known only to them and that Plaintiff could not have discovered.

101.    Plaintiff did not know of the concealed facts.

102.    Defendants intended to deceive Plaintiff by concealing the facts.

103.    Had the omitted information been disclosed, Plaintiff reasonably would have behaved differently.

104.    Plaintiff was harmed as a result of this failure to disclose material information by his employer.

105.    Defendants' concealment was a substantial factor in causing Plaintiff's harm.

106.    As a direct and proximate result of said tortuous acts, omissions or conduct of Defendant, as herein alleged, Plaintiff has sustained and incurred injuries and damages (both general and special), and is certain in the future to sustain and incur losses (both incidental and consequential).

107.    The actions of Defendants were done with malice in that Defendants' conduct was despicable conduct which was carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff.

108.    Defendants were aware of the probable dangerous consequences of their conduct, and willfully and deliberately failed to avoid those consequences.  In addition, Defendants' actions were oppressive in that Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of Plaintiff.

109.    Defendants' actions were also fraudulent in that Defendants negligently misrepresented and concealed material facts known to the Defendants with an intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury.  Therefore, an award of punitive damages is sought.

**THIRTEENTH CAUSE OF ACTION**

**PROMISSORY FRAUD**

**(Plaintiff FRANK against Defendant TESLA, and DOES**

**1 through 10)**

110.    Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

111.    A promise was made to Plaintiff regarding a material fact (i.e. that Plaintiff would be paid for relocation expenses for moving from Orange County, California to San Diego, California.)

112.  At the time of making this promise, Defendants did not intent to pay Plaintiff for relocation expense.

113.  Defendants' promise to pay Plaintiff for relocation expenses was made with the intent to deceive and the intent to induce Plaintiff to relocate to San Diego and to pay for his own relocation expenses.

114.  Plaintiff relied on Defendants' promise and relocated to San Diego.

115.  Defendants did not pay for Plaintiff's relocation expenses as promised.

116.  Plaintiff seeks damages for the costs of uprooting from Orange County, California to San Diego, California, expenses incurred in relocation, and the loss of security and income associated with this employment. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 648-649 (1996).


**FOURTEENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTION 201**

**(Plaintiff FRANK against Defendant TESLA, and DOES 1 through 10)**

117.    Plaintiff incorporates by this reference as though set forth in full the allegations of the preceding paragraphs of this Complaint.

118.    Defendants violated Labor Code Section 201 by failing to pay Plaintiff a Performance-based Bonus, as set forth in more detail, above.

119.  Labor Code Section 201(a) provides: If an Employer discharges an Employee, the wages earned and unpaid at the time of the discharge are due and payable immediately.

120.  Plaintiff is entitled to his unpaid Performance Bonus, interest thereon, and waiting time penalties. Performance-based bonuses are considered earned wages. Therefore, Defendant is liable for "waiting time penalties" in ***addition to*** unpaid Performance Bonus wages and interest thereon, for failing to timely pay out the Performance Bonus with Plaintiff's final paycheck. The waiting time penalty is Plaintiff's average daily wage, for 30 days.

## **PRAYER FOR RELIEF**

1.      For compensatory damages;

2.      For special damages;

3.      For consequential damages according to proof;

4.      For incidental damages according to proof;

5.      For prejudgment interest;

6.      For costs incurred, including reasonable attorneys' fees;

7.      For punitive damages as to Defendants; and

8.      For any other and further relief as the Court may deem proper.

Dated:  January 15, 2022

BOHM WILDISH & MATSEN, LLP

By: _____

JAMES G. BOHM
JOANNE P. FREEMAN
Attorneys for Plaintiff
NAYMON FRANK

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

    Plaintiff hereby demands a jury trial pursuant to California *<u>Code of Civil Procedure</u>* §631.

3

4

Dated:  January 15, 2022                BOHM WILDISH & MATSEN, LLP

5

6

                            By:    _____

7

                                   JAMES G. BOHM

8

                                   JOANNE P. FREEMAN
                                   Attorneys for Plaintiff
                                   NAYMON FRANK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 14, 2022

Sherry Graybehl Dantony
695 Town Center Drive, 700
Costa Mesa, California 92626

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202201-15856114
       Right to Sue: FRANK / TESLA, INC.

Dear Sherry Graybehl Dantony:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 14, 2022

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202201-15856114
       Right to Sue: FRANK / TESLA, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                           GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 14, 2022

NAYMON FRANK
695 Town Center Dr., Suite 700
Costa Mesa, CA 92626

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202201-15856114
Right to Sue: FRANK / TESLA, INC.

Dear NAYMON FRANK:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 14, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

2

3

4

**In the Matter of the Complaint of**

5

NAYMON FRANK                                                    DFEH No. 202201-15856114

6

                                            Complainant,

7

vs.

8

TESLA, INC.
10250 Santa Monica Blvd., Suite 1340

9

Los Angeles, CA 90067

10

                                            Respondents

11

_____

12

**1.** Respondent **TESLA, INC.** is an **employer** subject to suit under the California Fair

13

Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15

**2**. Complainant **NAYMON FRANK**, resides in the City of **Costa Mesa,** State of **CA.**

16

17

**3**. Complainant alleges that on or about **February 1, 2020**, respondent took the
following adverse actions:

18

**Complainant was harassed** because of complainant's race, color.

19

**Complainant was discriminated against** because of complainant's race, color and as a

20

result of the discrimination was terminated, forced to quit, denied hire or promotion.

21

**Complainant experienced retaliation** because complainant reported or resisted any form
of discrimination or harassment and as a result was terminated, forced to quit.

22

23

**Additional Complaint Details:** NAYMON FRANK ("FRANK") began his employment with
TESLA, INC. ("TESLA") on or about August 15, 2016, in sales, with the title of Owner

24

Advisor in Newport Beach, California.  One of the incentives to accept the job was TESLA's
promise of stock options. However, FRANK lost a significant amount of money in stock

25

26

-1-

*Complaint – DFEH No. 202201-15856114*

27

Date Filed: January 14, 2022

28

Form 0T_157EAC345513 (Revised 12/21)                                          DFEH-ENF 80 RS

benefits (Restricted Stock Units, "RSUs") because he was wrongfully constructively terminated prior to full vesting (i.e. FRANK's employment was wrongfully constructively terminated before his stock options fully vested at four years of employment with TESLA.) TESLA appears to intentionally terminate employment before employees can receive vested stock benefits.

While working as an Owner Advisor in Newport Beach, California, FRANK also was a Regional Trainer, training employees at the Buena Park, Brea, and Costa Mesa locations, among other locations.

On or about November 1, 2018, FRANK relocated to the UTC (University Town Center) TESLA location in San Diego; FRANK's title changed to that of Assistant Store Manager. Although TESLA told FRANK that his relocation costs would be paid, FRANK was never reimbursed and ended up paying the costs of relocating to San Diego himself. FRANK became a salaried employee when he became an Assistant Store Manager (prior to that time, FRANK was an hourly employee.) FRANK accepted the new position of Assistant Store Manager (although the pay – without the bonuses FRANK received as an Owner Advisor - was lower than the position of Owner Advisor), because he had been informed by TESLA that the way to move up in the TESLA corporation was to get into management. FRANK had the expectation that he would be eligible for promotions in management once he accepted the Assistant Store Manager position.

However, despite the fact that during FRANK's employment with TESLA at the Newport Beach and San Diego locations, the TESLA Newport Beach location was ranked first in sales, and the TESLA San Diego location was ranked second in sales, FRANK was never promoted above the title of Assistant Store Manager. FRANK estimates that he was passed over for a promotion at least four times while at TESLA. For example, FRANK trained employee Chris Bisson, and then Bisson was promoted to Store Manager at the San Diego UTC location (while FRANK remained Assistant Store Manager at the same location.)

On December 13, 2019, FRANK received word that he had been selected for an Audi commercial for the Audi e-tron (to be shown during Super Bowl 2020.) Although FRANK had never been told of and had never received from TESLA any policy prohibiting him from working as an actor while employed at TESLA (or specifically appearing in a car commercial), out of over-abundance of caution, FRANK asked his boss Kristina Holt (Store Manager) whether it would be okay if he appeared in the Audi e-tron commercial, which would air during the 2020 Super Bowl. More specifically, FRANK told Holt on December 14, 2019, that he had been selected to appear in the Audi commercial, and Holt told FRANK that she had cleared FRANK's appearing in the Audi e-tron commercial with Suzie Hatzis (Regional Manager) the same day. Holt specifically gave FRANK the days off that FRANK needed to shoot the Audi e-tron commercial (i.e. December 21 and December 22, 2019.) No one said anything to FRANK about a potential conflict of interest in appearing in a commercial for a competitor.

The Audi e-tron commercial aired during the Super Bowl on January 31, 2020. On February 1, 2020, which was FRANK's first day on the job as Assistant Store Manager in Santa Monica, Isabella Merrick called FRANK and told him that she (Merrick) was offering FRANK the opportunity to resign (which would allow for the possibility of being re-hired); if FRANK didn't resign by the end of the call with Merrick, Merrick told FRANK he would be fired. Not having any other option than to be fired (with no chance of being re-hired), FRANK

-2-
*Complaint – DFEH No. 202201-15856114*

Date Filed: January 14, 2022

Form 0T_157EAC345513 (Revised 12/21)                                                           DFEH-ENF 80 RS

resigned (i.e. he was constructively terminated.)  The pre-textual reason for asking FRANK to resign or be terminated was that FRANK's appearing in an Audi e-tron commercial was a conflict of interest.  Merrick, at the time, knew that FRANK had requested and was given permission by TESLA management to appear in the Audi e-tron commercial.

FRANK experienced a hostile work environment during his employment with TESLA, sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive working environment including but not limited to:

•    Being harassed because of his race—African-American.

•    Not being promoted at least four times because of his race.

•    During FRANK's employment at TESLA, every African-American salesperson at the UTC San Diego TESLA location was fired.

•    To FRANK's knowledge he was the only African-American manager at TESLA during the time he was employed, throughout the entire company.

•    FRANK was told by manager Suzie Hatzis during a performance review that he looked "intimidating."  When FRANK asked Hatzis to provide clarification, Hatzis told FRANK (an African-American man) that he "can be a scary-looking guy." FRANK said that this was not a fair statement, and asked Holt to remove these comments from his performance review.  FRANK also called and made a written complaint to Human Resources.

•    Although FRANK followed all TESA policies, FRANK was told by manager Suzie Hatzis that he "doesn't follow our rules", and "doesn't play ball."

•    Suzy Hatzis also tried to write-up FRANK for taking a test-drive car from the Vegas Hub to the call center, while FRANK was working at the Las Vegas TESLA location, when his use of the car was authorized.

FRANK's constructive termination was wrongful because he was forced to quit in part because of racial discrimination and harassment.

FRANK was retaliated against because he did an Audi e-tron commercial after getting permission to do so from TESLA.  FRANK was also retaliated against for being African-American.

-3-

*Complaint – DFEH No. 202201-15856114*

Date Filed: January 14, 2022

VERIFICATION

I, **Sherry Graybehl D'Antony**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On January 14, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Costa Mesa, CA**

-4-
*Complaint – DFEH No. 202201-15856114*

Date Filed: January 14, 2022

Form 0T_157EAC345513 (Revised 12/21)                                    DFEH-ENF 80 RS

**PROOF OF SERVICE**
Naymon Frank v. Tesla, Inc., et. al.
LASC - 22STCV01712

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
I am over 18 years of age and not a party to this action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626. On **February 15, 2022**, I served the following document(s):

- **FIRST AMENDED COMPLAINT**

I served the above-referenced document(s) on the following person(s) in the following manner:

| | |
|---|---|
| Kiran S. Lopez, Esq.<br>**TESLA, INC.**<br>901 Page Avenue<br>Fremont, CA 94537<br>kirlopez@tesla.com | Attorneys for Defendants<br>Tesla, Inc., and Suzie Hatzis |

☐ **BY PERSONAL SERVICE**: I caused the above-referenced document(s) to be personally delivered to the person(s) at the address(es) above.

☐ **BY OVERNIGHT MAIL**: I am readily familiar with the practice of the Law Offices of Bohm Wildish & Matsen, LLP. for the collection and processing of correspondence for overnight delivery and known that the document(s) described herein will be deposited in a box or other facility regularly maintained by overnight mail service for overnight delivery.

☒ **BY E-MAIL/ELECTRONIC TRANSMISSION**: On **February 15, 2022**, I caused the above-referenced document(s) to be transmitted by electronic mail from lli@bohmwildish.com to the e-mail address(es) of the addressee(s) pursuant to Rule 2.251 of the California Rules of Court. The transmission was complete and without error and I did not receive, within reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **ELECTRONIC SERVICE [*e-Service*] VIA FIRST LEGAL / FILE & SERVE*XPRESS* / ONELEGAL**: On **Tuesday, February 15, 2022**, I caused the above-referenced document(s) to be electronically served by submitting the electronic version of the document(s) to **FIRST LEGAL / FILE & SERVE*XPRESS* / ONELEGAL**, through their web interface at www.FirstLegal.com / www.secure.fileandserveexpress.com / www.OneLegal.com, which caused the documents to be sent by electronic transmission to the addressee(s) listed on the service list. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above statements are true and correct. Executed on **February 15, 2022** at Costa Mesa, California.

_____
Lance Li

PROOF OF SERVICE

1

**<u>PROOF OF SERVICE</u>**

2

      I, William Nervis, declare:

3

4

      I am a citizen of the United States and employed in Alameda County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 901 Page Ave., Fremont, CA 94538.  On March 9, 2022, I filed a copy of the within document(s):

5

6

      **DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

7

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8

9

☒   by filing the document(s) listed above for electronic filing via ECF/PACER to the United States Federal Court, Central District of California.

10

☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a <u>Delivery Service</u> agent for delivery.

11

12

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

☐   by transmitting via my electronic service address (<u>wnervis@tesla.com</u>) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

14

15

16

17

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

      Executed on March 9, 2022, at Palm Desert, California.

21

22

_____

23

          William Nervis

24

25

26

27

28

- 1 -