KIRAN S. LOPEZ (SBN 252467)
TESLA, INC.
901 Page Avenue
Fremont, California 94538
Telephone: (510) 239-1413
kirlopez@tesla.com

Attorneys for Defendants
TESLA, INC. and SUZIE HATZIS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYMON FRANK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a corporation; SUZIE HATZIS, an individual; and DOES 1 through 49, inclusive,<br><br>Defendant. | Case No. 2:22-cv-01590-MEMF(AGRx)<br><br>**DEFENDANT TESLA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date:       May 12, 2022<br>Time:       10:00 a.m.<br>Location: United States Courthouse<br>             350 West 1st Street<br>             Courtroom 8B, 8th Floor<br>             Los Angeles, CA 90012<br><br>**[Filed concurrently with Defendant Tesla, Inc.'s Notice of Motion and Motion to Compel Arbitration and Stay Proceedings; Defendant Tesla, Inc.'s Request for Judicial Notice; Declarations of Ben Flesch and Kiran S. Lopez; (Proposed) Order; and Request for Remote Appearance at Hearing]**<br><br>*Complaint Filed: 1/14/2022*<br>*First Amended Complaint Filed: 2/15/2022*<br>*Trial Date: None.* |

# <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ..................................................................................... 1

II.     FACTUAL BACKGROUND ...................................................................... 1

    A. The Parties Entered Into An Enforceable Arbitration Agreement ................ 1

    B. All of Plaintiff's Causes of Action Relate to His Employment ..................... 2

    C. Plaintiff Filed This Action in Violation of the Arbitration Agreement
       and Then Refused to Arbitrate ...................................................................... 2

III.    THE PARTIES' ARBITRATION AGREEMENT SHOULD BE ENFORCED ..... 3

    A. The Federal Arbitration Act Applies To The Arbitration Agreement ........... 3

    B. Both Federal and California Law Favor Employment-Related
       Arbitration Agreements ................................................................................ 4

    C. The Parties Agreed to Arbitrate Their Disputes ........................................... 6

    D. Plaintiff's Claims Against Tesla Are Within the Scope
       of the Arbitration Agreement ....................................................................... 6

    E. The Arbitration Agreement Is Valid and Enforceable .................................. 7

           *i.*    *The Arbitration Agreement Is Procedurally Fair* ..................... 9

           *ii.*    *The Arbitration Agreement Is Substantively Fair* ................... 11

               1. The Arbitration Agreement Provides For A
                   Neutral Arbitrator .......................................................... 12

               2. The Arbitration Agreement Provides For
                   Adequate Discovery ...................................................... 13

               3. The Arbitration Agreement Requires A Written
                   Award ............................................................................ 13

               4. The Arbitration Agreement Provides For
                   Adequate Remedies ....................................................... 13

     5.  The Arbitration Agreement Does Not
Impose Unreasonable Costs ........................................... 14

     6.  The Arbitration Agreement Is Bilateral ........................ 14

IV.   THE NONSIGNATORY DEFENDANT SUZIE HATZIS MAY ALSO
ENFORCE THE ARBITRATION AGREEMENT ................................ 15

V.   THE COURT SHOULD SEVER ANY TERM DEEMED UNCONSCIONABLE
AND ENFORCE THE REMAINDER OF THE ARBITRATION
AGREEMENT ....................................................................................... 16

VI.  THE COURT SHOULD STAY PROCEEDINGS PENDING COMPLETION
OF THE ARBITRATION ....................................................................... 16

VII.   CONCLUSION .......................................................................... 17

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*24 Hour Fitness, Inc. v. Sup. Ct.*,
  66 Cal.App.4th 1199 (1998).............................................................. 10, 11, 12, 15

*Allied-Bruce Terrains Cos., v. Foundation. Health Psychcare Services, Inc.*,
  24 Cal. 4th 83 (2000)......................................................................................... 4

*American Express Co. v. Italian Colors Rest.*,
  570 U.S. 228 (2013) ....................................................................................... 3, 4

*Armendariz v. Foundation. Health Psychcare Services, Inc.*,
  24 Cal. 4th 83 (2000).................................................................................... passim

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ....................................................................................... 3, 4

*AT&T Mobility LLC v. Concepcion*,
  131 S.Ct. 1740 (2011) ........................................................................................ 5

*AT&T Techs, Inc. v. Comm'ns Workers of Am.*,
  475 U.S. 643 (1986) ........................................................................................... 7

*Bernhardt v. Polygraphic Co. of America, Inc.*,
  350 U.S. 198 (1956) ........................................................................................... 3

*Bigler v. Harker School*,
  213 Cal.App.4th 727 (2013) .............................................................................. 9

*Bolanos v. Khalatian*,
  231 Cal.App.3d 1586 (1991) ............................................................................ 11

*Bolter v. Superior Court*,
  87 Cal.App.4th 900 (2001) ............................................................................... 16

*Brookwood v. Bank of America*,
  45 Cal.App.4th 1667 (1996) ............................................................................ 10

*Boucher v. Alliance Title Co., Inc.*,
  127 Cal.App. 267 (2005) .................................................................................. 15

*Buggs v. Tesla, Inc.*,
  Case No. RG20054661 (2022) ........................................................................... 5

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000) ........................................................................... 6

*Circuit City Stores, Inc. v. Najd*,
  294 F.3d 1104 (2002) ........................................................................................ 8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

*Citizens Bank v. Alafabco, Inc.*,
  539 U.S. 52 (2003) .................................................................................... 4

*Coast Plaza Doctors Hosp. v. Blue Cross of California*,
  83 Cal.App.4th 677 (2000) ....................................................................... 7

*Condee v. Longwood Mgmt. Corp.*,
  88 Cal.App.4th 215 (2001) ....................................................................... 6

*Craig v. Brown & Root, Inc.*,
  84 Cal.App. 4th 416 (2000) .................................................................... 15

*Davis v. Tesla, Inc.*,
  Case No. RG20071150 (2021) ................................................................. 5

*DIRECTV, Inc. v. Imburgia*,
  136 S. Ct. 463 (2015) ............................................................................... 4

*Engalla v. Permanente Med. Grp., Inc.*,
  15 Cal.4th 951 (1997) .............................................................................. 8

*E.E.O.C. v. Luce, Forward, Hamilton & Scripps*,
  345 F.3d 742 (9th Cir. 2003) ................................................................... 9

*Ferguson v. Countrywide Credit Industries*,
  298 F.3d 778 (9th Cir. 2002) ................................................................. 16

*Fittante v. Palm Springs Motors, Inc.*,
  105 Cal.App.4th 708 (2003) ....................................................... 9, 12, 14

*Garcia v. Pexco, LLC*,
  11 Cal.App. 5th 782 (2017) .................................................................... 15

*Gevarges v. Tesla, Inc.*,
  Case No. RG20070850 (2021) ................................................................. 5

*Giuliano v. Inland Empire Personnel, Inc.*,
  149 Cal.App. 4th 1276 (2007) ............................................................. 3, 4

*Graham v. Scissor-Tail, Inc.*,
  28 Cal.3d 807 (1981) ............................................................................ 8, 9

*Green Tree Fin. Corp-Ala. V. Randolph*,
  531 U.S. 79 (2000) ................................................................................... 7

*Hidalgo v. Tesla Motors, Inc.*,
  2016 WL 3541198 (N.D. Cal. 2016) ....................................................... 5

*Howsam v. Dean Witter Reynolds, Inc.*,
  537 U.S. 79 (2002) ................................................................................... 6

*Kilgore v. KeyBank, Nat. Ass'n*,
  718 F.3d 1052 (2013) ............................................................................... 5

*Lagatree v. Luce, Forward, Hamilton & Scripps*,
  74 Cal.App.4th 1105 (1999) .................................................................... 9

iv

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

*Lane v. Francis Capital Mgmt. LLC*,
224 Cal.App. 4th 676 (2014) .................................................................... 13

*Lambert v. Tesla, Inc.*,
Case No. RG17854516 (2018 WL 317793) .............................................. 5

*Little v. Auto Stiegler, Inc.*,
29 Cal. 4th 1064, 1071 (2003) .................................................................. 5

*Lunn v. Allianz Global Corp. & Specialty SE*,
2019 WL 1242842 (C.D. Cal. 2019) ........................................................ 15

*Madden v. Kaiser Found. Hosps.*,
17 Cal.3d 688 (1976) ............................................................................ 5, 11

*Marcus v. Superior Court*,
75 Cal.App.3d 204 (1977) ........................................................................ 17

*Mercuro v. Superior Court*,
96 Cal.App.4th 167 (2002) ....................................................................... 16

*Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth*,
473 U.S. 614 (1985) ................................................................................... 7

*Moncharsh v. Heily & Blase.*,
3 Cal.4th 1 (1992) ...................................................................................... 5

*Morris v. Redwood Empire Bancorp*,
128 Cal.App.4th 1305 (2005) ................................................................... 11

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ................................................................................... 4, 7

*Murrain v. Tesla, Inc.*,
Case No. 18CV334861 (2019) .................................................................. 5

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev.*,
55 Cal.4th 223 (2012) ........................................................................... 7, 11

*Rent-A-Center, West, Inc. v. Jackson*,
561 U.S. 63 (2010) .................................................................................... 4

*Rodriguez v. Am. Techs, Inc.*,
136 Cal.App.4th 1110 (2006) ................................................................... 17

*Rodriguez v. Tesla, Inc.*,
Case No. RG18904409 (2019) ................................................................... 5

*Roman v. Superior Court*,
172 Cal.App.4th 1462 (2009) ................................................................ 8, 13

*Rosenthal v. Great Western Fin. Secs. Corp.*,
14 Cal.4th 394 (1996) ................................................................................ 6

*Rowe v. Exline*,
153 Cal.App. 4th 1276 (2007) .................................................................. 16

*Sanchez v. Carmax Auto*,
    224 Cal.App.4th 398 (2014) ................................................................. 9, 11

*Sanchez v. Valencia Holding Co., LLC*,
    61 Cal.4th 899 (2015) ............................................................................ 8

*Shearson/Am. Express, Inc. v. McMahon*,
    482 U.S. 220 (1987) ............................................................................... 7

*Sonic-Calabasas A, Inc. v. Moreno*,
    57 Cal.4th 1109 (2013) .......................................................................... 8

*Thomas v. Westlake*,
    204 Cal. App. 4th 605 (2012) .............................................................. 15

*United Transp. Union v. Southern Cal. Rapid Transit Dist.*,
    7 Cal.App.4th 804 (1992) ...................................................................... 7

*Vernon v. Drexel Burnham & Co.*,
    52 Cal.App.3d 706 (1975) .................................................................... 11

*Vianna v. Doctors' Mgmt. Co.*,
    27 Cal.App.4th 1186 (1994) ............................................................... 5, 7

**Statutes**

9 U.S.C. § 2 ................................................................................................ 3

9 U.S.C. § 3 .............................................................................................. 17

9 U.S.C. § 4 .............................................................................................. 17

California Code of Civil Procedure § 1281.4 ......................................... 17

California Rules of Court § 371 ................................................................ 6

**Other Authorities**

JAMS Rule 7(a) ....................................................................................... 12

JAMS Rule 17 .......................................................................................... 13

JAMS Rule 24(c) ..................................................................................... 14

JAMS Rule 24(h) ..................................................................................... 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Naymon Frank ("Plaintiff") willingly entered into a binding and enforceable arbitration agreement (the "Arbitration Agreement") with his former employer, Defendant Tesla, Inc. ("Tesla"). The terms of the Arbitration Agreement are both procedurally and substantively fair, and are in accordance with the principles set forth by both Federal and California law. All of Plaintiff's causes of action arise from his employment with Tesla and, therefore, are subject to the Arbitration Agreement. Because the Arbitration Agreement is valid, and because all of Plaintiff's claims clearly fall within its scope, his claims must be compelled to arbitration.

Tesla requested that Plaintiff consent to arbitration of this matter pursuant to the Arbitration Agreement, but Plaintiff refused – even though his claims concern matters explicitly covered by the Arbitration Agreement's unambiguous language, and Plaintiff has not denied that he signed the Arbitration Agreement. Accordingly, Tesla has no other adequate remedy than to seek the Court's intervention to compel arbitration. Tesla also respectfully requests that the Court stay all proceedings under the subject lawsuit until the arbitration is completed.

## II.    FACTUAL BACKGROUND

### A.    The Parties Entered Into An Enforceable Arbitration Agreement

Tesla is an automotive company with a mission to transition the world to sustainable energy through designing, manufacturing, and selling electric cars and solar products throughout the United States and the world. *See* accompanying Declaration of Ben Flesch ("Flesch Decl.,"), ¶2. On July 15, 2016, Plaintiff accepted Tesla's offer of employment by signing his offer letter by hand. *Id.*, ¶4 and Ex. A (signed offer letter).

The offer letter that Plaintiff agreed to and signed includes an arbitration clause (the "Arbitration Agreement"), which sets forth the parties' agreement to arbitrate all claims related to Plaintiff's employment. *Id.* Pursuant to the Arbitration Agreement, Plaintiff and Tesla agreed that:

[A]ny and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by ***final, binding and confidential arbitration*** in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes …

Ex. A to Flesch Decl. (emphasis in original).

Plaintiff began his employment with Tesla on July 25, 2016. Flesch Decl., ¶6.

### B. <u>All of Plaintiff's Causes of Action Relate to His Employment</u>

On January 14, 2022, Plaintiff filed the instant Complaint in the Superior Court of California for the County of Los Angeles. *See* concurrently filed Declaration of Kiran S. Lopez ("Lopez Decl."), ¶2 and Ex. 1 (Complaint). On February 15, 2022, Plaintiff filed the instant First Amended Complaint ("FAC") in the Superior Court of California for the County of Los Angeles. Lopez Decl., ¶4 and Ex. 2 (FAC). In the FAC Plaintiff named individual Suzie Hatzis as a Defendant ("Hatzis"). *Id*.

On March 9, 2022, Tesla removed this matter to the United States District Court for the Central District of California, based upon diversity jurisdiction. Lopez Decl., ¶5. Plaintiff alleges that he was employed by Tesla, and that he was harassed and discriminated against by Tesla and Hatzis based upon his race. Lopez Decl., Ex. 2 at ¶20. Plaintiff also alleges that he experienced wage and hour violations, and was wrongfully terminated. *Id*. at ¶¶17, 21. Every cause of action in the FAC and all of the factual allegations in support thereof clearly arise from Plaintiff's employment with Tesla and, therefore, are subject to the Arbitration Agreement.

### C. <u>Plaintiff Filed This Action in Violation of the Arbitration Agreement and Then Refused to Arbitrate</u>

Notwithstanding his express agreement to submit "any and all disputes, claims, or causes of action … arising from or relating to [his] employment, or the termination of [his] employment" to binding arbitration, Plaintiff filed this lawsuit alleging claims that all directly relate to his employment with Tesla. Flesch Decl., Ex. A (Arbitration Agreement); Lopez Decl., Ex. 2 (FAC).

On or about February 11, 2022, Tesla's counsel spoke on the telephone with Plaintiff's counsel, advised that Tesla had received the Complaint, and asked if Plaintiff would agree to stipulate to arbitration so that motion practice would not be necessary. Lopez Decl., ¶3. Plaintiff's counsel declined to so stipulate. *Id*. On March 18, 2022, Tesla's counsel emailed counsel for Plaintiff, provided Plaintiff's counsel with a copy of the Arbitration Agreement, asked if Plaintiff would submit his claims to arbitration, and offered to prepare a draft stipulation. *Id*., ¶6 and Ex. 3 (March 18, 2022 email with attachment). On March 21, 2022, Plaintiff's counsel responded to Tesla by email, and advised that Plaintiff would not stipulate to arbitration. Lopez Decl., ¶7 and Ex. 4 (March 18-22, 2022 email chain with attachment).

## III.   THE PARTIES' ARBITRATION AGREEMENT SHOULD BE ENFORCED

### A. The Federal Arbitration Act Applies To The Arbitration Agreement

The Federal Arbitration Act ("FAA") establishes a strong federal policy in favor of arbitration where a written arbitration agreement exists. *American Express Co. v. Italian Colors Rest.* (2013) 570 U.S. 228, 243 (noting that the FAA "reflects a federal policy favoring actual arbitration"); *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 337-338 (same). The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract, transaction, or refusal, ***shall be valid, irrevocable, and enforceable***[.]" 9 U.S.C. §2 (emphasis added). The FAA applies to the Arbitration Agreement because the Arbitration Agreement constitutes a contract involving interstate commerce. *Giuliano v. Inland Empire Personnel, Inc.* (2007) 149 Cal. App. 4th 1276, 1286. An agreement to arbitrate between an employer and its employee involves interstate commerce where there is a showing that the employee, while performing his or her duties under the employment contract, was working in commerce or was engaging in activity that affected commerce. *Bernhardt v. Polygraphic Co. of America, Inc.* (1956) 350 U.S. 198, 201.[1]

---

[1] "In deciding this issue, [the court] must broadly construe the phrase, 'evidencing a transaction involving commerce,' because the FAA 'embodies Congress' intent to provide for the enforcement of arbitration

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

The Arbitration Agreement, which governed Plaintiff's employment with Tesla, facilitated interstate commerce because Tesla's business, and Plaintiff's concomitant job duties, ultimately affected interstate commerce. Plaintiff was employed by Tesla most recently as a Customer Experience Manager in Sales & Delivery. Flesch Decl., ¶8. In the United States, Tesla builds all-electric vehicles at its factory in Fremont, California. *Id*., ¶2. Tesla's products are distributed from its Fremont facility through normal channels of interstate commerce. *Id*. Tesla's Fremont facility also uses materials that are obtained from other locations outside the state of California, thereby involving interstate commerce. *Id*. Plaintiff's work directly helped to facilitate these transactions in interstate commerce, thereby triggering the application of the FAA to the Arbitration Agreement.[2]

**B. Both Federal and California Law Favor Employment-Related Arbitration Agreements**

Under federal law, there is a strong presumption in favor of enforcing the Arbitration Agreement. The FAA reflects "both a 'liberal federal policy favoring arbitration' and the 'fundamental principle that arbitration is a matter of contract.'" *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 339 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 24); *Rent-A-Center, West, Inc. v. Jackson* (2010) 561 U.S. 63, 66. The Supreme Court has repeatedly reinforced that the FAA "reflects the overarching principle that arbitration is a matter of contract .... [and that] courts must 'rigorously enforce' arbitration agreements according to their terms[.]" *American Exp. Co. v. Italian Colors Restaurant*, (2013) 570 U.S. 228, 232 (internal quotations and citations omitted); *DIRECTV, Inc. v. Imburgia* (2015) 136 S. Ct. 463, 468 ("The Federal Arbitration Act is a law of the United States, and *Concepcion* is an authoritative interpretation of that

---

agreements within the full reach of the Commerce Clause." *Giuliano,* 149 Cal. App. 4th at 1286. The "term 'involving commerce' in the FAA" has been interpreted "as the functional equivalent of the more familiar term 'affecting commerce.'" *Citizens Bank v. Alafabco, Inc*. (2003) 539 U.S. 52.

[2] It is well-settled that corporations with multi-state business operations are engaged in "commerce" for purposes of the FAA. *Allied-Bruce Terrains Cos.*, 513 U.S. at 282 ("the multi-state nature" of defendants' business operations satisfied FAA's commerce requirement); *Giuliano,* 149 Cal. App. 4th at 1286-1287 (the FAA's interstate commerce requirement was met "[g]iven [employer's] undisputed interstate business activities [operating in California and Arizona] and the broad construction we must give to the phrase 'evidencing a transaction involving commerce.'"). Accordingly, the FAA applies here.

4

Act. Consequently, the judges of every State must follow it."). "The FAA mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Kilgore v. KeyBank, Nat. Ass'n*. (9th Cir. 2013) 718 F.3d 1052, 1058 (*en banc*) (internal quotation marks omitted).

California law compels the same result. California's public policy also strongly favors arbitration agreements. *Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1079; *Madden v. Kaiser Found. Hosps.* (1976) 17 Cal.3d 699, 706-07 ("[A]rbitration has become an accepted and favored method of resolving disputes . . . praised by the courts as an expeditious and economical method of relieving overburdened civil calendars."). That public policy includes employment claims. *See, generally, Armendariz v. Foundation Health Psycare Servs., Inc.* (2000) 24 Cal.4th 83. This strong policy in favor of enforcing arbitration agreements, acknowledged by California and federal courts alike, applies to arbitration agreements under state law and the FAA. *Concepcion*, 131 S. Ct. at 1749; *Vianna v. Doctors' Mgmt. Co.* (1994) 27 Cal.App.4th 1186, 1189; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.[3] Thus, under both the FAA and California law, this Court's

---

[3] The same arbitration agreement that is at issue in this litigation has been upheld throughout California on several occasions. *See* Tesla's concurrently filed Request for Judicial Notice at Ex. A (Order Granting Tesla's Motion to Compel Arbitration and Stay Litigation in *Hidalgo v. Tesla Motors, Inc.*, dated June 29, 2016 in the United States District Court for the Northern District of California, Case No. 5:15-cv-05185-BLF); Ex. B (Order Granting Tesla's Petition to Compel Arbitration (Motion) in *Lambert v. Tesla, Inc.*, dated July 19, 2017, in the Superior Court of the State of California, County of Alameda, Case No. RG17854516); Ex. C (Order Granting Tesla's Motion to Compel Arbitration and Denying Motion for Partial Summary Judgement in *Lambert v. Tesla, Inc.*, dated January 8, 2018 in the United States District Court for the Northern District of California, Case No. 17-cv-05369-VC (2018 WL 317793)); Ex. D (Order Affirming Granting of Tesla's Motion to Compel Arbitration in *Lambert v. Tesla, Inc.* (9th Cir. 2019) 923 F.3d 1246 (affirming Order Granting Tesla's Motion to Compel Arbitration and Denying Motion for Partial Summary Judgement in *Lambert v. Tesla, Inc.*, dated January 8, 2018 in the United States District Court for the Northern District of California, Case No. 17-cv-05369-VC (2018 WL 317793))); Ex. E (Order Granting Tesla's Petition to Compel Arbitration (Motion) in *Rodriguez v. Tesla, Inc.*, dated June 21, 2019 in the Superior Court of the State of California, County of Alameda, Case No. RG18904409); Ex. F (Order Granting Tesla's Motion to Compel Arbitration in *Murrain v. Tesla, Inc.*, dated July 21, 2019 in the Superior Court of the State of California, County of Santa Clara, Case No. 18CV334861); Ex. G (Order Granting Tesla's Motion to Compel Arbitration in *Gevarges v. Tesla, Inc.*, dated February 18, 2021 in the Superior Court of the State of California, County of Alameda, Case No. RG20070850); Ex. H (Order Granting Tesla's Petition to Compel Arbitration (Motion) in *Davis v. Tesla, Inc.*, dated July 29, 2021 in the Superior Court of the State of California, County of Alameda, Case No. RG20071150); and Ex. I (Order Granting Tesla's Motion to Compel Arbitration in *Buggs v. Tesla, Inc.*, dated January 24, 2022 in the Superior Court of the State of California, County of Alameda, Case No. RG20054661).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

role is limited to determining (1) whether the Arbitration Agreement encompasses the dispute at issue, and (2) whether the Arbitration Agreement is otherwise valid. 9 U.S.C. §4. Once this Court determines that "the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp v. Ortho Diagnostic Sys., Inc.* (9th Cir. 2000)207 F.3d 1126, 1130.

### C. <u>The Parties Agreed to Arbitrate Their Disputes</u>

There is no credible dispute here that Plaintiff and Tesla agreed to arbitrate, and that the claims Plaintiff brings in this action are within the scope of that agreement. *Howsam v. Dean Witter Reynolds, Inc.* (2002) 537 U.S. 79, 84 (trial court must ascertain whether an agreement to arbitrate exists, and whether the claims are within the scope of that agreement); *Rosenthal v. Great Western Fin. Secs. Corp.* (1996) 14 Cal.4th 394, 413 (same).

Though Tesla must prove that the parties entered into an agreement to arbitrate the claims at issue, its burden is light – Tesla is only required to show that an agreement exists by a preponderance of the evidence. *Howsam*, 537 U.S. at 84; *Rosenthal*, 14 Cal.4th at 413. To satisfy its burden, Tesla need only supply a copy of the Arbitration Agreement or recite its terms in this Motion. Cal. R. Ct. 371; *Condee v. Longwood Mgmt. Corp.* (2001) 88 Cal.App.4th 215, 218-19. Here, Tesla has met its burden by providing this Court with a true and correct copy of the Arbitration Agreement signed by Plaintiff, and attesting to the means by which that Arbitration Agreement was presented to and accepted by Plaintiff. Flesch Decl., ¶¶3-8 and Ex. A. Plaintiff's offer of employment with Tesla was expressly subject to Plaintiff's acceptance of the Arbitration Agreement. Flesch Decl., Ex. A. Plaintiff cannot now claim that he did not accept, or should not be subject to, the Arbitration Agreement he signed.

### D. <u>Plaintiff's Claims Against Tesla Are Within the Scope of the Arbitration Agreement</u>

There is similarly no viable dispute that the Arbitration Agreement covers the claims Plaintiff brings in this action. The scope of an arbitration agreement is determined by the

agreement itself, and such agreements are upheld unless it can be said with assurance that the agreement cannot be interpreted to cover the asserted dispute. *United Transp. Union v. Southern Cal. Rapid Transit Dist.* 7 (1992) Cal.App.4th 804, 808-09. The party opposing arbitration – here, Plaintiff – bears the burden of demonstrating that an arbitration clause does not require arbitration of the dispute. *Coast Plaza Doctors Hosp. v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 686-87.

The Arbitration Agreement expressly provides that Plaintiff and Tesla agree to arbitrate "any and all disputes, claims, or cause of action … arising from or relating to [Plaintiff's] employment, or the termination of [Plaintiff's] employment …" Flesch Decl., Ex. A. The FAC alleges employment discrimination based upon his race and wage and hour violations. *See* Lopez Decl., Ex 1. The entirety of the factual allegations in the Complaint concern or relate to Plaintiff's employment with Tesla. *Id.* Accordingly, it cannot be rationally disputed that Plaintiff's claims against Tesla fall squarely within the scope of the Arbitration Agreement. Even if there was any doubt as to whether the Arbitration Agreement covers the dispute, such doubt must be resolved in favor of arbitration. *AT&T Techs., Inc. v. Comm'ns Workers of Am.* (1986) 475 U.S. 643, 650 (doubts as to whether an asserted dispute is covered by an arbitration clause "should be resolved in favor of coverage") (internal quotation marks omitted).[4] Based on the plain language of the Arbitration Agreement, the Court should grant this Motion.

## E. The Arbitration Agreement Is Valid and Enforceable

Arbitration agreements governed by the FAA, such as the Arbitration Agreement here, are presumed to be valid and enforceable. *Shearson/Am. Express, Inc. v. McMahon* (1987) 482 U.S. 220, 226; *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth* (1985) 473 U.S. 614 at 626-27. The burden is on Plaintiff to prove otherwise. *Green Tree Fin. Corp.-Ala. v. Randolph* (2000) 531 U.S. 79, 92; *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt.*

---

[4] *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25 ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"); *Vianna*, 27 Cal.App.4th at 1189 (any "[d]oubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration.") (quotations and citation omitted).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

*Dev. (US) LLC* (2012) 55 Cal.4th 223, 236.

Similarly, in California, if the essential elements of a contract are present, the agreement shall be enforced so long as it is fair and conscionable – and Plaintiff bears the burden to establish that an arbitration agreement is unconscionable. *Armendariz,* 24 Cal.4th at 114 ("in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability," the plaintiff must prove that the agreement is both procedurally and substantively unconscionable."); *Graham v. Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 820; *Engalla v. Permanente Med. Grp., Inc.* (1997) 15 Cal.4th 951, 972 ("a party opposing the petition [to compel arbitration] bears the burden of proving by a preponderance of the evidence any fact necessary to its defense").

Courts assessing the conscionability of an arbitration agreement under California law use a "sliding scale" in assessing procedural and substantive unconscionability – thus, the less procedurally unconscionable the contract term, the more evidence of substantive unconscionability is required to find an agreement unenforceable. *Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 910; *Armendariz,* 4 Cal.4th at 114. This assessment requires the court to consider the totality of circumstances surrounding the formation of the agreement. *Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1146.

Here, Plaintiff received, acknowledged, and consented to the Arbitration Agreement when he signed it on July 15, 2016. Flesch Decl., ¶6 and Ex. A. The Arbitration Agreement is supported by adequate consideration in the form of the parties' mutual agreement to be bound by its terms. *See Circuit City Stores, Inc. v. Najd* (9th Cir. 2002) 294 F.3d 1104, 1108 (employer's promise to be bound serves as adequate consideration). With offer, acceptance, and consideration, a valid arbitration agreement exists. Because there is no evidence of either procedural or substantive unconscionability, the Arbitration Agreement must be enforced. *Roman v. Superior Court* (2009) 172 Cal.App.4th 1462, 1468 (a petition to compel arbitration "must be granted" unless grounds exist to revoke the underlying agreement).

### i. *The Arbitration Agreement Is Procedurally Fair*

Procedural unconscionability focuses on two elements – oppression and surprise due to unequal bargaining power. *Fittante v. Palm Springs Motors, Inc.* (2003) 105 Cal.App.4th 708, 722-23; *Bigler v. Harker School* (2013) 213 Cal.App.4th 727,736-37. Importantly, an otherwise enforceable arbitration agreement is not unenforceable simply because it is presented on a "take it or leave it basis;" the agreement must contain some surprise or some additional "unduly oppressive" aspects. *Sanchez v. Carmax Auto* (2014) 224 Cal.App.4th 398 at 402-403; *Fittante,* 105 Cal.App.4th at 721-22 ("Describing a contract as one of adhesion does not, however, affect its enforceability. Rather, an adhesion contract remains fully enforceable unless (1) the provision falls outside the reasonable expectations of the weaker party, or (2) the provision is unduly oppressive or unconscionable"); *Bigler,* 213 Cal.App.4th at 736-37; *Lagatree v. Luce, Forward, Hamilton & Scripps* (1999) 74 Cal.App.4th 1105, 1127 ("a compulsory predispute arbitration agreement is not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis. . . ."). Stated differently, adhesion contracts are "fully enforceable . . . unless certain other factors are present which under established legal rules - legislative or judicial - operate to render it otherwise." *Graham v. Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 819. It is well settled that an arbitration agreement made a condition of employment does not make it procedurally unconscionable. *E.E.O.C. v. Luce, Forward, Hamilton & Scripps* (9th Cir. 2003) 345 F.3d 742 at 749 (holding that employers may require employees to agree to binding arbitration of disputes as a condition of employment).

*Carmax Auto* is particularly illustrative. While the court found that the employer presented its employee the arbitration agreement in a "take it or leave it fashion," the court still held that the agreement was enforceable because there was no oppression or surprise. *Carmax Auto,* 224 Cal.App.4th at 403. Critically, the agreement "was not hidden, but prominently featured as part of the employment application." *Id.*

Here, the Arbitration Agreement was similarly not hidden from Plaintiff, and he can hardly claim surprise. It was not placed in the middle of an employee handbook, nor was

it located in fine print at the bottom of an employment application. Flesch Decl., ¶6 and Ex. A. Instead, Tesla presented the Arbitration Agreement to Plaintiff on page 3 of his 5-page offer letter. Flesch Decl., Ex. A. The Agreement is neatly typed and easy to read. *Id*. The Agreement clearly states that Plaintiff *and* Tesla were agreeing to arbitrate any and all claims relating to Plaintiff's employment with Tesla or the ending thereof. *Id*. The fourth – and last substantive – page of the offer letter explicitly states:

> If you choose to accept our offer under the terms described above, please indicate your acceptance, by signing below and returning it to me prior to 06/16/2016 <u>after which date this offer will expire</u>.

*Id*. (emphasis in original).

Plaintiff signed the offer letter by hand on July 15, 2016, with a start date of July 25, 2016. Flesch Decl., ¶¶6, 8 and Ex. A. Plaintiff cannot credibly claim that the Arbitration Agreement was in any way buried or otherwise hidden from him in any fashion. Accordingly, there was no surprise or oppression associated with Plaintiff's execution of the Arbitration Agreement and, thus, the Arbitration Agreement is procedurally conscionable and should therefore be enforced.

Because Plaintiff cannot reasonably dispute his assent to the Arbitration Agreement, Tesla anticipates that Plaintiff will attempt to argue now, after-the-fact, that he did not read the document he signed or did not understand the document and, therefore, should not be bound. Both arguments fail. First, even if Plaintiff now tries to claim that he did not actually read the Arbitration Agreement before signing it, by law he cannot use this as a basis to invalidate the Arbitration Agreement. *Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, 1674 ("'Reasonable diligence requires the reading of a contract before signing it. A party cannot use his own lack of diligence to avoid an arbitration agreement'.... [h]ence, plaintiff was 'bound by the provisions of the [arbitration] agreement regardless of whether [he] read it or [was] aware of the arbitration clause when [he] signed the document.'); *24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1215 (employee could not invalidate arbitration agreement against employer, despite the fact that employee did not read the arbitration agreement and that the arbitration agreement was

a contract of adhesion); *Vernon v. Drexel Burnham & Co.* (1975) 52 Cal.App.3d 706, 714 ("failure to read a contract before signing it is not in itself a reason to refuse its enforcement). Furthermore, any after-the-fact claim that Plaintiff did not understand the Arbitration Agreement does not render it invalid: "[w]hen a person with the capacity of reading and understanding an instrument signs it, he may not, in the absence of fraud, coercion or excusable neglect, avoid its terms on the ground he failed to read it before signing it." *Bolanos v. Khalatian* (1991) 231 Cal.App.3d 1586, 1590. The failure to read or understand an arbitration clause is generally no defense. *Madden v. Kaiser Found. Hosps.* (1976) 17 Cal.3d 699, 710.

Because Plaintiff had an adequate opportunity to review and consider the terms of the Arbitration Agreement, and then chose to provide his written assent thereto by signing the Arbitration Agreement, there can be no question that the Arbitration Agreement is procedurally conscionable and should therefore be enforced.

### ii. *The Arbitration Agreement Is Substantively Fair*

Even if the Court were to find any procedural unconscionability – which it should not – the Arbitration Agreement is still enforceable because there is no evidence of substantive unconscionability. Substantive unconscionability focuses on overly harsh or one-sided results. *Armendariz*, 24 Cal.4th at 114; *Carmax Auto*, 224 Cal.App.4th at 402. In order to prove that the Arbitration Agreement is substantively unconscionable, Plaintiff must prove that its terms are "so extreme" or "unfair" so as to "shock the conscience." *24 Hour Fitness, Inc.*, 66 Cal.App.4th at 1213 (finding arbitration agreement enforceable where the employee failed to demonstrate a "concrete reason why the terms of the agreement are unduly harsh, oppressive or one-sided"); *Morris v. Redwood Empire Bancorp* (2005) 128 Cal.App.4th 1305, 1323 ("with a concept as nebulous as 'unconscionability,' it is important that courts not be thrust in the paternalistic role of intervening to change contractual terms that the parties have agreed to merely because the court believes the terms are unreasonable. The terms must shock the conscience"); *Pinnacle Museum Tower*, 55 Cal.4th at 246 ("A contract term is not substantively

unconscionable when it merely gives one side a greater benefit; rather, the term must be so one-sided as to shock the conscience." [internal quotations omitted]).

In *Armendariz*, the California Supreme Court held that claims are arbitrable as long as the arbitration agreement in question meets certain minimum requirements. *Armendariz,* 24 Cal. 4th at 102. Specifically, the California Supreme Court allows for the arbitration of employment-related disputes if the agreement: "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." *Armendariz*, 24 Cal.4th at 102; *Fittante*, 105 Cal.App.4th at 716. In addition, the agreement must have a "modicum of bilaterality" to be enforceable - i.e., it must require both the employee and employer to arbitrate claims against each other and must apply equally to both parties. *Armendariz*, 24 Cal.4th at 117-18; *Fittante*, 105 Cal.App.4th at 723-24 (arbitration agreement is enforceable when it is equally applicable to both parties); *24 Hour Fitness*, 66 Cal.App.4th at 1213. Here, the Arbitration Agreement meets all requirements of substantive fairness to be enforceable pursuant to *Armendariz*.

## 1. The Arbitration Agreement Provides For A Neutral Arbitrator

Selecting a neutral arbitrator is the first element of an enforceable agreement to arbitrate employment claims. *Armendariz*, 24 Cal. 4th at 102. The Agreement provides for a neutral arbitrator. Flesch Decl., Ex. A. Specifically, the Arbitration Agreement provides for "***final, binding and confidential arbitration*** in [Plaintiff's] city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes … " *Id*. (emphasis in original). <u>The JAMS rules require the arbitrator to be neutral</u>. Lopez Decl., 8 and Ex. 5 (JAMS Employment Rules). JAMS Rule 7(a) states: "The Arbitration shall be conducted by one neutral Arbitrator. . . . " *Id*. Therefore, the Arbitration Agreement

satisfies the first *Armendariz* requirement.

### 2. The Arbitration Agreement Provides For Adequate Discovery

Arbitration agreements provide for adequate discovery where the parties "are at least entitled to discovery sufficient to adequately arbitrate their statutory claims, including access to essential documents and witnesses, *as determined by the arbitrator(s)*." *Armendariz*, 24 Cal. 4th at 106 (emphasis added). The Agreement states that, "[t]he arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute …" Flesch Decl., Ex. A. Furthermore, the JAMS rules provide the arbitrator with the discretion and authority to order discovery as is necessary "for a full and fair exploration of the issues in dispute." Lopez Decl., Ex. 5 (Rule 17). These broad discretionary rules more than meet the *Armendariz* requirement.[5]

### 3. The Arbitration Agreement Requires A Written Award

An enforceable arbitration agreement must also provide for a written award. *Armendariz*, 24 Cal. 4th at 102. Here, both the Arbitration Agreement itself and the JAMS rules require the arbitrator to issue a written award. Flesch Decl., Ex. A ("[t]he arbitrator shall issue a written arbitration decision including the arbitrator's essential findings and conclusions and a statement of the award"); Lopez Decl., Ex. 5 (JAMS Rule 24(h), requiring the award to "consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, as to each claim" and to "contain a concise written statement of the reasons for the Award"). Thus, the Arbitration Agreement comports with the written award requirement of *Armendariz*.

### 4. The Arbitration Agreement Provides For Adequate Remedies

For an arbitration agreement to be enforceable, it must allow all remedies that would

---

[5] *Lane v. Francis Capital Mgmt. LLC* (2014) 224 Cal. App. 4th 676, 693 (holding that "by agreeing to arbitrate statutory claims, the employer impliedly agreed to all discovery necessary to adequately arbitrate the claims"); *Roman*, 172 Cal. App. 4th at 1476 ("There appears to be no meaningful difference between the scope of discovery approved in *Armendariz* and that authorized by the AAA employment dispute rules").

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

otherwise be available in court. *Armendariz*, 24 Cal. 4th at 102. Here, the Arbitration Agreement states that, "[b]oth [Plaintiff] and Tesla shall be entitled to all rights and remedies that [Plaintiff] or Tesla would be entitled to pursue in a court of law…" Flesch Decl., Ex. A. Furthermore, the JAMS rules allow the arbitrator to "grant any relief or remedy that would have been available to the parties had the matter been heard in court, including awards of attorney's fees and costs, in accordance with applicable law." Lopez Decl., Ex. 5 (JAMS Rule 24(c)). As a result, the Arbitration Agreement satisfies the remedies requirement articulated in *Armendariz*.

### 5. The Arbitration Agreement Does Not Impose Unreasonable Costs

Under *Armendariz*, an arbitration agreement cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he were free to bring the action in court. *Armendariz*, 24 Cal. 4th at 111-12. Here, the Arbitration Agreement does not attempt to impose any unreasonable costs and fees on Plaintiff. To the contrary, the Arbitration Agreement specifically states that, "Tesla shall pay all fees in excess of those which would be required if the dispute was decided in a court of law." Flesch Decl., Ex. A. Since Plaintiff does not bear any additional expenses for participating in arbitration, the Arbitration Agreement does not impose unreasonable costs on him.

### 6. The Arbitration Agreement Is Bilateral

*Armendariz* also requires that an arbitration agreement contain a "modicum of bilaterality." 24 Cal. 4th at 83. *Fittante v. Palm Springs Motors, Inc.* (2009) 105 Cal. App. 4th 708, 725 (A "modicum of bilaterality" exists when both the employer and the employee are bound to submit their claims to arbitration, subject to the same rules and procedures and the same advantages and disadvantages). Here, the Arbitration Agreement is mutual and bilateral because it requires <u>both</u> Plaintiff and Tesla to arbitrate covered claims. Flesch Decl., Ex. A ("you and Tesla agree that any and all disputes, claims, or causes of action … arising from or relating to your employment, or the termination of your employment, will be resolved … by ***final, binding and confidential arbitration*** …") (emphasis in original).

Since the Arbitration Agreement would apply equally to claims brought by the other party, it is mutual and enforceable. *24 Hour Fitness v. Super. Ct.* (1998) 66 Cal. App. 4th 1199, 1213. Thus, the Arbitration Agreement meets the bilaterality requirement of *Armendariz*.

It is therefore indisputable that the Arbitration Agreement fully complies with the minimum requirements set forth in *Armendariz*, is substantively conscionable, and, therefore, must be enforced. *See*, *e.g.*, *Craig v. Brown & Root, Inc.* (2000) 84 Cal. App. 4th 416 (enforcing arbitration agreement between the employer and the employee where it was clear that the agreement met the requirements of *Armendariz* and, thus, was not unconscionable under California law); *Armendariz,* 24 Cal. 4th at 114 (requiring **both** substantive and procedural unconscionability to invalidate arbitration agreement).

## IV.   THE NONSIGNATORY DEFENDANT SUZIE HATZIS MAY ALSO ENFORCE THE ARBITRATION AGREEMENT

Plaintiff's decision to name Suzie Hatzis ("Hatzis") as a Defendant should not change the Court's analysis. Under the doctrine of equitable estoppel, "a non-signatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the non-signatory are 'intimately founded in and intertwined' with the underlying contract obligations." *Garcia v. Pexco, LLC* (2017) 11 Cal. App. 5th 782, 786, *citing Boucher v. Alliance Title Co., Inc.* (2005) 127 Cal. App. 262, 271. Plaintiff alleges that Hatzis was employed by Tesla and served as Plaintiff's Regional Manager. Lopez Decl., Ex. 1 at ¶16.[6] Plaintiff further alleges that Tesla and Hatzis "were and/or now are the agents … of each other, and they are liable to the Plaintiff because in doing the things hereinafter alleged they were acting within the course and scope of their agency and/or authority" and "ratified, authorized, and consented to all of the acts and/or conduct of each other …" Lopez Decl., Ex. 1 at ¶¶4, 6.

When, as here, a plaintiff sues a non-signatory as an agent of a signatory, the non-signatory may enforce the arbitration agreement. *Thomas v. Westlake* (2012) 204 Cal. App. 4th 605, 614-15; *Lunn v. Allianz Global Corp. & Specialty SE*, 2019 WL 1242842 (C.D.

---

[6] Hatzis does not oppose this Motion. Lopez Decl., ¶10.

Cal. 2019) (finding that arbitration agreement must be enforced as to non-signatory under the agency exception in a discrimination, harassment and wage/hour lawsuit); *Rowe v. Exline* (2007) 153 Cal. App. 4th 1276, 1284 (A "nonsignatory sued as an agent of a signatory may enforce an arbitration agreement."). Accordingly, Hatzis may enforce the Arbitration Agreement as an alleged agent of Tesla.

## V. THE COURT SHOULD SEVER ANY TERM DEEMED UNCONSCIONABLE AND ENFORCE THE REMAINDER OF THE ARBITRATION AGREEMENT

Even if the Court determines that a provision of the Arbitration Agreement is unenforceable, it should modify or sever the offending portion. *Armendariz*, 24 Cal.4th at 121-24; *Bolter v. Superior Court* (2001) 87 Cal.App.4th 900, 910-11 ("It is not necessary to throw the baby out with the bath water, i.e., the unconscionable provisions can be severed and the rest of the agreement enforced").

To prevent severance (in the event any provision was deemed unconscionable), Plaintiff would need to show that the Arbitration Agreement is "permeated" with illegality. *Bolter*, 87 Cal.App.4th at 910-11; *Ferguson v. Countrywide Credit Industries* (9th Cir. 2002) 298 F.3d. 778, 787 (a court should only decline to sever an offending portion if an agreement "is permeated by the unconscionability"); *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, 182. Courts have only found an entire agreement to be unenforceable when multiple defects "indicate a systematic effort to impose arbitration on an employee . . . as an inferior forum that works to the employer's advantage." *Mercuro*, 96 Cal.App.4th at 185. Thus, in the event that the Court finds any provision to be unenforceable, the Court should modify or remove the offending provision and enforce the remainder of the Arbitration Agreement.

## VI. THE COURT SHOULD STAY PROCEEDINGS PENDING COMPLETION OF THE ARBITRATION

As demonstrated above, Plaintiff and Tesla entered into a valid and enforceable Arbitration Agreement, which encompasses every claim asserted by Plaintiff in this action.

Thus, "the court shall make an order summarily directing the parties to proceed with arbitration." 9 U.S.C. § 4.

Under the FAA, upon application of a party, a court "shall" stay further proceedings in a legal action if it finds that "any issue" in the case should be referred to arbitration under an agreement in writing for such arbitration. 9 U.S.C. §3. California law also calls for a stay of litigation where there is a valid arbitration agreement. Cal. Civ. Pro. Code §1281.4; *Rodriguez v. Am. Techs., Inc.* (2006) 136 Cal.App.4th 1110, 1122-23, *citing Marcus v. Superior Court* (1977) 75 Cal.App.3d 204, 209 (any party to a court proceeding can move to stay the court proceeding pursuant to Cal. Civ. Proc. Code § 1281.4 and the court must order a stay).

## VII.   <u>CONCLUSION</u>

The Arbitration Agreement entered into by Plaintiff and Tesla is valid and enforceable, and indisputably covers the claims alleged by Plaintiff in the instant lawsuit. Accordingly, this dispute must be arbitrated. Both Federal and California law, as well as long-standing public policy, require that the Arbitration Agreement be enforced. Therefore, Tesla respectfully requests that the Court enter an Order to compel arbitration of Plaintiff's claims and stay all further proceedings in this action until the arbitration is concluded.

DATED: March 31, 2022                    Respectfully submitted,

TESLA, INC.

By: *<u>/s/ Kiran S. Lopez</u>*
Kiran S. Lopez
Attorney for Defendants
TESLA, INC. and SSUZIE HATZIS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

## PROOF OF SERVICE

I, William Nervis, declare:

I am a citizen of the United States and employed in Alameda County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 901 Page Ave., Fremont, CA 94538.  On April 1, 2022, I filed a copy of the within document(s):

### DEFENDANT TESLA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by filing the document(s) listed above for electronic filing via ECF/PACER to the United States Federal Court, Central District of California.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via my electronic service address (wnervis@tesla.com) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 1, 2022, at San Francisco, California.

_____
William Nervis

- 1 -