KIRAN S. LOPEZ (SBN 252467)
TESLA, INC.
901 Page Avenue
Fremont, California 94538
Telephone: (510) 239-1413
kirlopez@tesla.com

Attorneys for Defendants
TESLA, INC. and SUZIE HATZIS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAYMON FRANK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a corporation; SUZIE HATZIS, an individual; and DOES 1 through 49, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01590-MEMF(AGRx)<br><br>**DEFENDANT TESLA, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TESLA, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date:     May 12, 2022<br>Time:     10:00 a.m.<br>Location: United States Courthouse<br>          350 West 1st Street<br>          Courtroom 8B, 8th Floor<br>          Los Angeles, CA 90012<br><br>**[Filed concurrently with Defendant Tesla, Inc.'s Reply Memorandum In Support Of Motion to Compel Arbitration and Stay Proceedings; and Declaration of Kiran S. Lopez In Support of Defendant Tesla, Inc.'s Reply Memorandum In Support of Motion to Compel Arbitration and Stay Proceedings]**<br><br>*Complaint Filed: 1/14/2022*<br>*First Amended Complaint Filed: 2/15/2022*<br>*Trial Date: None.* |

- 1 -

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 12, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8B – 4th Floor of the United States District Court for the central District of California, located at 350 West 1st Street, Los Angeles, California 90012, before the Honorable Maame Ewusi-Mensah Frimpong, Defendant Tesla, Inc. ("Tesla") will and hereby does request that the Court, pursuant to Federal Rule of Evidence 201, *et seq.*, take judicial notice of the following in support of Tesla's Reply Memorandum In Support of Motion to Compel Arbitration and Stay Proceedings:

1.      The February 23, 2022 Order re: Petition to Compel Arbitration (Motion) Granted by the Honorable David Sotelo in *Bluford v. Tesla Energy Operations*, *Inc.*, Case No. 21STCV43054 in the Superior Court of California for the County of Los Angeles. A true and correct copy of this Order is attached hereto as **Exhibit 1**.

2.      The March 5, 2021 Order re: Petition to Compel Arbitration (Motion) Granted by the Honorable Holly J. Fujie in *Stanley v. Tesla, Inc.*, Case No. 20STCV45203 in the Superior Court of California for the County of Los Angeles. A true and correct copy of this Order is attached hereto as **Exhibit 2**.

3.      The August 21, 2020 Order re: Petition to Compel Arbitration (Motion) Granted by the Honorable Patricia D. Nieto in *Issa v. Tesla, Inc.*, Case No. 20STCV05113 in the Superior Court of California for the County of Los Angeles. A true and correct copy of this Order is attached hereto as **Exhibit 3**.

Federal Rule of Evidence 201(b) provides the following: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may properly take judicial notice of undisputed matters of public record, including records and reports of administrative bodies. *See Mack v. South Bay Beer Distribrs., Inc.* (9th Cir. 1986) 798 F.2d 1279, 1282  (abrogated on other grounds); *accord Santos v. County of Los Angeles Dep't of Children and Family Servs.* (C.D. Cal. 2004) 299 F. Supp. 2d 1070 (District court could take judicial notice of records in state court). As these cases demonstrate, courts

regularly grant requests for judicial notice of state and federal court records. Such documents are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Federal Rule of Evidence 201(c) provides the following: "The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information."

**Exhibit 1** is a record of Superior Court of California for the County of Los Angeles;

**Exhibit 2** is a record of the Superior Court of California for the County of Los Angeles; and

**Exhibit 3** is a record of the Superior Court of California for the County of Los Angeles.

**Exhibits 1, 2, and 3** are attached hereto, and this Request is presented to all parties with sufficient notice. Thus, Tesla respectfully requests that the Court grant this Request for Judicial Notice and judicially notice the Exhibits hereto and the facts referenced herein.

DATED: April 28, 2022                                Respectfully submitted,

                                                     TESLA, INC.

                                                     By: */s/ Kiran S. Lopez*
                                                     Kiran S. Lopez
                                                     Attorney for Defendants
                                                     TESLA, INC. and SUZIE HATZIS

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY**



# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 40

21STCV43054                                                    February 23, 2022
**LATRINA BLUFORD vs TESLA ENERGY OPERATIONS,**                          8:30 AM
**INC.**

Judge: Honorable David Sotelo              CSR: None
Judicial Assistant: D. Canada              ERM: None
Courtroom Assistant: Maria Navarro         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Rodney Diggs (Telephonic)

For Defendant(s): Stephanie A. Stroup for Tesla Energy Operations, Inc. (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Motion to Compel Arbitration; Case Management Conference

The Court's tentative ruling is posted online for the parties to review.

The matters are called for hearing.

Both sides submit on the Court's tentative ruling which now becomes the final ruling of the Court as indicated below:

MOVING PARTY: Defendant, Tesla Energy Operations, Inc.

Plaintiff Latrina Bluford, an African American lesbian woman, was hired by Defendant Tesla Energy Operations, Inc. ("Tesla")—a roofing company of approximately 50 employees—to the position of Roofer 1 at a wage of $19.00 per hour. Plaintiff alleges that all her male coworkers were compensated at a rate of $20.00 to begin for the same position. The pleading alleges that within three of four months, all Plaintiff's male coworkers were moved up from Roofer 1 onto Roofer 3 or Lead positions. In April or May 2020, one of Plaintiff's coworkers—Defendant Alonso del Real ("del Real")—kicked Bluford as she was climbing up a ladder, stating that she was "taking too long" to move up. Plaintiff reported this incident to supervisor Thomas Carino. Shortly after, she was told that her coworkers had a "problem" with Bluford—the only female employee Roofer.

De Real's assault and battery was reported to Human Resources a week later, but no action was

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 40

**21STCV43054**                                                February 23, 2022
**LATRINA BLUFORD vs TESLA ENERGY OPERATIONS,**                          8:30 AM
**INC.**

Judge: Honorable David Sotelo              CSR: None
Judicial Assistant: D. Canada              ERM: None
Courtroom Assistant: Maria Navarro         Deputy Sheriff: None

---

taken against him by Tesla. Plaintiff then went on leave of absence for a work-related injury from June 2020 to January 2021. Upon return, Plaintiff was placed in a work crew with Alonso as its Lead, about which Bluford complained to Tesla Energy. After she made these complaints, Plaintiff's hours were permanently reduced to below forty (40) hours a week. Bluford further reported coworkers making derogatory comments about working with lesbians and calling Plaintiff a "Black b[****]" while they worked, but Tesla Energy took no actions against these coworkers. Plaintiff experienced other conduct that she believes amounted to discrimination and retaliation, including having a supervisor call her a "stupid Black b[****]" and being forced to undergo repeated drug tests after reporting male coworkers that were drinking and smoking drugs while on the job.

Plaintiff alleges fourteen (14) causes of action, including eighth (8) FEHA claims, two (2) Labor Code claims, and four (4) tort claims against Tesla, de Real. Tesla now brings this opposed Motion to Compel Arbitration.

Motion to Compel Binding Arbitration: GRANTED

Procedural Requirements: "A petition to compel arbitration or to stay proceedings pursuant to Code of Civil Procedure sections 1281.2 and 1281.4 must state, in addition to other required allegations, the provisions of the written agreement and the paragraph that provides for arbitration. The provisions must be stated verbatim or a copy must be physically or electronically attached to the petition and incorporated by reference." (Cal. Rules of Court, rule 3.1330.) Tesla points to the relevant arbitration language in the employment Offer Letter given to and signed by Plaintiff Bluford. (See Mot., 1:12-20.) Defendant Tesla Energy further a copy of this contract as Exhibit B attached to Declaration of Tesla Energy Product Manager Leigh Ellis. (See also Mot., Ellis Decl., Ex. B [signed Offer Letter].) Consequently, Defendant meets the procedural requirements for petitioning compelled arbitration.

Legal Standard: A party seeking arbitration has the "burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence." (Ruiz v. Moss Bros. Auto Group,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 40

21STCV43054                                                          February 23, 2022
LATRINA BLUFORD vs TESLA ENERGY OPERATIONS,                                 8:30 AM
INC.

Judge: Honorable David Sotelo                    CSR: None
Judicial Assistant: D. Canada                    ERM: None
Courtroom Assistant: Maria Navarro               Deputy Sheriff: None

---

Inc. (2014) 232 Cal.App.4th 836, 842.) "Once that burden is satisfied, the party opposing arbitration must prove by a preponderance of the evidence any defense to the petition." (Lacayo v. Cataline Restaurant Group Inc. (2019) 38 Cal.App.5th 244, 257.) "The trial court sits as the trier of fact, weighing all the affidavits, declarations, and other documentary evidence, and any oral testimony the court may receive at its discretion, to reach a final determination." (Ruiz, supra, 232 Cal.App.4th at p. 842.)


In determining the enforceability of an arbitration agreement, the court considers "two 'gateway issues' of arbitrability: (1) whether there was an agreement to arbitrate between the parties, and (2) whether the agreement covered the dispute at issue."¿¿(Omar v. Ralphs Grocery Co. (2004)¿118 Cal.App.4th 955, 961.) If these issues are satisfied by the movant, the party opposing arbitration must prove by a preponderance of the evidence any defense to the petition. (Lacayo, supra, 38 Cal.App.5th at p. 257.)


Arbitration Agreement


On January 2, 2020, Plaintiff Bluford signed an Offer Letter from Tesla Energy for a Roofer 1 position. (See Mot., Ellis Decl., Ex. B [signed Offer Letter].) The agreement contains an agreement to arbitrate (hereafter, "Offer Letter Arbitration Agreement"), which is signed by Plaintiff and reads:


[T]o ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by final, binding and private arbitration in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes, provided that [certain conditions are met].

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 40

| | |
|---|---|
| 21STCV43054 | February 23, 2022 |
| LATRINA BLUFORD vs TESLA ENERGY OPERATIONS, INC. | 8:30 AM |

| | |
|---|---|
| Judge: Honorable David Sotelo | CSR: None |
| Judicial Assistant: D. Canada | ERM: None |
| Courtroom Assistant: Maria Navarro | Deputy Sheriff: None |

(See Mot., Ellis Decl., Ex. B [signed Offer Letter].)

From this language, the Court finds a clear agreement to arbitrate between the parties. Plaintiff received and signed the Offer Letter from Tesla, which contained the Arbitration Agreement (See Mot., Ellis Decl., Ex. B [signed Offer Letter]) and this agreement on its face provides that Plaintiff agreed to arbitrate "any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment." (See Mot., Ellis Decl., Ex. B [signed Offer Letter].)

"As a general rule under California law, arguments that arbitration provisions are unenforceable because the party did not carefully read the agreements, did not understand the significance of the arbitration provisions, and did not knowingly waive their right to a jury trial may not be used to invalidate a written arbitration provision." (Powers v. Dickson, Carlson & Campillo (1997) 54 Cal.App.4th 1102, 1109.) Here, Tesla Energy's evidence clearly shows an Offer Letter signed by Plaintiff Bluford that on its face contains an arbitration agreement section taking up approximately one-sixth of the entire Offer Letter's language. (See Mot., Ellis Decl., Ex. B [signed Offer Letter].) Under such circumstances, it is immaterial that Bluford did not consider the Arbitration Agreement as part of the Offer Letter because she signed the Offer Letter, which by its clear language, contained an arbitration provision, because the circumstances and Powers' guidance lead the Court to conclude otherwise.

Defendant's evidence clearly shows an agreement to arbitrate.

Scope of the Agreement

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 40

**21STCV43054**                                                February 23, 2022
**LATRINA BLUFORD vs TESLA ENERGY OPERATIONS,**                          8:30 AM
**INC.**

| | |
|---|---|
| Judge: Honorable David Sotelo | CSR: None |
| Judicial Assistant: D. Canada | ERM: None |
| Courtroom Assistant: Maria Navarro | Deputy Sheriff: None |

"[T]he decision as to whether a contractual arbitration clause covers a particular dispute rests substantially on whether the clause in question is 'broad' or 'narrow'." (Bono v. David (2007) 147 Cal.App.4th 1055, 1067.) "'A "broad" clause includes those using language such as "any claim arising from or related to this agreement"' [Citation] or 'arising in connection with the [a]greement' [Citation.]" (Rice v. Downs, supra, 248 Cal.App.4th at p. 186 [italics in original].) "But clauses requiring arbitration of a claim, dispute, or controversy 'arising from' or 'arising out of' an agreement, i.e., excluding language such as 'relating to this agreement' or 'in connection with this agreement,' are 'generally considered to be more limited in scope than would be, for example, a clause agreeing to arbitrate "'any controversy . . . arising out of or relating to this agreement[.]'" [Citations.]" (Id. at p. 186-87.) "Several Ninth Circuit cases have held that agreements requiring arbitration of 'any dispute,' 'controversy,' or 'claim' 'arising under' or 'arising out of' the agreement are intended to encompass only disputes relating to the interpretation and performance of the agreement." (Id. at p. 187.)


The arbitration agreement encompasses "any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by final, binding and private arbitration in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors." (See Mot., Ellis Decl., Ex. B [signed Offer Letter].) The Arbitration Agreement encompasses all the causes of action, based as they are on claims Tesla violated provisions of FEHA and the Labor Code. Through use of the theory of vicarious liability, Plaintiff also brings claims of battery, assault, negligent hiring, supervision, or retention, and intentional infliction of emotional distress against Tesla based on the physical and verbal abuse that Bluford suffered at the hands of her coworkers and supervisors and which she reported to supervisors and Human Resources to no avail. (See Complaint, ¶¶ 252-60 [battery by vicarious liability], 264-70 [assault by vicarious liability], 274-84 [negligent hiring, supervision or retention], 287-95 [IIED].) The Court notes that Plaintiff's Opposition does not contain any argument that the claims are not within the scope of the Arbitration Agreement, leaving this portion of the Court's analysis unopposed. (See Opp'n, 5:5-6:22.)


Defenses to the Arbitration Agreement: Plaintiff argues that the Arbitration Agreement is both procedurally and substantively unconscionable. (See Opp'n, 6:23-10:8.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 40

21STCV43054                                                        February 23, 2022
**LATRINA BLUFORD vs TESLA ENERGY OPERATIONS,**                         8:30 AM
**INC.**

Judge: Honorable David Sotelo                CSR: None
Judicial Assistant: D. Canada                ERM: None
Courtroom Assistant: Maria Navarro           Deputy Sheriff: None

---

Procedural Unconscionability: Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power." (Pinnacle Museum Tower Assn. v. Pinnacle Market Development LLC (2012) 55 Cal.4th 223, 246.)

First, Plaintiff argues that the agreement is unconscionable because the contract was one of adhesion, forced upon Plaintiff as a condition for employment. (Opposition, 7:8-8:3.) however, adhesion by itself only establishes a low degree of procedural unconscionability. (Davis v. Nordstrom, Inc. (9th Cir. 2014) 53 Cal.App.5th 1089, at 907.)

Plaintiff next argues that the signing of the agreement was characterized by oppression and surprise. (Opp'n, 8:4-9:10.) Established case law explains that "'[o]ppression' arises from an inequality of bargaining power which results in no real negotiation and 'an absence of meaningful choice' [and] '[s]urprise' involves the extent to which the supposedly agreed-upon terms of the bargain are hidden [in the agreement] by the party seeking to enforce the disputed terms." (Zullo v. Superior Court (2011) 197 Cal.App.4th 477, 484.) The Court is not convinced that oppression or surprise exist here.

The circumstances Plaintiff presents, even if established, do not show oppression or surprise, as the circumstances are not of a gravity to which there is an absence of meaningful choice or where terms were hidden from Plaintiff. Plaintiff does not provide any arguments or evidence establishing she was made to sign the agreement within a limited amount of time or pressured into signing the agreement generally. (See Opp'n, 7:7-9:10 generally.)

The Court finds that Plaintiff has failed to show that more than de minimis procedural unconscionability undergirds the Arbitration Agreement between the parties.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 40

**21STCV43054**                                          February 23, 2022
**LATRINA BLUFORD vs TESLA ENERGY OPERATIONS,**              8:30 AM
**INC.**

Judge: Honorable David Sotelo            CSR: None
Judicial Assistant: D. Canada            ERM: None
Courtroom Assistant: Maria Navarro       Deputy Sheriff: None

---

Substantive Unconscionability: Substantive unconscionability focuses on the terms of the agreement and whether those terms are so one-sided as to shock the conscience." (Kinney v. United HealthCare Services, Inc. (1999) 70 Cal.App.4th 1322, 1330.)

Plaintiff's only argument in this regard is that:

Here, the arbitration agreement purports to be bilateral and mutual, but this is just an illusion. The offer of employment specifically carves out types of claims that would not benefit the Defendant to proceed to arbitration. Specifically, the arbitration provision prohibits any claim, dispute, or cause of action between Defendant and any purported class or representative proceeding. The reality is that Defendant would have no interest in seeking a class action against its employees and the prohibition on class actions is unilateral and favors Defendants.

(Opp'n, 10:1-6.)

The Court finds no basis for substantive unconscionability. A conflict resolution procedure is substantively unconscionable where the agreement unilaterally required the worker and not employer to arbitrate. (See Nyulassy v. Lockheed Martin Corp. (2004) 120 Cal.App.4th 1267, 1282-83.) Here, however, the agreement requires both parties proceed with arbitration. (See. Mot., Ellis Decl., Ex. B [signed Offer Letter] ["to ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action … will be resolved … by final, binding and private arbitration in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors"].) As a result, there is no lack of mutuality in the agreement, which undercuts any argument of one-sidedness in the Arbitration Agreement's terms. Further, to the extent that the Arbitration Agreement waives the arbitrator's ability to join this action with other arbitrated actions against Tesla Energy, Plaintiff does not

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 40

21STCV43054                                                         February 23, 2022
**LATRINA BLUFORD vs TESLA ENERGY OPERATIONS,**                              8:30 AM
**INC.**

Judge: Honorable David Sotelo                    CSR: None
Judicial Assistant: D. Canada                    ERM: None
Courtroom Assistant: Maria Navarro               Deputy Sheriff: None

sufficiently elaborate how this mutual term is substantively unconscionable other than to unilaterally infer that Defendants would not wish to proceed with a class action suit comprised of multiple suits from Tesla employees. Such arguments, alone as they stand, would at most present de minimis unconscionability, insufficient to defend against compelling this action into arbitration.

Motion to Compel Binding Arbitration Conclusion: As Plaintiff Bluford failed to carry its burden to show that a valid defense against enforcement of the arbitration agreement between the parties, the Motion to Compel Binding Arbitration is GRANTED.

Conclusion

Defendant Tesla Energy Operations, Inc's Motion to Compel Arbitration is GRANTED.

The Motion to Compel Arbitration filed by Tesla Energy Operations, Inc. on 02/03/2022 is Granted.

The case is ordered stayed pending binding arbitration as to the entire action.

Status Conference Regarding Arbitration is scheduled for 01/23/2023 at 08:30 AM in Department 40 at Stanley Mosk Courthouse.

Defendant is to give notice.

# EXHIBIT 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**20STCV45203**                                                        March 5, 2021
**AVIS STANLEY vs TESLA, INC.**                                          8:30 AM

Judge: Honorable Holly J. Fujie                    CSR: None
Judicial Assistant: O.Chavez                       ERM: None
Courtroom Assistant: B.Chavez                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Michael Kipp Mueller (Telephonic)

For Defendant(s): Victoria Heysung Shin (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Motion to Compel Arbitration and Stay Litigation
Pending Arbitration

The matter is held.

The Court hears oral argument.

The Motion to Compel Arbitration filed by TESLA, INC. on 01/15/2021 is Granted.

MOVING PARTY: Defendant Tesla, Inc.

RESPONDING PARTY: Plaintiff Avis Stanley

The Court has considered the moving, opposition, and reply papers.

BACKGROUND

Plaintiff's complaint alleges twelve causes of action against Defendant arising from Plaintiff's
alleged wrongful termination. Defendant filed a motion to compel arbitration and to stay
litigation (the "Motion") on the grounds that Plaintiff signed an employment offer letter with
Defendant that contained an arbitration clause, and makes the following arguments in support of
the Motion: (1) the Court may compel arbitration under federal and state law; (2) arbitration is
the appropriate forum to address Plaintiff's dispute; (3) the arbitration clause is not procedurally
or substantively unconscionable; (4) Plaintiff agreed to arbitrate issues of arbitrability; and (5)
the Court should stay this action pending the completion of arbitration.

Plaintiff opposes the Motion on the following grounds: (1) the arbitration clause is substantively
and procedurally unconscionable; (2) the Court has jurisdiction to determine issues of
arbitrability; and (3) the arbitration clause cannot be severed to remove its unconscionability.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**20STCV45203**                                                          March 5, 2021
**AVIS STANLEY vs TESLA, INC.**                                          8:30 AM

| | |
|---|---|
| Judge: Honorable Holly J. Fujie | CSR: None |
| Judicial Assistant: O.Chavez | ERM: None |
| Courtroom Assistant: B.Chavez | Deputy Sheriff: None |

Initially, the Court finds that Plaintiff's argument that the Court should determine the validity of the arbitration clause is misplaced. Defendant argued in its moving papers that if ambiguity exists as to whether the arbitration clause covers the claims at issue in this action, the determination of such issue should be resolved by the arbitrator. Plaintiff does not contend that the claims asserted in the complaint are not covered by the arbitration clause. The crux of Plaintiff's opposition is that the arbitration clause is unconscionable.

Plaintiff does not rebut various arguments raised by Defendant and the Court finds that Plaintiff has conceded to such arguments under Moulton Niguel Water Dist. v. Colombo (2003) 111 Cal.App.4th 1210, 1215 to the extent Plaintiff failed to address such arguments.

Given Plaintiff's concession to numerous arguments raised by Defendant, the sole issue the Court will address is the issue of unconscionability.

JUDICIAL NOTICE

The Court GRANTS Defendant's request for judicial notice.

DISCUSSION

The purpose of the Federal Arbitration Act ("FAA") is to move the parties in an arbitrable dispute out of court and into arbitration as quickly and easily as possible. (Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp. (1983) 460 U.S. 1, 22.) The FAA is consistent with the federal policy to ensure the enforceability, according to their terms, of private agreements to arbitrate. (Mastrobuono v. Shearson Lehman Hutton, Inc. (1995) 514 U.S. 52, 53-54.) Code Civ. Proc. § 1281 provides that a written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable, and irrevocable, save upon such grounds as exist for the revocation of any contract. California law, like federal law, favors enforcement of valid arbitration agreements. (Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 97.) In the context of a contract containing an arbitration provision, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. (AT&T Technologies, Inc. v. Communications Workers of America (1986) 475 U.S. 643, 650.) Doubts should be resolved in favor of coverage. (Id.)

Issue No.1: Unconscionability

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**20STCV45203**                                                            March 5, 2021
**AVIS STANLEY vs TESLA, INC.**                                             8:30 AM

Judge: Honorable Holly J. Fujie              CSR: None
Judicial Assistant: O.Chavez                 ERM: None
Courtroom Assistant: B.Chavez                Deputy Sheriff: None

If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result. (Carbajal v. CWPSC, Inc. (2016) 245 Cal.App.4th 227, 242.) Under California law, the doctrine of unconscionability has a procedural and a substantive element and both elements must appear to invalidate a contract or one of its individual terms. (Mercuro v. Superior Court (2002) 96 Cal.App.4th 167, 174.) The party resisting arbitration has the burden of proving unconscionability. (Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC (2012) 55 Cal.4th 223, 247.)

Substantive Unconscionability

A contract term is not substantively unconscionable when it merely gives one side a greater benefit; rather the term must be so one-sided as to shock the conscience. (Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC, supra, 55 Cal.4th 223, 246.) Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided. (Id.) Where one-sidedness exists in an arbitration agreement, business realities that create the special need for such advantage must either be explained in the contract or must be factually established. (Armendariz v. Foundation Health Psychcare Services, Inc., supra, 24 Cal.4th 83, 117.) Arbitration agreements in the employer-employee context must provide for: (1) neutral arbitrators, (2) more than minimal discovery, (3) a written award, (4) all types of relief that would otherwise be available in court, and (5) no additional costs for the employee beyond what the employee would incur if he or she were bringing the claim in court. (Fitz v. NCR Corp. (2004) 118 Cal.App.4th 702, 712-713.) A confidentiality provision in an arbitration clause is not per se substantively unconscionable. (Sanchez v. Carmax Auto Superstores California, LLC (2014) 224 Cal.App.4th 398, 408.) There is nothing unreasonable about a secrecy provision in an arbitration clause. (Woodside Homes of Cal., Inc. v. Superior Court (2003) 107 Cal.App.4th 723, 732.)

Initially, the Court finds that Plaintiff's citation to Ramos v. Superior Court (2018) 28 Cal.App.5th 1042 is inapposite. Despite Plaintiff's argument to the contrary, the arbitration clause: (1) merely states that disputes between the parties will be resolved by "final, binding and confidential arbitration"; and (2) is bilateral. Plaintiff does not dispute, and the Court finds, that the arbitration clause meets the requirements set forth in Fitz. The arbitration clause does not shock the conscience and therefore the Court finds that the arbitration clause is not substantively unconscionable.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**20STCV45203**                                                      March 5, 2021
**AVIS STANLEY vs TESLA, INC.**                                       8:30 AM

Judge: Honorable Holly J. Fujie                CSR: None
Judicial Assistant: O.Chavez                   ERM: None
Courtroom Assistant: B.Chavez                  Deputy Sheriff: None

Due to the lack of substantive unconscionability, the Court need not address the issue of procedural unconscionability.

The Motion is therefore GRANTED. The Court STAYS this action under Code Civ. Proc. § 1281.4 pending the completion of arbitration. The Court sets a status conference on Monday, December 6, 2021 at 8:30 a.m. in this department. The parties are ordered to file a joint status report at least seven court days prior to the status conference.

Moving party is ordered to give notice of this ruling.

Dated this 5th day of March 2021

/s/ HOLLY J. FUJIE
_____
Hon. Holly J. Fujie
Judge of the Superior Court

On the Court's own motion, the Case Management Conference scheduled for 04/01/2021 is advanced to this date and vacated .

---

Minute Order                                                        Page 4 of 4



# EXHIBIT 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 24

| | |
|---|---|
| **20STCV05113** | August 21, 2020 |
| **AHMED ISSA vs TESLA, INC.** | 10:30 AM |

| | |
|---|---|
| Judge: Honorable Patricia D. Nieto | CSR: Olivia Lizarraga #13475 |
| Judicial Assistant: M. Tran | ERM: None |
| Courtroom Assistant: M. Quinteros | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Armand Raffi Kizirian (Telephonic)

For Defendant(s): Andrea Milano appearing for Paula M. Weber (Telephonic)

**NATURE OF PROCEEDINGS:** Case Management Conference; Hearing on Motion to Compel Arbitration

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Olivia Lizarraga #13475*, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The case is called for hearing.

After hearing oral argument, the Court adopts its tentative ruling as the Order of the Court.

Defendants Tesla Inc.'s motion to compel Plaintiff Ahmed Issa's claims to arbitration is GRANTED.

Plaintiff Ahmed Issa ("Plaintiff" or "Issa") brought the instant retaliation/Lab. Code violation suit against his former employer Defendant Tesla Inc. on February 6, 2020. The Complaint alleges . The Complaint states four causes of action for: 1) violation of Lab. Code section 98.6; 2) violation of Lab. Code section 1102.5; 3) violation of Lab. Code section 232.5; and 4) wrongful termination in violation of public policy.

On June 16, 2020, Defendant filed the instant motion to compel arbitration. On June 25, 2020, Plaintiff filed an opposition. On July 1, 2020, Defendant filed a reply.

Legal Standard

Under California and federal law, public policy favors arbitration as an efficient and less expensive means of resolving private disputes. (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 8-9; AT&T Mobility LLC v. Concepcion (2011) 563 U.S. 333, 339.) Accordingly, whether an

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 24

**20STCV05113**                                             August 21, 2020
**AHMED ISSA vs TESLA, INC.**                                      10:30 AM

Judge: Honorable Patricia D. Nieto          CSR: Olivia Lizarraga #13475
Judicial Assistant: M. Tran                 ERM: None
Courtroom Assistant: M. Quinteros           Deputy Sheriff: None

agreement is governed by the California Arbitration Act ("CAA") or the Federal Arbitration Act ("FAA"), courts resolve doubts about an arbitration agreement's scope in favor of arbitration. (Moncharsh, at 9; Comedy Club, Inc. v. Improv West Assocs. (9th Cir. 2009) 553 F.3d 1277, 1284; see also Engalla v. Permanente Med. Grp., Inc. (1997) 15 Cal.4th 951, 971-972 ["California law incorporates many of the basic policy objectives contained in the Federal Arbitration Act, including a presumption in favor of arbitrability [citation] and a requirement that an arbitration agreement must be enforced on the basis of state law standards that apply to contracts in general [citation]"].) "[U]nder both the FAA and California law, 'arbitration agreements are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' " (Higgins v. Sup. Ct. (2006) 140 Cal.App.4th 1238, 1247.)

"Code of Civil Procedure section 1281.2 requires a trial court to grant a petition to compel arbitration 'if the court determines that an agreement to arbitrate the controversy exists.'" (Avery v. Integrated Healthcare Holdings, Inc. (2013) 218 Cal.App.4th 50, 59, quoting Code Civ. Proc., § 1281.2.) Accordingly, "when presented with a petition to compel arbitration, the court's first task is to determine whether the parties have in fact agreed to arbitrate the dispute." (Ibid.) A petition to compel arbitration is in essence a suit in equity to compel specific performance of a contract. (Id. at 71.) As with any other specific performance claim, "a party seeking to enforce an arbitration agreement must show the agreement's terms are sufficiently definite to enable the court to know what it is to enforce." (Ibid. [internal citations omitted].) "Only the valid and binding agreement of the parties, including all material terms well-defined and clearly expressed, may be ordered specifically performed." (Ibid.) An arbitration agreement "must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." (Civ. Code, § 1636.) The language of the contract governs its interpretation if it is clear and explicit. (Civ. Code, § 1368.) If uncertainty exists, "the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist." (Civ. Code, § 1654.)

The party seeking to compel arbitration bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence. (Engalla v. Permanente Medical Group, Inc. (1997) 15 Cal.4th 951, 972.) It would then be plaintiff's burden, in opposing the motion, to prove by a preponderance of the evidence any fact necessary to her opposition. (See Ibid.) "In these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination." (Ibid.)

Evidentiary Objections

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 24

20STCV05113                                                          August 21, 2020
**AHMED ISSA vs TESLA, INC.**                                           10:30 AM

Judge: Honorable Patricia D. Nieto              CSR: Olivia Lizarraga #13475
Judicial Assistant: M. Tran                     ERM: None
Courtroom Assistant: M. Quinteros               Deputy Sheriff: None

Defendant's objections are OVERRULED.

Existence of a Valid Arbitration Agreement

As with any contract, mutual assent or consent is necessary for the formation of a valid arbitration agreement. (Civ. Code, §§ 1550, 1565.) "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." (Civ. Code, § 1580.) The moving party bears the initial burden of showing the existence of an agreement to arbitrate by a preponderance of the evidence. (Mitri v. Arnel Mgmt. Co. (2007) 157 Cal.App.4th 1164, 1169 (Mitri) ["Because the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence."]; see Civ. Code, § 1633.9 (a) [under the Uniform Electronic Transactions Act, an electronic signature is attributable to a person if it was the act of the person].)

Defendant presents evidence that as a part of their employment agreement, the parties entered into a binding arbitration agreement. At the start of his employment with Defendant, Plaintiff signed an employment agreement under which he and Defendant agreed to arbitrate any disputes that arose between them ("Arbitration Agreement"). (White Decl. ¶ 5, Ex. A.) The Arbitration Agreement states in part:

[T]o ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by final, binding and confidential arbitration in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes...

(White Decl., Ex. A, at 2-3.)

The document bears Plaintiff's electronic signature. Further, Plaintiff does not dispute that he signed the agreement. Therefore, the Court finds the parties entered into an enforceable arbitration agreement covering Plaintiff's claims.

Unconscionability

Plaintiff argues that the Agreement is unconscionable and should therefore not be enforced.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 24

20STCV05113                                                         August 21, 2020
**AHMED ISSA vs TESLA, INC.**                                       10:30 AM

Judge: Honorable Patricia D. Nieto            CSR: Olivia Lizarraga #13475
Judicial Assistant: M. Tran                   ERM: None
Courtroom Assistant: M. Quinteros             Deputy Sheriff: None

The doctrine of unconscionability refers to "an absence of meaningful choice on the part of one
of the parties together with contract terms which are unreasonably favorable to the other party."
(Sonic-Calabasas A, Inc. v. Moreno (2013) 57 Cal.4th 1109, 1133.) It consists of procedural and
substantive components, "the former focusing on oppression or surprise due to unequal
bargaining power, the latter on overly harsh or one-sided results." (Ibid.) Although both
components of unconscionability must be present to invalidate an arbitration agreement, they
need not be present in the same degree. (Armendariz v. Found Health Psychcare Servs., Inc.
(2000) 24 Cal.4th 83, 114 (Armendariz).) "Essentially a sliding scale is invoked which
disregards the regularity of the procedural process of the contract formation, that creates the
terms, in proportion to the greater harshness or unreasonableness of the substantive terms
themselves. [Citations.] In other words, the more substantively unconscionable the contract term,
the less evidence of procedural unconscionability is required to come to the conclusion that the
term is unenforceable, and vice versa." (Ibid.) "The party resisting arbitration bears the burden of
proving unconscionability." (Pinnacle Museum Tower Assn. v. Pinnacle Market Dev. (US), LLC
(2012) 55 Cal.4th 223, 247.)

Procedural Unconscionability

Plaintiff asserts that the agreement is procedurally unconscionable because the terms were
"added" after they already conditionally agreed to employment, and it was presented as a
contract of adhesion. Further, Plaintiff asserts that he was unaware that the terms were added and
he believed that he was simply signing a formalization of the agreement with no additional
terms.

Simply because Plaintiff did not fully read or subjectively understand the terms of the offer letter
he signed does not mean that the agreement is procedurally unconscionable. Courts have held
that an employee is "bound by the provisions of [an arbitration] agreement regardless of whether
[he] read it or [was] aware of the arbitration clause when [he] signed the document."
(Brookwood v. Bank of America, NT&SA (1996) 45 Cal. App. 4th 1667, 1673-74.) "[T]he law
effectively presumes that everyone who signs a contract has read it thoroughly, whether or not
that is true." (Roldan v. Callahan & Blaine (2013) 219 Cal.App.4th 87, 93; see In re Tobacco
Cases I (2010) 186 Cal. App. 4th 42, 47 [courts presume that the parties understood the
agreements they sign, and that the parties intended whatever the agreement objectively
provides].) "The fact that [a party] either chose not to read or take the time to understand these
provisions is legally irrelevant." (Harris v. TAP Worldwide, LLC (2016) 248 Cal.App.4th 373,
383.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 24

**20STCV05113**                                                        August 21, 2020
**AHMED ISSA vs TESLA, INC.**                                          10:30 AM

Judge: Honorable Patricia D. Nieto            CSR: Olivia Lizarraga #13475
Judicial Assistant: M. Tran                   ERM: None
Courtroom Assistant: M. Quinteros             Deputy Sheriff: None

Here, there is no dispute that Plaintiff was sent the full terms of the agreement for his signature. He apparently had a reasonable time to review the agreement, as it was emailed to him. Further, the agreement is not burdensome to review, as it is only a few pages, and makes it clear, with bold and italicized font, that there is a binding arbitration term. To the extent that Plaintiff states that that there was a conditional oral agreement, the Agreement states:

This letter agreement constitutes the complete, final and exclusive embodiment of the entire agreement between you and Tesla with respect to the terms and conditions of your employment, and it supersedes any other agreements or promises made to you by anyone, whether oral or written. This Agreement cannot be changed, amended, or modified except in a written agreement signed by an officer of Tesla.

(White Decl. Ex. A., at 4.)

As to the adhesive nature of the contract, courts do not recognize that the "adhesive" arbitration agreements in the employment context establish a high degree of procedural unconscionability absent "surprise or other sharp practices." (Baltazar v. Forever 21 Inc. (2016) 62 Cal.4th 1237, 1246; Nguyen v. Applied Medical Resources Corp. (2016) 4 Cal.App.5th 232, 248; [the fact that an arbitration agreement is presented as a "take-it-or-leave-it" contract of adhesion in the employment context, alone only establishes a modest degree of procedural unconscionability].) "Courts have consistently held that the requirement to enter into an arbitration agreement is not a bar to its enforcement." (Serafin v. Balco Properties Ltd., LLC (2015) 235 Cal.App.4th 165, 179.) Plaintiff does not show the "surprise or other sharp practices" required of a higher degree of procedural unconscionability. Thus, the Court finds that the Agreement, at best, shows only a modest degree of procedural unconscionability, due to the adhesive nature of the contract typically found in employment contracts. (See Baltazar, supra, 62 Cal.4th at 1246.)

Substantive Unconscionability

As there is a modest degree of procedural unconscionability, the Court would require at least a moderate showing of unconscionability in the terms, given the sliding-scale Armendariz analysis.

An agreement is substantively unconscionable if it imposes terms that are "overly harsh," "unduly oppressive," "unreasonably favorable," or "so one-sided as to 'shock the conscience.' " (Sanchez v. Valencia Holding Co., LLC (2015) 61 Cal.4th 899, 910-911.) "All of these formulations point to the central idea that unconscionability doctrine is concerned not with 'a simple old-fashioned bad bargain' [citation], but with terms that are 'unreasonably favorable to

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 24

20STCV05113                                                                August 21, 2020
AHMED ISSA vs TESLA, INC.                                                   10:30 AM

Judge: Honorable Patricia D. Nieto          CSR: Olivia Lizarraga #13475
Judicial Assistant: M. Tran                 ERM: None
Courtroom Assistant: M. Quinteros           Deputy Sheriff: None

the more powerful party.' [Citation.]" (Id. at 911.) "These include 'terms that impair the integrity of the bargaining process or otherwise contravene the public interest or public policy; terms (usually of an adhesion or boilerplate nature) that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law, fine-print terms, or provisions that seek to negate the reasonable expectations of the nondrafting party, or unreasonably and unexpectedly harsh terms having to do with price or other central aspects of the transaction.' " (Id. at 911.)

Here, Plaintiff cites to terms he deems to be unconscionable, stating that the terms of a carve out provision lack mutuality. Particularly, the carve-out provision states: "[Issa] and Tesla each have the right to resolve any issue or dispute arising under the Proprietary Information and Inventions Agreement by Court action instead of arbitration." (White Decl., Ex. A, at 3.)

Courts have found an employer-imposed arbitration agreement to be substantively unconscionable when it requires the employee to arbitrate the claims he or she is mostly likely to bring, but allows the employer to go to court to pursue the claims it is most likely to bring. (Carbajal v. CWPSC, Inc. (2016) 245 Cal.App.4th 227, 248; Serafin v. Balco Properties Ltd., LLC (2015) 235 Cal.App.4th 165, 181.)

In Carbajal, the court found that the arbitration agreement at issue was substantively unconscionable "on its face because it requires [the employee] to arbitrate 'any and all disputes' she has with [the employer], but it authorizes [the employer] to 'obtain an injunction from a court of competent jurisdiction' to restrain [the employee] from breaching the Agreement's nondisclosure and exclusive use provisions." (Id. at 249.) Similarly, in Stirlen, the court concluded that the mandatory arbitration provision could "can only realistically be seen as applying primarily if not exclusively to claims arising out of the termination of employment, which are virtually certain to be filed against, not by [the employer.]" (Stirlen, supra, 235 Cal.App.4th. at 1540-1541.) The Stirlen court reached this conclusion on the basis that "[e]mployer claims may be brought in court or submitted to arbitration while claims for violation of employee rights must be arbitrated." (Id. at 1541-1542.)

Indeed, the provision at issue here exempts claims arising under the Proprietary Information and Inventions Agreement, but requires Plaintiff to arbitrate his claims, including employment termination claims. This demonstrates a breakdown of mutuality, where the claims that Tesla is likely to bring are not subject to the agreement, but the claims that Plaintiff is likely to bring are subject to the agreement. This is true even though Plaintiff may also brings claims arising under the PIIA directly to court. Of course, that is illusory, as Plaintiff does not seem likely to bring claims under such an agreement. Therefore, the Court finds that term to be substantively unconscionable.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 24

20STCV05113                                                       August 21, 2020
AHMED ISSA vs TESLA, INC.                                          10:30 AM

Judge: Honorable Patricia D. Nieto          CSR: Olivia Lizarraga #13475
Judicial Assistant: M. Tran                 ERM: None
Courtroom Assistant: M. Quinteros           Deputy Sheriff: None

---

Defendant argues that the term may be severed. Plaintiff argues that the term cannot be severed because it would be tantamount to reformation by augmentation. Thus, the next question is whether the Court may sever the term.

In assessing severability, "Courts are to look to the various purposes of the contract. If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate." (Armendariz, supra, 24 Cal.4th at 124.) The Court should not sever terms where "the central purpose of the [] provision is to evade the statutory protections and limit the remedies available to respondent, as reflected in the numerous specific provisions that are substantively unconscionable." (Armendariz, supra, 24 Cal.4th at p. 124.) "Such multiple defects indicate a systematic effort to impose . . . an inferior forum that works to [the employer's] advantage." (Ibid.) Where there is no single provision that can be stricken to "remove the unconscionable taint from the agreement," trial courts do not abuse their discretion in refusing to enforce the agreement as a whole. (Subcontracting Concepts (CT), LLC v. De Melo (2019) 34 Cal.App.5th 201, 212.)

In Armendariz, the court concluded two factors weighed against severance: (1) the fact that the arbitration agreement contained more than one unlawful provision; and (2) regarding lack of mutuality, the fact that there was "no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement." (Ibid., see also Ramos v. Superior Court (2018) 28 Cal.App.5th 1042, 1068.)

The Court finds Farrar v. Director Commerce, Inc. (2017) 9 Cal.App.5th 1257

instructive in this regard. In Farrar, the arbitration agreement at issue contained an exception for claims arising from the confidentiality agreement between the parties. The trial court found this unconscionable. The Appellate Court agreed, but noted that carve out term was the only term that rendered the agreement unconscionable. (Id. at 1274-1275.) The Farrar court reasoned that that one aspect of the arbitration agreement "is readily remedied... by severing out the exception for claims arising from the confidentiality agreement." (Ibid.) Such a provision did not permeate the contract with unconscionability, and thus should have been reformed in order to eliminate the unsociability. (Ibid.) The Farrar court thus concluded that the trial court abused its discretion by refusing to sever out the offending carve out provision.

First, the Court observes that the Agreement has a severance clause. Further, just like in Farrar,

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 24

20STCV05113                                                          August 21, 2020
**AHMED ISSA vs TESLA, INC.**                                        10:30 AM

Judge: Honorable Patricia D. Nieto          CSR: Olivia Lizarraga #13475
Judicial Assistant: M. Tran                 ERM: None
Courtroom Assistant: M. Quinteros           Deputy Sheriff: None

there is single unconscionable provision of the Arbitration Agreement: the mutual carveout of claims arising under the PIIA. The Court finds that the carveout can be easily severed from the remainder of the Arbitration Agreement which otherwise meets all applicable requirements for enforcement.

Plaintiff argues that the provision cannot be severed. However, cases which denied severance involved arbitration provisions with numerous unconscionable features, such that no single provision could be stricken or the unconscionability permeated through he entire contract. (E.g., Carbajal, supra, 245 Cal.App.4th at 254 [arbitration agreement contained "three substantively unconscionable terms"]; Baxter v. Genworth North America Corp. (2017) 16 Cal.App.5th 737 [refusal to sever unconscionable terms proper where program contained more than one substantively unconscionable provision]; Fitz v. NCR Corp. (2004) 118 Cal.App.4th 702, 727 [affirming denial of motion to compel arbitration because there was no single provision that could be stricken or restricted "to remove the unconscionable taint from the agreement."].) Here, there is a single term which cures the unconscionability. The term, creating an exemption to the agreement's terms, does not infect the remainder of the contract with unconscionability. Thus, the term may be properly severed.

Accordingly, with the unconscionable term severed, the Court finds that there is insufficient unconscionability to render the contract unenforceable.

Conclusion

Defendant meets its burden to demonstrate the existence of an arbitration agreement between the parties that covers Plaintiff's claims. Plaintiff, in turn, fails to demonstrate that the agreement is unconscionable. Defendant's motion is therefore GRANTED and the Court orders Plaintiff's claims to arbitration, as discussed above. The entire action is STAYED pending the completion of the arbitration. (CCP § 1281.4.)

Post-Arbitration Status Conference is scheduled for 08/24/21 at 08:30 AM in Department 24 at Stanley Mosk Courthouse.

Moving party is ordered to give notice.

## PROOF OF SERVICE

I declare that I am employed in the County of Alameda, State of California.  I am over the age of eighteen years and not a party to the within cause; my business address is 901 Page Avenue, Fremont, California 94538.  On the date set forth below, I served the attached:

**DEFENDANT TESLA, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TESLA, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

on the following interested party(s) in said cause:

**Joanne Freeman (jfreeman@bohmwildish.com)**
**Jim Bohm (jbohm@aol.com)**

**[  ] VIA MAIL -- CCP §1013(a), 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Fremont, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

**[  ] VIA OVERNIGHT MAIL/COURIER -- CCP §1013(c), 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service.  I am readily familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

**[X] VIA E-MAIL OR ELECTRONIC TRANSMISSION -- CCP §§1010.6, 1013(e), 2015.5, CRC 2008:**
Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  I am readily familiar with my firm's business practice of processing and transmitting documents via e-mail or electronic transmission(s) and any such documents would be transmitted in the ordinary course of business.

**[  ] VIA HAND DELIVERY -- CCP § 1011, 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day, in the ordinary course of my firm's business practice.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 28, 2022, at San Francisco, California.

_____

WILLIAM NERVIS

PROOF OF SERVICE