**BOHM WILDISH & MATSEN, LLP**
James G. Bohm, Esq. (SBN 132430)
*jbohm@bohmwildish.com*
Joanne P. Freeman, Esq. (SBN 140137)
*jfreeman@bohmwildish.com*
Samuel Hopkins, Esq. (SBN 357266)
*shopkins@bohmwildish.com*
600 Anton Boulevard, Suite 640
Costa Mesa, CA 92626
Tel: (714) 384-6500
Fax: (714) 384-6501
eFile@BohmWildish.com

Attorneys for Plaintiff NAYMON FRANK, an individual

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYMON FRANK, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> TESLA, INC., a corporation; SUZIE HATZIS, an individual; and DOES 1 through 49, *inclusive* <br><br> Defendants. | CASE NO. 2:22-cv-01590-MEMF(AGRx) <br><br> **NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16** <br><br> **Date: May 8, 2025** <br> **Time: 10:00 a.m.** <br> **Dept.: 8B** |

1

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on May 8, 2025 at 10:00 a.m., or soon thereafter as the matter may be heard by the Court, in Courtroom 8B of the United States District Court Central District of California located at 350 West 1st Street, Los Angeles, CA, 90012, Plaintiff Naymon Frank ("Frank" or "Plaintiff") will and hereby does move, pursuant to Title Nine of United States Code Section Ten to: vacate the award issued by Arbitrator Candace D. Cooper in an arbitration administered by the Judicial Arbitration and Mediation Services ("JAMS") (JAMS No. 5220001275).

This motion is and will be made pursuant to 9 U.S.C. § 10(a), and the case law interpreting said Code section, on the following grounds:

1. The resulting Judgment was a result of the arbitrator's misconduct in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of the Plaintiff were prejudiced.

2. The resulting judgment was a result of the arbitrator exceeding their powers.

This motion is and will be based on this notice of motion and motion, the attached memorandum of points and authorities, the pleadings, documents and files on record in this Court for this action, and matters of which the Court must or may take judicial notice, any reply brief that Frank may file, and such other oral and/or documentary evidence and argument as may be presented at or before the hearing of this motion.

Dated: March 7, 2025                         **BOHM WILDISH & MATSEN, LLP**

                                             By: *Samuel Hopkins*
                                                 James G. Bohm, Esq.
                                                 Joanne P. Freeman, Esq.
                                                 Samuel Hopkins, Esq.
                                                 Attorneys for Plaintiff
                                                 NAYMON FRANK

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

2

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

# Table of Contents

I. INTRODUCTION & FACTUAL BACKGROUND ..............................................6

II. LEGAL ARGUMENT..........................................................................................7

   a. The Judgment Entered Against Frank Resulted from the Arbitrator's Misconduct in Refusing to Hear Evidence Pertinent and Material to the Controversy ......................7

   b. The Judgment Entered Against Frank Resulted from the Arbitrator Exceeding Her Power by Granting Summary Judgment When Triable Issues of Fact Exist ................10

   c. The Arbitrator Exceeded Her Power under 9 U.S.C. Section 10(a)(4) by Acting Outside the Scope of the Parties Arbitration Agreement ..............................................14

III. Conclusion .........................................................................................................18

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

3

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

# Table of Authorities

## Cases

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 147 (1970)..................................................10

*Automotive Industries Pension Trust Fund v. South City Motors, Inc.*, 796 F.App'x 393, 395 (9th Cir. 2020) ................................................................................................11

*Coast Trading Co. v. Pacific Molasses Co.*, 681 F.2d 1195, 1198 (9th Cir. 1982) .........14

*Coral Constr. Co. v. King County*, 941 F.2d 910, 918 (9th Cir.1991) ............................12

*Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1363 (9th Cir.1985) .........................................12

*Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1320 (11th Cir. 2012)........12

*Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307–08, (1977)...........................12

*Loyd v. Phillips Bros., Inc.*, 25 F.3d518, 522 (7th Cir. 1994) .........................................12

*Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 830 (9th Cir. 1995) .......14

*Move, Inc. v. Citigroup Global Markets, Inc.* 840 F.3d 1152, 1158 (9th Cir. 2016) 7, 9,11

*Obrey v Johnson* 400 F.3d 691, 694-695 (9th Cir. 2005)................................................13

*Shoen v. Shoen*, 5 F.3d 1289, 1292 (1993). ......................................................................8

*Taylor v. Illinois*, 484 U.S. 400, 411-412 (1988)..............................................................8

*Tolan v. Cotton*, 572 U.S. 650, 656-657 (2014) .............................................................10

*Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994).................................12

*U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir. 2010) ...........8

*United States v. Bryan*, 339 U.S. 323, 331 (1950)............................................................8

*W. Employers Ins. Co. v. Jefferies & Co.*, 958 F.2d 258, 261 (9th Cir. 1992).................14

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

4

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

## Statutes

9 U.S.C. §10(a) ...................................................................................................... 17

9 U.S.C. § 10(a)(4) ..................................................................................... 10, 14, 17

Fed. Rule. Civ. Proc. 26(b) .................................................................................... 15

Fed. Rule. Civ. Proc. 26(b)(2)(A) .......................................................................... 15

Fed. Rule. Civ. Proc. 30 .................................................................................... 8, 16

Fed. Rule. Civ. Proc. 30(a) .................................................................................... 16

Fed. Rule. Civ. Proc. 56(a) .................................................................................... 10

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

5

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION & FACTUAL BACKGROUND

Frank brought his initial complaint on January 14, 2022, in California state court, asserting fourteen causes of action against Tesla for employment related claims. Tesla removed the action to federal court, then compelled arbitration pursuant to a written arbitration agreement. This Court granted Tesla's Motion to Compel Arbitration on June 27, 2022. See *Declaration of Samuel Hopkins in Support of Motion to Vacate Judgment* ("*Hopkins Decl.*"), Exhibit 1.

Before arbitration proceedings began Frank voiced his concern that Tesla has previously successfully limited discovery in arbitration proceedings and would try to limit Frank's ability to obtain relevant and pertinent evidence to aid his claims. See *Hopkins Decl.,* Exhibit 2, at pg 9 ln 8-13. This Court assured Frank that the language used in the Arbitration Agreement signed by Frank and Tesla did not place any limitations on discovery and the Arbitration Agreement entitled Frank and Tesla to "all rights and remedies that Frank or Tesla would be entitled to pursue in a court of law." *Hopkins Decl.,* Exhibit 1 at pg. 13 ln 7-8. In response to Frank's concerns, Tesla's counsel made statements in open court describing how they would assist in making employees available for depositions. *Hopkins Decl.,* Exhibit 1, at pg. 14 ln 6-10.

However, when arbitration proceedings began, it was clear that Tesla pushed to limit the discovery available to Frank. Tesla proposed that depositions be limited to three depositions per party, with an additional deposition of a person most qualified ("PMQ"). See *Hopkins Decl.,* Exhibit 3. Frank submitted his proposed discovery plan, asking that discovery during the arbitration proceeding be consistent with those under the California Code of Civil Procedure, thus giving him all "rights and remedies" he would typically be entitled to in a court of law. *Hopkins Decl.,* Exhibit 3. The arbitrator presiding over the case agreed with Tesla and limited the discovery made available, even though this Court Held that the Arbitration Agreement would not limit Frank's right to discovery and

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

6

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

ensured him the same right to discovery that he would have in a court of law.

During the arbitration proceedings, Frank proposed to depose Troy Jones and Elon Musk, due to their involvement in his termination, however, Frank was unable to obtain depositions from either of these individuals because of the discovery limitation put in place by the arbitrator. See *Hopkins Decl.,* Exhibit 4; see also *Hopkins Decl.,* Exhibit 5.

On January 2, 2024, Tesla submitted a Motion for Summary Judgment or, in the Alternative, Motion for Summary Adjudication; Frank submitted his Opposition to Tesla's Motion on February 7, 2024; on March 25, 2024, the arbitrator submitted her order granting summary judgment against nine of Frank's claims. *Hopkins Decl.,* Exhibit 6.

In the arbitrator's final award, she discussed that although unsuccessful on summary judgment, Frank's claims were not unreasonable or groundless and that Frank **presented sufficient facts** to show that an objectively reasonable person could believe that they had a meritorious claim. (emphasis added); *Hopkins Decl.,* Exhibit 7.

The arbitrator's actions by limiting discovery and refusing to hear evidence material to Frank's claims equate to misconduct under the Federal Arbitration Act, specifically 9 U.S.C. section 10(a), and thus justify a vacatur of the arbitration award. The arbitrator's action by granting summary judgment when triable issues of material fact exist show how she exceeded her power as arbitrator and thus justifies a vacatur of the arbitration award. Lastly, the arbitrator exceeded her power by acting outside of the scope of the arbitration agreement when she agreed to limit discovery in this proceeding and thus justifies a vacatur of the arbitration award.

## II.  LEGAL ARGUMENT

### a. The Judgment Entered Against Frank Resulted from the Arbitrator's Misconduct in Refusing to Hear Evidence Pertinent and Material to the Controversy

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

7

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

The Court may make an order vacating the award upon the application of any party to the arbitration where the arbitrator was guilty of misconduct by refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of a party have been prejudiced. 9 U.S.C. §10(a)(3). In determining whether an arbitrator's misconduct prejudiced the rights of the parties, the court asks whether the parties received a fundamentally fair hearing. *Move, Inc. v. Citigroup Global Markets, Inc.* 840 F.3d 1152, 1158 (9th Cir. 2016). A fair hearing involves notice, an opportunity to be heard and *present relevant and material evidence* and the arbitrators were not infected with bias. *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir. 2010) (*Emphasis* added).

"[The] broad right of discovery is based on the general principle that litigants have a right to 'every man's evidence,' *United States v. Bryan*, 339 U.S. 323, 331 (1950), and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (1993). Discovery minimizes the risk that a judgment will be predicated on incomplete, misleading, or deliberately fabricated testimony." *Taylor v. Illinois*, 484 U.S. 400, 411-412 (1988).

Here, Frank was compelled into arbitration under a written arbitration agreement signed while Frank was employed with Tesla. See *Hopkins Decl.,* Exhibit 8. Frank continuously raised the concern of not being able to conduct adequate discovery as to what is necessary to present material evidence pertinent to his case. *Hopkins Decl.,* Exhibit 2 at pg 8 ln 6-28; pg 9 ln 1-13. The order granting arbitration, ordered by this Court, addressed this concern; however, it assured that the Arbitration Agreement guaranteed both Frank and Tesla "all rights and remedies that Frank or Tesla would be entitled to pursue in a court of law." *Hopkins Decl.,* Exhibit 1 at pg 13 ln 7-8. The Federal Rules of Civil Procedure ("FRCP") state that the plaintiff is entitled to take up to ten depositions without leave of court, and a party could conduct more than ten depositions

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

8

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

with court permission. FRCP Rule 30(a). This Court also stated that the Arbitration Agreement placed no limitations on discovery and thus compelled the parties into arbitration. See *Hopkins Decl.,* Exhibit 1 at pg 13 ln 13-14.

The record indicates that Tesla made the following statements in open court regarding Frank's ability to procure adequate discovery during the arbitration process: (1) Tesla would make Tesla employees available for depositions; (2) typical severance and release agreements of former Tesla employees would not preclude them from providing deposition testimony; and (3) Tesla's counsel will do everything she can to ensure that former Tesla employees appear for their deposition. See *Hopkins Decl.,* Exhibit 1 at pg 14 ln 6-10.

Although this statement was made in open court, Tesla did not deliver on said promise. For example, Frank sent out a deposition notice to Elon Musk, CEO of Tesla, to which Tesla's counsel responded with an objection, stating that the Notice seeks testimony beyond the permissible scope of discovery that is not likely admissible, not material to proof of claims and defenses raised in the pleadings, not relevant to the subject matter, and not calculated to lead to the discovery of admissible evidence. See *Hopkins Decl.,* Exhibit 9. Additionally, Tesla suggested that depositions be limited to three depositions per party and an additional deposition for a person most qualified ("PMQ"). See *Hopkins Decl.,* Exhibit 3. A concern that Frank stated directly in his Opposition to Tesla's Motion to Compel Arbitration. See *Hopkins Decl.,* Exhibit 2 at pg 9 ln 8-13.

Contrary to Tesla's claims, additional depositions would indeed prove fruitful and relevant to Frank's claims considering he alleges Mr. Musk demanded Frank's termination. It would also be valuable to show whether there was a systemic pattern of mistreating African American employees in management at Tesla. Frank alleges in his complaint that Tesla engaged in discriminatory practices and harassment under FEHA; additional depositions of supervisors such as Mr. Musk, Troy Jones, and others that worked with Frank would prove crucial to Frank's ability to present relevant and material

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

9

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

evidence about his claims. Limiting Frank's ability to obtain this critical information and evidence prejudiced the rights of Frank and forbade him from receiving a fundamentally fair hearing. *Move, Inc., supra*, 840 F.3d 1152, 1158 (9th Cir. 2016).

Here, the Arbitrator restricted discovery by limiting depositions to three depositions per party and any additional depositions would require a showing of good cause. In the "Proposed Discovery Plan by Each Party" Frank expressed his desire to abide by the discovery rules consistent with the California Rules of Civil Procedure, which does not put a limit on the number of persons each party can depose. See *Hopkins Decl.,* Exhibit 3. In the proposed discovery plan, Frank explained that there were twelve individuals that he would like to depose in order to obtain the necessary material evidence needed to present his case and have a fair hearing. Considering Frank worked in various locations throughout Southern California and the Southwest United States, the additional desired depositions of managers, colleagues and Tesla employees would indeed be beneficial towards Frank's ability to produce relevant evidence. These managers and supervisors would be able to testify on record the reasonings that Frank was not chosen for supervising positions, while other less-experienced employees were promoted in his place. These findings would be essential to Frank's ability to present relevant material evidence and crucial to his ability to obtain a fair hearing. The arbitrator's decision to limit the discovery available to Frank should constitute misconduct because it unfairly prejudiced him by refusing him a fair opportunity to be heard.

### b. The Judgment Entered Against Frank Resulted from the Arbitrator Exceeding Her Power by Granting Summary Judgment When Triable Issues of Fact Exist

The Court may make an order vacating the award upon the application of any party to the arbitration where the arbitrator exceeded their powers. 9 U.S.C. § 10(a)(4). Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. Rule

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

Civ. Proc. 56(a). All reasonable inferences must be drawn in favor of the opposing party and summary judgment cannot be granted when the facts are susceptible to more than one reasonable inference. *Tolan v. Cotton*, 572 U.S. 650, 656-657 (2014); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 147 (1970); see also *Hopkins Decl.,* Exhibit 6 at pg 7.

An Arbitrator's power to rule on a motion for summary judgment depends on whether the arbitration rules forbid such a ruling and whether the procedures provided give the parties a "full and equal opportunity" to present evidence and arguments. *Automotive Industries Pension Trust Fund v. South City Motors, Inc.*, 796 F.App'x 393, 395 (9th Cir. 2020).

Throughout the course of this litigation, Frank has consistently shown that there are disputes of material facts surrounding the issue presented in his complaint. Frank's complaint included multiple FEHA claims that Tesla and its Regional Manager, Suzie Hatzis, harassed and discriminated against Frank because he is black, an issue that was dismissed by the arbitrator ruling against it in her order granting in part Tesla's Motion for Summary Judgment. See *Hopkins Decl.,* Exhibit 10; see also *Hopkins Decl.,* Exhibit 6. Despite the arbitrator ruling that no dispute existed as to the facts surrounding this claim, Frank provided evidence to the contrary. For example, Frank testified that Hatzis asked him to impersonate being a manager at Tesla to placate a back customer. *Hopkins Decl.,* Exhibit 11, at 139: 3-17. That fact could cause a reasonable person to believe that he or she was being discriminated against because he or she were black.

Additionally, although Hatzi was not manager at the Brea store, she interfered with Frank's promotion to Assistant Manager at that location by convincing other employees to vote against Frank's promotion. *Hopkins Decl.,* Exhibit 11 at 128: 7-11; 143:7-144:6. Frank believes Hatzi had influence over Tesla Management at the Brea location and that is the reason as to why he was not given the promotion, this evidence could have been obtained if Frank was granted the right to a fundamentally fair hearing. *Hopkins Decl.,* Exhibit 11 at 131:11-24; *Move Inc., supra,* 840 F.3d 1152, 1158 (9th Cir. 2016). Frank

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

11

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

additionally provided the statements of fellow colleagues who believed that Frank was discriminated and harassed against on the basis of his race. Matthew O'Conner, a colleague whom Frank trained, stated "In my opinion and personal observation because he was black 1) Naymon Frank was unfairly treated during most of his career at Tesla; 2) Naymon Frank had a target on his back; and 3) Managers at the regional level worked hard to get Naymon Frank out of Tesla." *Hopkins Decl.,* Exhibit 12.

There were both circumstantial evidence and statistical evidence supporting Frank's FEHA claims. Circumstantial evidence, also known as indirect evidence, requires the fact finder to make an inference or presumption. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1320 (11th Cir. 2012). "Circumstantial evidence can include suspicious timing, inappropriate remarks, and comparative evidence of systematically more favorable treatment toward similarly situated [individuals] not sharing the protected characteristic…." *Loyd v. Phillips Bros., Inc.*, 25 F.3d 518, 522 (7th Cir. 1994); *accord Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994). Asking Frank to impersonate a manager to give the false impression to a black customer there were black managers, passing him up five times for promotion in favor of white employees and calling him "intimidating" when that can reasonably be related to race/color are all examples of circumstantial evidence that support Frank's FEHA claims.

As to statistical evidence, "[i]n a case in which the plaintiff has alleged that his employer has engaged in a "pattern or practice" of discrimination, "[s]tatistical data is relevant because it can be used to establish a general discriminatory pattern in an employer's hiring or promotion practices. Such a discriminatory pattern is probative of motive and can therefore create an inference of discriminatory intent with respect to the individual employment decision at issue." *Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1363 (9th Cir.1985); see also *McDonnell Douglas*, 411 U.S. at 805 n. 19, ("The District Court may, for example, determine, after reasonable discovery that the (racial) composition of defendant's labor force is itself reflective of restrictive or exclusionary practices.")

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

12

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

1 (internal quotation marks omitted); *Coral Constr. Co. v. King County*, 941 F.2d 910, 918 (9th Cir.1991) ("[F]or purposes of Title VII, '[w]here gross statistical disparities can be shown, they alone may in a proper case constitute prima facie proof of a pattern or practice of discrimination.' ") (quoting *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307–08, (1977)); *Diaz*, 752 F.2d at 1363 ("In some cases, statistical evidence alone may be sufficient to establish a *prima facie* case.... Even when not sufficient to establish a *prima facie* case, statistical evidence is helpful in showing that an employer's articulated reason for the employment decision is pretextual ...." (citations omitted))." *Obrey v Johnson* 400 F.3d 691, 694-695 (9th Cir. 2005).

Kristina Holt, a regional manager for Tesla, testified in her deposition that currently there are no African American store managers in her region. *Hopkins Decl.,* Exhibit 13 at 18:2-6. Holt further testified that there are no African American **assistant** store managers at any sales site in her territory. *Hopkins Decl.,* Exhibit 13, at 18:23-19:5. Holt testified that there are currently no African American customer experience managers at any sales site in her territory. *Hopkins Decl.,* Exhibit 13, at 20:12-15. Holt said that there were no African American regional managers, customer experience managers, or general managers during her time as a regional manager. *Hopkins Decl.,* Exhibit 13, at 26:7-25; 27:15-19. During Holt's entire time as a **regional manager**, she only recalls one African American in a managerial role. *Hopkins Decl.,* Exhibit 13, at 28:11-17. During Holt's **entire time** at Tesla, she only recalls one African American general manager. *Hopkins Decl.,* Exhibit 13, at 29:4-16.  In Frank's deposition, he explains that during training calls (i.e. on a platform that had video), the only black face that he saw was his own. *Hopkins Decl.,* Exhibit 11, at 157:24-158:11. Frank clarifies in his deposition that he thought he was the only black manager in his market. *Hopkins Decl.,* Exhibit 11, at 157:24-160:4.  Izabela Miric confirmed during her deposition that there are very few black managers at Tesla. *Hopkins Decl.,* Exhibit 14, at 51:21-55:13.

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

13
NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

These statements prove that a genuine dispute as to the material facts of Frank's claims exist, therefore viewing the evidence in the light most favorable to Frank, an arbitrator would not be justified in granting summary judgment in regard to any racial discrimination and harassment claim Frank alleged in his complaint. The arbitrator even stated that Frank presented sufficient facts to show that an objectively reasonable person could believe that they had a meritorious claim. *Hopkins Decl.,* Exhibit 7.

The granting in part of Tesla's Motion for Summary Judgment over a handful of disputed claims shows how the arbitrator exceeded her power and infringed on Frank's right to have a fundamentally fair hearing.

Additionally, Frank voiced his concern about Tesla trying to limit his right to discovery, and ultimately this limitation, that was reinforced by the arbitrator denied Frank a "full and equal opportunity" to present evidence. If Frank would have been allowed to depose the individuals listed in the "Proposed Discovery Plan," he would have even more material evidence to present to support the fact that these issues are disputed. Not only did the arbitrator exceed her authority by granting in part Tesla's Motion for Summary Judgment, she exceeded her power by limiting Frank's ability to have a full and equal opportunity to present evidence.

### c. The Arbitrator Exceeded Her Power under 9 U.S.C. Section 10(a)(4) by Acting Outside the Scope of the Parties Arbitration Agreement

The Court may vacate an arbitration award where the arbitrator exceeded their powers. 9 U.S.C. § 10(a)(4); *Coast Trading Co. v. Pacific Molasses Co.*, 681 F.2d 1195, 1198 (9th Cir. 1982). A party has "a right to arbitration according to the terms for which it contracted." *W. Employers Ins. Co. v. Jefferies & Co.*, 958 F.2d 258, 261 (9th Cir. 1992). Arbitrators exceed their powers for purposes of § 10(a)(4) when they act outside of the scope of the parties' contractual agreement. *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 830 (9th Cir. 1995).

Here, the arbitrator did not abide by the terms of the arbitration agreement when

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

14

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

she decided to limit the scope of discovery allowed to be procured by Frank. The arbitrator exceeded their powers by refusing to abide by the terms of the arbitration agreement and by limiting the scope of discovery. This discovery limitation was prejudicial to Frank's claims and resulted in an unfair opportunity to present his case.

The Arbitration Agreement specifically guarantees Frank and Tesla the "rights and remedies that they would be entitled to pursue in a court of law. See *Hopkins Decl.,* Exhibit 8. The Arbitration Agreement also states that the arbitrator shall have authority to *compel* adequate discovery. *Ibid.* (Emphasis added.) Compelling discovery is not synonymous with limiting discovery. The Arbitration Agreement is silent on the arbitrator's authority to limit discovery by any means, and this Court agrees with that interpretation. See *Hopkins Decl.,* Exhibit 1, at pg. 13 ln 13-15 ([T]he Court finds that Tesla's Arbitration Agreement does not place limitations on discovery. The only provision related to discovery state that 'the arbitrator shall have authority to compel adequate discovery.')

This Court ruled in its order granting Tesla's Motion to Compel Arbitration that the terms and language of the Arbitration were very clear and did not limit the scope of discovery by either party. See *Hopkins Decl.,* Exhibit 1 at pg 13 ln 11-23. Frank continuously raised concerns that he would not be able to enjoy the plethora of discovery rights that he would enjoy in federal court if compelled to arbitrate. See *Hopkins Decl.,* Exhibit 2, at pg 2 ln 25-28; pg 8 ln 8-10; pg 9 ln 8-13.

Although Frank voiced these concerns and highlighted how Tesla has limited discovery in past arbitration hearings, this Court assured Frank that his right to discovery would not be limited. In ruling on Tesla's Motion to Compel Arbitration, this Court found that the language of the Arbitration Agreement between Frank and Tesla did not limit Frank's ability to obtain discovery. See *Hopkins Decl.,* Exhibit 1, at pg. 13 ln 13-14. This Court stated, the Arbitration Agreement placed no limitations on discovery and both Frank and Tesla would enjoy "all rights and remedies that Frank or Tesla would be

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

15

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

entitled to pursue in a court of law." See *Hopkins Decl.*, Exhibit 1, at pg 13 ln 7-8. All rights and remedies that Frank is entitled to pursue in a court of law includes the right to depose individuals who have relevant information to Frank's claims or defense. Fed. Rule. Civ. Proc 26(b). There were no court orders, which is required under FRCP 26(b)(2)(A), that limited Frank's right to obtain discovery, thus, Frank was entitled to all rights and remedies that he would be entitled if in federal court. However, this was not the case.

After the Court ordered Frank be compelled to arbitrate his claims, with the guarantee that he would retain all rights and remedies that he is entitled to in a court of law, the arbitrator proceeded to disregard the governing Arbitration Agreement and act outside the scope of the contract between Frank and Tesla. The terms of the Arbitration Agreement, which would allow the parties to abide by the discovery rules under California Code of Civil Procedure (or by the Federal Rules of Civil Procedure) was not followed by the arbitrator. The arbitrator stated that she would allow two depositions per side without a showing of good cause, and any additional deposition would require a showing of good cause. See *Hopkins Decl.*, Exhibit 15. This is a significant limitation compared to the discovery rights under FRCP Rule 30, which allows for ten depositions to be taken without permission from the court. Fed Rule Civ. Proc. 30(a). The arbitrator also stated that she would be willing to allow a certain number of depositions if the parties mutually agreed on a number. See *Hopkins Decl.*, Exhibit 15. When provided with a proposed discovery plan, each party was allowed to suggest their recommendations as to how discovery was to be carried out. Frank's position was consistent with both the Federal Rules of Civil Procedure and with California Code of Civil Procedure, which allows for ten depositions to be taken and any additional depositions to be allowed by a showing of good cause. See *Hopkins Decl.*, Exhibit 3. Similar to its previous arbitration hearings, Tesla suggested that depositions be limited to three per side and any additional depositions must be approved by the arbitrator. See *Hopkins Decl.*, Exhibit 3. The

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

16

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

arbitrator agreed with Tesla and limited discovery to three depositions per party and any additional depositions must be proven by the party showing good cause. See *Hopkins Decl.,* Exhibit 16. The arbitrator's actions by refusing to follow the terms outlined in the Arbitration Agreement were outside the scope of her authority as arbitrator and thus prove she exceeded her power.

This Court bears witness to the concerns that Frank expressed in his Opposition to Tesla's Motion to Compel Arbitration. Specifically, being unable to conduct adequate and effective discovery due to limitation by the arbitrator, concern about ambiguity of the term "adequate discovery," and concern that Tesla would use its habitual tactics of asking for limitations on discovery to suppress any additional information that supports Frank's claims. This Court assured that Frank would be entitled to all the rights and remedies that he would be entitled to in a court of law and specifically stated that the arbitration agreement did not place a limit discovery. However, the record shows that Frank's ability to obtain adequate discovery was indeed restricted. Arbitration resulted in a limitation of discovery well beyond the rights that are granted to a party in a court of law.

Ultimately, the actions taken by the arbitrator in limiting the discovery process during arbitration exceeded the bounds of her power under 9 U.S.C. § 10(a)(4). Additionally, the arbitrator's decisions in limiting discovery were outside of the scope of the governing terms of the arbitration agreement and thus justify a vacatur of the arbitration award.

///
///
///
///
///
///

Bohm Wildish & Matsen, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

17
NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

### III. Conclusion

For the foregoing reasons, this Court should vacate the arbitration award entered into on the grounds that that the arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy or that the arbitrator exceeded her powers under 9 U.S.C. §10(a).

Dated: March 7, 2025                     **BOHM WILDISH & MATSEN, LLP**

By: *Samuel Hopkins*
James G. Bohm, Esq.
Joanne P. Freeman, Esq.
Samuel Hopkins, Esq.
Attorneys for Plaintiff
NAYMON FRANK

BOHM WILDISH & MATSEN, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

18
NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16

# PROOF OF SERVICE
*Naymon Frank vs. Tesla, Inc., Suzie Hatzis, et al.*
(UNITED STATES DISTRICT COURT, Central District Case No. 2:22-cv-01590-MEMF(AGRx))

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am over 18 years of age and not a party to this action. My business address is 600 Anton Boulevard, Suite 640, Costa Mesa, California 92626. On **Friday, March 7, 2025**, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND RELIEF FROM JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAMUEL HOPKINS; EXHIBITS 1-16**

I served the above-referenced document(s) on the following person(s) in the following manner:

| | |
|---|---|
| Kiran S. Lopez, Esq. (SBN 252467)<br>*Senior Litigation Counsel, Employment*<br>**TESLA, INC.**<br>31353 Huntwood Avenue<br>Hayward, CA 94544<br>(510) 239-1413<br>kirlopez@tesla.com;<br>lflegenheimer@tesla.com *(Lisa, Paralegal)* | ***Attorneys for Defendants TESLA, INC. and SUZIE HATZIS*** |

☒ **ELECTRONIC SERVICE [*e-Service*] VIA PACER (CM/ECF SYSTEM)**: On **Friday, March 7, 2025**, I caused the above-referenced document(s) to be electronically served by submitting the electronic version of the document(s) to **PACER (CM/ECF SYSTEM)**, through the web interface at https://pacer.login.uscourts.gov which caused the documents to be sent by electronic transmission to the addressee(s) listed on the service list. The transmission was reported as complete from email address cacdecfmail@cacd.uscourts.gov and without error.

I declare under penalty of perjury under the laws of the State of California that the above statements are true and correct. Executed on **Friday, March 7, 2025** at Costa Mesa, California.

*Cynthia Lopez*
Cynthia Lopez

BOHM WILDISH & MATSEN, LLP
600 Anton Boulevard
Suite 640
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

PROOF OF SERVICE